## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JAMES CODY, *et al*, individually and on behalf of other similarly situated individuals, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 4:17-cv-2707-AGF |
| CITY OF ST. LOUIS, ) ) | |
| Defendant. ) | |

**PLAINTIFFS' MOTION TO COMPEL AND REQUEST FOR SANCTIONS**

Plaintiffs, by and through undersigned counsel, bring this Motion to Compel and Request for Sanctions against Defendant City of St. Louis to remedy the City's repeated delays and obstruction of meaningful discovery in this litigation, for the reasons set forth below:

### Introduction

Plaintiffs' claims against the City of St. Louis are based on documentation almost entirely in the City's control or possession. Plaintiffs' claims relate to inhumane conditions at the City's largely pretrial jail facility, conditions that have life or death consequences[1] for individuals' incarcerated within the jail's cages. Plaintiffs filed suit in November 2017 and have worked diligently to move the case forward in light of the urgency of the issues before this Court.

---

[1] In just the latest set of deaths at the Workhouse, two individuals died at the Workhouse since May 2018: On May 22, Andre Jones was found hanging by his bed sheets in his jail cell. *See* "Inmate found hanging from bed sheet at City Workhouse in apparent suicide," St. Louis Post-Dispatch, May 22, 2018, available at https://www.stltoday.com/news/local/crime-and-courts/inmate-found-hanging-from-bed-sheet-at-city-workhouse-in/article_2d50e95f-77dc-5754-a91b-ce7fe14d2905.html. On August 1, 2018, an individual incarcerated pretrial died of a drug overdose at the Workhouse. *See* Kim Bell, "St. Louis Inmate Dies After collapsing at City Workhouse," St. Louis Post-Dispatch, August 2, 2018, available at https://www.stltoday.com/news/local/crime-and-courts/st-louis-inmate-dies-after-collapsing-at-city-workhouse/article_062b738c-885b-5648-be51-a13d9de637c1.html.

While Plaintiffs awaited the City of St. Louis's responses to their first sets of discovery requests by the June 2, 2018 deadline, the jail's Custodian of Records was instructed by St. Louis's Corrections Commissioner to move the jail's records—over 400 boxes of documents—into a shipping container in the Medium Security Institute (the "Workhouse") parking lot. Plaintiffs' counsel did not learn about the existence of these records, or that they had been moved, until four months later. The City missed its June 2 deadline and Plaintiffs, in good faith, consented to multiple extensions[2] to allow the City time to respond to discovery. When the City did respond, it broadly objected to every interrogatory and all but four of the requests for production of documents, produced no additional documents, and referred instead in general terms to broad ranges of documents already produced with initial disclosures.[3] The City's lack of discovery production and cooperation in the process necessitated a meet and confer call on July 20, 2018. During that call, the City disclosed that most of the documents and information responsive to Plaintiffs' discovery requests had been moved into a disorganized, un-indexed mess inside a shipping container for Plaintiffs to unscramble themselves. The City admitted later at deposition that it "lost intellectual control" of those documents once moved and that it could take months to locate files related to the Workhouse. This misconduct, in addition to the City's failure to (1) answer interrogatories; (2) provide complete disclosures; (3) produce Electronically Stored Information; and (4) permit a complete expert witness inspection of the Workhouse, necessitates sanctions and an order compelling the City's participation in this litigation.

---

[2] *See* Ltr. Extending RFP Response, June 4, 2018, attached as Ex. I to ECF No. 41; *See* Emails Consenting to Extension, June 29, 2018, attached as Ex. M to ECF No. 41.
[3] *See E.g.* Response to Question 3 (Q: Documents indicating whether any of your employees who have worked at the Workhouse during the Time Period attempted to report, observe, identify, assess, evaluation, eliminate or fix of the purported conditions; Response: Objection … please see previously produced documents Bates labeled CITY 000051 through CITY 3998), Pls.' Memo. in Support, attached as Ex. Y to ECF No. 41.

**Factual Background**

1. At the February 27, 2018 scheduling conference, this Court instructed both parties to perform due diligence to ensure each and every witness and custodian of information and documents related to Plaintiffs' claims was not only disclosed, but also notified of their duties to preserve and search those records.

2. In its Case Management Order ("CMO"), the Court ordered the parties to exchange Rule 26 initial disclosures no later than March 30, 2018. *See* ECF No. 16.

3. Plaintiffs met this deadline, but the Defendant did not. Instead, Defendant, on April 6, 2018, served deficient disclosures listing only five (5) witnesses and including a randomized set of 4000+ pages of documents. *See* Def.'s Initial Disclosures, Exhibit D to Pls.' Memo in Support, ECF No. 41. The vast majority of the initial disclosures were the same documents the City produced in another case around the same time involving a suit by individuals incarcerated at the Workhouse against the city with distinctly different claims.[4]

4. Thereafter, Defendant failed or refused to answer Plaintiffs' First Set of Interrogatories, served on Defendant on May 22, 2018, which sought, among other things, a list of all current and former Workhouse employees who may have information about Plaintiffs' claims.

5. At all times relevant, Defendant City has also failed or refused to disclose and produce the following types of documents, more fully described in Plaintiff's Memorandum in Support filed herewith, and include:

- Relevant Division of Corrections Policies
- MSI Maintenance Orders and related documentation;

---

[4] *See* Destiny Payne v. St Louis et al., Case No. 4:17-cv-01769-AGF (allegations concerning policy of over-holding individuals at the Workhouse whose sentences are complete, rather than a jail conditions claim).

- Schematics of the jail, especially documents related to the HVAC system;
- Unit Inspections;;
- Memoranda and documentation related to cleanliness and maintenance inspections;
- MSI Bakery Permit and documentation related to the kitchen;;
- MSI Temperature Logs;
- Environmental and safety round reports;
- Inmate Complaints (after disclosing that a fourth box of complaints was found);
- Use of force reports and any videos related to the use of force;
- Any investigation, video or other records related to deaths at the Workhouse;
- Incident report logs and all incident reports, including related video; and
- All E.S.I. related to Plaintiffs' claims, especially relevant emails.

6. Finally, on August 29, 2018, Defendant refused to permit Plaintiffs' expert witness Eldon Vail from performing a complete on-site inspection of the Workhouse by denying him access to certain areas of the facility.

7. Defendant has thus failed to fulfill their obligations to participate in discovery under Fed. R. Civ. P. 26, 33, and 34.

8. As a further result of Defendant's failure, Plaintiffs have suffered and continue to suffer extreme prejudice including: (i) inability to schedule depositions of witnesses; (ii) extending the original CMO timeline; (iii) inability to provide expert witnesses necessary documents for review in advance of the rapidly-approaching disclosure deadline; and (iv) an inability to discuss search terms for email discovery.

9. Plaintiffs presently seek the following from this Court: (1) an order compelling the City to fully supplement their initial disclosures, interrogatory answers, and document production; (2) an order compelling the City to index and produce relevant documents from the shipping container; and (3) an order sanctioning the City for obstructing the discovery process by

placing responsive materials among 400-plus boxes inside a shipping container after litigation commenced and after Plaintiffs' discovery requests had been served, and for otherwise failing to properly engage in discovery.

10. In support of this motion, Plaintiffs hereby incorporate by reference their Memorandum in Support of Plaintiffs' Motion to Compel and Request for Sanctions (ECF Doc. 41) as if fully set forth herein, which provides additional factual and legal support upon which the Court can readily grant Plaintiffs' instant motion.

11. If Plaintiffs' motion is granted in whole or in part, Plaintiffs request leave to file an Affidavit of Attorney Fees to recover their reasonable attorney fees incurred as a result of Defendant's misconduct.

12. For these reasons, and for the reasons set forth in Plaintiff's Memorandum in Support accompanying this motion, Plaintiffs request this Court grant the instant motion pursuant to Fed. R. Civ. P. 37 and pursuant to this Court's inherent authority to compel participation in discovery.

WHEREFORE, Plaintiffs respectfully pray this Court grant their Motion to Compel and Request for Sanctions by providing the following relief:

(A) Entry of an Order compelling Defendant to supplement its Rule 26 disclosures with the names and contact information for all possible witnesses with information relevant to Plaintiffs' claims;

(B) Entry of an Order compelling Defendant to produce all documents, Electronically Stored Information, and tangible evidence relevant to Plaintiffs' claims or Defendant's defenses;

(C) Entry of an Order compelling Defendant to fully answer Plaintiffs' First Set of Interrogatories;

(D) Entry of an Order compelling Defendant to produce all documents requested in Plaintiffs' First and Third Requests for Production, including locating and producing any documents that are currently in the City's

                shipping container filled with approximately 400 boxes of un-indexed records;

(E)      Entry of an Order compelling Defendant to produce documents requested in Plaintiffs' Fourth Request for Production;

(F)      Entry of an Order sanctioning Defendant for their dilatory conduct of moving previously-organized records into a disorganized state inside a shipping container, and for their deficient initial disclosures, by ordering that Defendant not use any evidence that they failed to disclose to Plaintiffs, pay Plaintiffs' reasonable attorneys fees and expenses, and fully index and produce any relevant documents in their possession that are currently stored in the shipping container;

(G)      Entry of an Order sanctioning Defendant for their failure to comply with discovery obligations by striking their pleadings, waiving objections to interrogatories and Plaintiff's Fourth Request for Production, and awarding Plaintiffs' reasonable attorneys' fees to be submitted; and

(H)      For such other and further relief as this Court deems just and proper under the circumstances.

## CERTIFICATION PURSUANT TO LOCAL RULE 3.04

Pursuant to Local Rule 3.04, counsel for Plaintiffs have attempted several times to meet and confer with counsel for Defendant in good-faith efforts to resolve the discovery matters that are the subject of this motion. Correspondence memorializing undersigned counsel's various efforts on June 2, 2018; June 29, 2018; July 13, 2018; and July 20, 2018 is outlined with supporting exhibits in the Memorandum in Support of this Motion (ECF No.41). Additionally, oral discussions (telephonic or in-person) were attempted unsuccessfully numerous times. As a result, this Court's intervention is necessary.

Dated: September 6, 2018                Respectfully submitted,

                                            **ARCHCITY DEFENDERS, INC.**

                                            By: /s/ *Sima Atri*
                                                Blake A. Strode (MBE #68422MO)
                                                Michael-John Voss (MBE #61742MO)
                                                Jacki Langum (MBE #58881MO)

>Nathaniel R. Carroll (MBE #67988MO)
>Sima Atri MBE (MBE #70489MO)
>John M. Waldron (MBE #70401MO)
>440 N. 4th Street, Suite 390
>Saint Louis, MO 63102
>(855) 724-2489
>(314) 925-1307 (fax)
>bstrode@archcitydefenders.org
>mjvoss@archcitydefenders.org
>jlangum@archcitydefenders.org
>ncarroll@archcitydefenders.org
>satri@archcitydefenders.org
>jwaldron@archcitydefenders.org
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that notice of the foregoing and a copy of the same was distributed via this Court's ECF/PACER electronic filing notification system to all counsel of record on this 6th day of September, 2018.

/s/ *Sima Atri*