**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES CODY, *et al*, individually and on behalf of other similarly situated individuals, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:17-cv-2707-AGF |
| CITY OF ST. LOUIS, | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR TELEPHONIC HEARING**

Plaintiffs request that this court schedule a telephonic hearing as soon as possible in order to resolve continuing discovery disputes and allow Plaintiffs to access the discovery necessary to litigate this urgent case and to comply with this Court's Scheduling Order, especially Plaintiffs' October 24th expert report production deadline. *See* Pl. Motion for Sanctions and to Compel and Memorandum, ECF Nos. 40, 41.

Plaintiffs have worked hard to resolve the continuing discovery conflicts described in Plaintiffs' Motion to Compel. Plaintiffs' Counsel met and conferred with the City's Counsel, in person, on September 21, 2018 subsequent to this Court's September 18, 2018 order. Although a conversation occurred and a small number of new commitments were made, substantial discovery conflicts remain, making it impossible for Plaintiffs to meaningfully litigate this case.

**Discovery Conversations and Commitments Since Filing of Plaintiffs' Motion to Compel**

Pursuant to this Court's order, Plaintiffs' and Defendant's Counsel met in person on September 21, 2018 to discuss issues raised in Plaintiffs' Motion to Compel. *See* ECF

No. 40. At the meet and confer, Plaintiffs' counsel followed up from an earlier initially productive meet and confer in July 2018, which ultimately resulted in very little additional document production. Parties also discussed the issues at the core of this motion for telephonic hearing related to who would search and produce documents that the City states are currently stored in the shipping container outside of the Workhouse.

At the September 21 meet and confer, the City stated that it was unclear on what documents Plaintiffs continued to believe were outstanding. This is in direct conflict with conversations and commitments made during parties' earlier meet and confer on July 20, 2018. On July 20, parties went through each Request from Plaintiffs' First and Third Requests for Production and First Interrogatories and addressed Defendant's objections. *See* Notes from July 20, 2018 Meet and Confer, attached as Ex. A*; also see* Affidavit from Sonya Levitova attesting to the notes, attached as Ex. B. Counsel came to agreements about what would be produced and agreed to specific deadlines.[1] *See* Notes from July 20, 2018 Meet and Confer, attached as Ex. A.

After much discussion, the City agreed to continued production of documents based on the commitments made during parties' July 20, 2018 meet and confer, but again stated that these documents likely exist "in the shipping container." The City stated that Plaintiffs could search the continue for the documents, and pointed to the index it

---

[1] For example, the City specifically states in relation to heat and temperature records that Plaintiffs are "entitled to get those records and we'll have copies forwarded to us and get those to you as they're made…in two weeks." The City also explained that some records may not exist and Plaintiffs requested "a confirmed written statement that lets us know that the logs from Initial Disclosures are everything that exists from the past." No records or written confirmations have been provided to Plaintiffs. Another example, Plaintiffs First RFP #18 requests communications by employees about purported conditions, the City states "I was told that I could check with DPS or City Dept to see if they have anything, I will do that to see if they have anything from our employees" or in response to First RFP #30 "were' in the process of gathering line item budget information about things that [they] want fixed at MSI." No records have been produced. Throughout the meet and confer, there were also references to the fact that some records were broadly "in the shipping container," or "in the [9 inmate complaint] boxes." *See* Ex. A.

1

provided to Plaintiffs' Counsel describing what documents existed in the shipping container. *See* Defendant's Shipping Container Index, attached as Ex. C. Plaintiffs described the barebones nature of this index[2] making it impossible to fine a specifically requested and agreed to document without searching through hundreds of boxes of documents stored in the shipping container. The index does make clear that there are 348 copy boxes, 8 bankers boxes, and 67 "large grey tubs" of stored documents. *See* Ex. C. Plaintiffs explained that since this form of "production" is not compliant with Rule 34, Plaintiffs had not requested access to the shipping container to find requested documents.

During the September 21 meet and confer, Defendant Counsel offered a proposal to index the shipping container and then allow Plaintiffs' counsel to search for responsive outstanding discovery requests using the new index. Defendant Counsel explained that this indexing of documents would take 35 days. Plaintiffs stated that they would not necessarily agree to this proposal as Plaintiffs' consistent position has been that the City has the burden of production unless records are kept in their usual course of business in an organized way, but asked the City to send a written proposal they believe was compliant with Rule 34. Plaintiffs reminded the City of the fact that files were moved to and disorganized in the shipping container after the start of litigation, and also pointed to the City's Custodian of Records' deposition where the Custodian stated that she had "lost intellectual control" over the City's records. *See* Lambing Deposition, attached to ECF No. 41, Ex. KK.

---

[2] For example, the index does not make it clear what boxes refer to documents from MSI or CJC (the City's other jail) nor what specific documents are in each box. In addition, where description of box contents exists, the index only states how many boxes have those documents, not which boxes have each set of documents.  *See* Ex. C.

Plaintiffs' and Defendant's counsels also discussed ESI production. To date, the City has failed to produce any electronic information, including email communication regarding purported conditions at the Workhouse. Defendant's Counsel stated that Plaintiffs' email search terms and connectors would likely result in a burdensome number of emails to produce. Parties agreed to run an initial "hit" search to see how many emails would result from a search of ten representative search terms and connectors across the City's email database and in Workhouse management's individual email accounts. Defendants offered a list of current Workhouse management to run a search of those individuals' emails. Plaintiffs' raised the issue that an employee list remains outstanding, making it very difficult for Plaintiffs to outline what email accounts they would like searched. Neither employee lists nor this "hit search" has been completed by the City, to date.

There was forward movement on some outstanding discovery issues following the September 21, 2018 meet and confer. Defendants committed to producing policies requested by plaintiffs and approximately a dozen policies were produced on September 24th. However, there are still a number of relevant policies outstanding. Plaintiffs specifically requested these policies in their Third Request for Production and again by email and have yet to receive them. *See* Plaintiff's Email to Defendant Outlining Specific Outstanding Discovery (discussed during the earlier July 20, 2018 meet and confer), attached as Ex. F.

On September 24th, the City shared its written proposal for the indexing of documents in the shipping container. *See* Defendant's Proposal to Index the Shipping Container, attached as Ex. D. Plaintiffs cannot agree to this proposal as documents

3

continue not to be produced in their usual course of business and the proposal continues to put the burden of searching through a *storage bin with hundreds of boxes of disorganized records* to search for a narrow set of relevant documents. Plaintiffs outlined their reasoning—based on consistent law that places the burden on the holder of the documents to properly produce them when documents have been disorganized and placed into storage—in an email to the City on October 1, 2018. *See* Plaintiff's Email Following Up on Additional Discovery Issues on October 1, attached as Ex. E. Plaintiffs offered an alternative proposal requiring that the City produce the specific documents that were agreed to in the earlier July 20th meet and confer or alternatively to organize and index the container and then share with Plaintiffs what documents requested are in which boxes in the shipping container. *See* Ex. E.

On September 27, 2018, Defendant's Counsel served Plaintiffs with Requests for Production for named Plaintiffs. Plaintiffs' Counsel are already working with Plaintiffs to collect the requested documents and will not object to any of the City's requests for production. In contrast, the majority of Plaintiffs' categories of discovery remain outstanding. A specific list of outstanding discovery was again provided to Defendants by email on September 27, 2018. *See* Ex. F. If the City stands on new objections that these outstanding specific requests are too broad, then these discovery issues may be addressed through litigation around the Motion to Compel on the Court's desired timeline.

## At the Core of Continued Discovery Disputes Is the Production of Documents in the Shipping Container, which Defendant has the Burden to Produce

At the core of missing document production is the question of which party has the burden to search for documents in the shipping container. Plaintiffs believe firmly that

4

this burden rests with the City. Plaintiffs outlined their reasoning in person at the September 21, 2018 meet and confer and by email on October 1, 2018. *See* Ex. E.

The email to the Defendant counsel fully outlines the legal arguments that support Plaintiffs' position on this issue. *See* Ex. E. In summary, Rule 34(b)(2)(E)(i) of the Federal Rules of Civil Procedure states that a party "must produce documents *as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request*." Fed. R. Civ. P. 34(b)(2)(E)(i) (emphasis added). Plaintiffs contend that at best, the documents in the shipping container (even if rearranged and properly indexed) are being held in the usual course of *storage* not *business*. In *Ak-Chin Indian Community v. United States,* "the court determined that, once the documents had been 'disassembled from their filing system at the agency office' and reorganized, they were no longer 'kept in the usual course of business.'" 85 Fed. Cl. 397 (2009), amended by, 85 Fed. Cl. 636 (2009), at 400. The court explained that "documents in storage are no longer kept in the usual course of business, they are kept in the usual course of storage." *Id*. at 400. The additional fact that the City represented that reorganizing and indexing the documents would take 35 days demonstrates the shipping container documents are no longer being kept in the normal course of business, but are rather being kept in a form of storage. *See* ECF 41, Ex. KK; Ex. D.

Moreover, even when a party produces documents as they are kept in the ordinary course of business, if the business record-keeping system used by the producing party "is so deficient as to undermine the usefulness of production," that party may not have met its obligations under Rule 34. *Pass & Seymour, Inc. v. Hubbell Inc*., 255 F.R.D. 331, 336

n. 2 (N.D.N.Y.2008); *Mizner Grand Condo. Ass'n, Inc. v. Travelers Prop. Cas. Co. of Am.*, 270 F.R.D. 698, 700 (S.D. Fla. 2010).

Since Plaintiffs do not agree that the documents are being kept in their usual course of business, the City would have to produce documents organized and labeled to correspond to the categories in Plaintiffs' Requests for Production. This is a proposal Plaintiffs would agree to, however the City's current proposal for reorganizing the shipping container does not propose to do this. Specifically, the City's proposed solution would still result in boxes being stacked high on top of each other and does not properly organize and label the production to correspond with the categories in Plaintiffs' Requests for Production. Plaintiffs are open to any solution that satisfies the requirements of Rule 34.

## CONCLUSION

Based on the foregoing, Plaintiffs request a telephonic hearing to resolve the core issue of who has the burden of document production as it relates to a search of the City's shipping container of records, as well as other outstanding discovery issues. Plaintiffs request that this telephonic hearing be scheduled as soon as is possible in the Court's schedule considering impending expert report deadlines and the urgent nature of this case.  Plaintiffs' Counsel take discovery obligations seriously Counsel acts on behalf of thousands of individuals who suffered incarceration at the Medium Security Institution (the "Workhouse") since 2012, as well as those who continue to face its hellish reality every day. The urgent nature of this case is clear, especially when Counsel is aware of at least 2 deaths at the Workhouse this summer and continued inhumane conditions reflective of conditions alleged in the complaint filed almost one year ago in November

2017. Plaintiffs therefore appreciate the Court's time and attention around these

important and urgent issues.

Dated: October 3, 2018               Respectfully submitted,

**ARCHCITY DEFENDERS, INC.**

By: */s/ Sima Atri*_____
    Blake A. Strode (MBE #68422MO)
    Michael-John Voss (MBE #61742MO)
    Jacki Langum (MBE #58881MO)
    Nathaniel R. Carroll (MBE #67988MO)
    Sima Atri MBE (MBE #70489MO)
    John M. Waldron (MBE #70401MO)
    440 N. 4th Street, Suite 390
    Saint Louis, MO 63102
    (855) 724-2489
    (314) 925-1307 (fax)
    bstrode@archcitydefenders.org
    mjvoss@archcitydefenders.org
    jlangum@archcitydefenders.org
    ncarroll@archcitydefenders.org
    satri@archcitydefenders.org
    jwaldron@archcitydefenders.org
    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that notice of the foregoing and a copy of the same was distributed via this Court's ECF/PACER electronic filing notification system to all counsel of record on this 2nd day of October, 2018.

*/s/ Sima Atri*_____

7