IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES CODY, *et al.*, individually and on behalf of other similarly situated individuals, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 4:17-cv-2707-AGF |
| CITY OF ST. LOUIS, ) ) | |
| Defendant. ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR ORDER UNDER RULE 23(d) TO LIMIT DISCOVERY**

Come now Plaintiffs, by and through the undersigned counsel, for their Response in Opposition to Defendant City of St. Louis's Motion for Order Under Rule 23(d) to Limit Discovery (ECF No. 70) and state as follows:

**Introduction and Background**

Over a year into the filing of this lawsuit, Defendant City of St. Louis's strategy continues to be one of delay. In its Rule 23(d) Motion, Defendant seeks to limit Plaintiffs' ability to seek discovery pertaining to the City's knowledge of and responsibility for the inhumane conditions at the Medium Security Institution ("Workhouse"), and to limit any discovery on conditions experienced by individuals incarcerated outside of the circumstances and time periods when the Named Plaintiffs were incarcerated and restrict *all* discovery around Plaintiffs' Count IV *Monell* claim.[1] Through their motion, Defendant effectively attempts to re-litigate Plaintiffs' Motion to Compel and seeks a significant shift in this Court's November 7th Order. Defendant's

---

[1] *See* ECF No. 70, p. 1 Defendant's Mot. To Limit Disc. ("[T]he city respectfully proposes that the Court amend its order of November 7 (ECF No. 68) so that future responses to plaintiffs' discovery served to date be limited to the circumstances of the individual plaintiffs' alleged injuries, and that no discovery on count IV be required.").

1

meandering argument in support of this request is filled with irrelevant assertions[2] and improper attempts to shoehorn substantive arguments in opposition to class certification into a procedural motion. Plaintiffs look forward to addressing those arguments when the issue of class certification is properly before the Court, and Defendant's cooperation in discovery without further delay will hasten that stage of the litigation.

Defendant's instant request merely welcomes a new layer of conflict in discovery, as Plaintiffs and Defendant will inevitably disagree on the bounds of the bifurcation categories were this court to limit discovery to "class" issues. This is clear through present disagreements between council around Defendants' discovery obligations as they relate to this Court's November 7th Order. *See* Exhibit 1 Atri Email to Wheaton Describing Scope of Documents Owed Plaintiffs from this Court's Nov. 7 Order, dated Nov. 25, 2018. Bifurcation will also introduce layers of duplication, since class and merits discovery in this case are intertwined. Bifurcation therefore serves no purpose other than delay. Despite Plaintiffs' continued attempts to work with Defendant to narrow discovery requests and to obtain access to discovery that this Court has already deemed relevant, Defendant has yet to produce discovery ordered by this Court's November 7th Order.[3]

Plaintiffs share Defendant's purported commitment to efficient and expeditious discovery to move this case forward. Plaintiffs have worked diligently to tailor discovery requests based on

---

[2] Defendant makes passing reference to the Prison Litigation Reform Act (PLRA), but fails to provide any explanation as to how the Act bears on the present question of bifurcating discovery. The reason for this is simple: it does not. *See* ECF No. 71 p. 8, Def. Memo. In Support of Mot. To Limit Disc..

[3] This is after a November 16, 2018 meet and confer. Outstanding discovery ordered by this Court on November 7 includes: (1) disciplinary records of officers employed at the Workhouse, (2) incident reports, (3) images and videos, and (4) electronic communication. This Court ordered that the above categories of outstanding discovery were relevant and should be produced to Plaintiffs in a timely manner. *See* ECF No. 68, Court Order granting Pl. Motion to Compel in part. That order should hold.

its own inspections of Defendant's boxes of files in order to determine what types of specific documents may exist. These inspections have led to significant narrowing of requests for particular categories of documents. For example, Plaintiffs have narrowed requests to two time periods (documents from January 2014 and July 2017) as a sampling to ensure that the document category is relevant to Plaintiffs' claims before requesting mass production.[4] Plaintiffs have further offered ways to reduce the burden of discovery for Defense Counsel, including by suggesting an E.S.I. data collection provider used by other municipalities for email production. *See* Ex. 2, Waldron Email to Wheaton with 3rd Party Vendors for E.S.I. Production, dated Nov. 19, 2018. Plaintiffs are also paying third-party costs to receive incident reports, s*ee* Ex. 3, Voss Email to Wheaton Agreeing to Pay REJIS Costs, dated Nov. 16, 2018, and have offered to inspect videos from the Workhouse at a time and place convenient for Defense Counsel. Despite Plaintiffs' efforts, Defendant continues to delay and invent methods to prevent forward motion on this case. Plaintiffs therefore request that this Court deny Defendant's Motion to Limit Discovery and reaffirm Defendant's obligations so that Plaintiffs may properly prepare for class certification and trial.

## ARGUMENT

The Federal Rules of Civil Procedure, Manuals for Complex Litigation, and numerous federal court decisions call for rejection of Defendant's request. Bifurcation in this case would be inefficient and fruitless due to the significant overlap between issues relevant to class certification and those related to the merits of Plaintiffs' claims.

---

[4] *See e.g*. Ex. 4 Plaintiffs' Fifth Request for Production, #4 ("For request #4, please provide reports or records from one week in 2012, 2013, 2014, 2015, 2016, 2017, and 2018 of the following reports: Disciplinary records or reports, incident reports, annual reports, use of force reports, housing inspections, living inspections, monthly reports, and suicide watch reports," which were subsequently narrowed further in a meet and confer to reports from one week in 2014 and one week in 2017).

Rule 26 of the Federal Rules of Civil Procedure prescribes that parties may obtain discovery regarding "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P 26(b)(1). Instead of Rule 26, Defendant bases its motion for bifurcation on Rule 23(d)(1)(A), which simply allows for a court to "determine the course of proceedings or prescribe measures to prevent undue repetition or complication in presenting evidence or argument." There is no reason to believe that Defendant's proposal would "prevent undue repetition or complication" in this case; in fact, quite the opposite is true.

The Manual for Complex Litigation ("Manual"), upon which the Defendant's argument relies heavily, eschews the "[a]rbitrary insistence on the merits/class discovery distinction," noting that certification decisions often require information about the merits of the claim. MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.14 (2004), at 292-93 ("MCL"). The Manual therefore endorses the practice of bifurcating discovery *only* when no duplication or inefficiency will result. *See* MCL § 21.14 (2004), at 255. "The prime considerations in whether bifurcation is efficient and fair include whether merits-based discovery is sufficiently intermingled with class-based discovery..." *Id*. Many courts have also expressed general skepticism regarding bifurcation. *See, e.g.*, *In Re Plastics Additives Antitrust Litigation,* No. CIV. A. 03-2038, 2004 WL 2743591 (E.D. Pa. Nov. 29, 2004) ("...the Manual voices several concerns with bifurcation. The Manual notes that the distinction between merits-based discovery and class-related discovery [is] often blurry, if not spurious…"); *Equal Employment Opportunity Commission v.*

4

*HBE Corp.,* 135 F.3d 543, 551 (8th Cir. 1997) ("[A] court properly denies bifurcation where evidence may overlap … if a party fails to show. . . gain in economy, a motion for bifurcation will be denied.")

Like the Manual for Complex Litigation, the Advisory Committee note on Rule 23 also cautions against arbitrary distinctions between class and merits discovery: "Discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial." Fed. R. Civ. P. 23 advisory committee note (2003). This is especially true because of the established standard requiring district courts to conduct rigorous analysis regarding the Rule 23 requirements. Embedded in Defendant's extensive quotation of *Wal-Mart Stores, Inc. v. Dukes*[5] is this direct contradiction of the City's position on bifurcation: "Frequently that 'rigorous analysis' [of Rule 23 requirements] will entail some overlap with the merits of the Plaintiffs' underlying claim. That cannot be helped. 'The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" 564 U.S. 338, 351 (2011). The instant case exemplifies this dynamic.

Isolating just the discovery ordered by this Court in its recent order on Plaintiffs' Motion to Compel that Defendant would not produce if discovery were bifurcated,[6] it is clear that several categories of discovery relate to both issues of class certification and the merits of the complaint.[7] Disciplinary records, incident reports, images and videos point to injuries suffered by

---

[5] *See* ECF No. 71, p. 6.
[6] *See* ECF No. 70, p. 1 Defendant's Mot. To Limit Disc. ("[T]he city respectfully proposes that the Court amend its order of November 7 (ECF No. 68) so that future responses to plaintiffs' discovery served to date be limited to the circumstances of the individual plaintiffs' alleged injuries, and that no discovery on count IV be required.").
[7] The order to Plaintiffs' motion to compel orders production of disciplinary records (Pl. First RFP #18), images and videos of MSI conditions (with access to all videos provided to Plaintiffs at their cost without any narrowing of scope) (Pl. First RFP #24), relevant incident reports

5

Plaintiffs and the City's notice of harmful conditions, but can also be used to demonstrate commonality of harmful conditions across the jail and across time.  Fed. R. Civ. P 23. Bifurcating discovery would almost certainly lead to significant duplication of effort due to the intermingled nature of class and merits discovery. *See* MCL § 11.213 ("[D]iscovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties"). The likelihood of such intermingling is even greater because Plaintiffs have filed a claim for municipal liability under *Monell*,[8] requiring that they marshal evidence of unconstitutional policies or consistently unlawful practices that caused Plaintiffs' injuries.

Unnecessary bifurcation, like that sought by the Defendant, also leads to further discovery disputes and wastes valuable resources. Courts facing similar facts demonstrating a likelihood of intermingled merit and class discovery have refused to bifurcate discovery on those grounds. In *In re Plastics Additives Antitrust Litigation,* No. CIV. A. 03-2038, 2004 WL 2743591, at *3 (E.D. Pa. Nov. 29, 2004), the court refused to bifurcate discovery because it would "be forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as compared to 'class' discovery." *See also In re Hamilton Bancorp., Inc. Sec. Litig.*, No. 01CV0156, 2002 WL 463314 (S.D. Fla. Jan. 14, 2002) ("[B]ifurcation of discovery may well increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery"); *In re Semgroup Energy Partners, L.P., Sec. Litig.*, No. 08-MD-1989-GKF-FHM, 2010 WL 5376262 (N.D. Okla. Dec.

---

provided through REJIS (with access to all incident reports provided to Plaintiffs at their cost without any narrowing of scope); and electronically Stored Information (ESI) through an ESI search protocol using available technology. ECF Do. 68.

[8] In its Memorandum in Support of the Motion to Limit Discovery, Defendant requests that it be relieved of its obligation to provide any discovery relevant to Plaintiffs' Count IV (*Monell* claim for Failure to Train and Supervise). *See* ECF No. 71, pg. 7. Defendant has never raised this issue before and provides no explanation as to the basis for making this request now.

6

21, 2010) ("[C]ourts have found that bifurcation is inappropriate where discovery relating to class certification is closely enmeshed with merits discovery and in fact cannot be meaningfully developed without inquiry into basic issues of litigation").

Like in *In re Plastics Additives Antitrust Lit.*, there already exists a clear dispute as to what constitutes "class" versus "merits" discovery. Defendant states that discovery should be limited to "class" issues defined by Rule 23 "as follows: status of individual named plaintiffs during alleged incarceration as pretrial or post-trial or post-plea prisoners, … individual medical conditions of individual named plaintiffs, … institutional grievance and discipline records of individual named plaintiffs, … identity and claims of the "Doe" and "Roe" plaintiffs[9], … criminal records of individually identifiable plaintiffs and current incarceration status, … financial resources of named plaintiffs, … qualifications and experience of proposed class counsel." Doc. 70, 2-3. These categories are both over- and under-inclusive in that they can be understood as both class and merits issues, while they also omit many other categories of discovery pertaining to class certification, like commonality. It is unclear if Defendant themselves even have a clear definition of what documents fall into which category and how to bifurcate considering this Court's clear order.[10] Even if this Court limited its relief as Defendant may be requesting to documents currently ordered by this Court, Plaintiffs and Defendant

---

[9] Note that plaintiffs supplemented their initial disclosures August 6, 2018 with the names of Doe and Roe plaintiffs.

[10] There are discrepancies in what documents Defendant proposes to produce. For example, in their Motion to Limit Discovery, Defendant proposes that this "Court amend its order of November 7 (ECF No. 68) so that future responses to plaintiffs' discovery served to date be limited to the circumstances of the individual plaintiffs' alleged injuries, and that no discovery on count IV be required" (ECF No. 70, p. 1), however in a footnote they then inconsistently state "Defendant does not wish to consume more of this Court's time by rehashing the topics at the November 6 hearing. Defendant will proceed diligently to comply with the Court's November 7 order" (ECF No. 71, p. 7), whereas in the conclusion to the memorandum, Defendant requests that this Court "stay the responses of Defendant to all pending discovery demands of plaintiffs, except as ordered in the November 7 order" (ECF No. 71, p. 9).

currently disagree on the scope of those documents. *See* Ex. 1 Atri Email to Wheaton.[11] With so much overlap between these categories, amidst existing discovery disputes, bifurcation would inevitably result in this Court "spend[ing] time and resources resolving discovery disputes over what is 'merit' as compared to 'class' discovery," increasing litigation expenses for all parties and inevitably delaying the case further. *See In re Plastics Additives Antitrust Lit.* at *3.

As a final point, the parties have been engaged in discovery on this case since the Court entered its first Case Management Order on February 27, 2018. *See* ECF No. 16. The parties agreed upon a Joint Proposed Schedule a week prior that made no mention of bifurcated discovery; the parties have jointly asked that the schedule be amended multiple times for various reasons without bifurcation every being mentioned; *see* ECF No. 15, we have litigated a wide-ranging Motion to Compel in which the issue of bifurcation was not raised by either party; and the parties received a clear Order from this Court directing the parties on how to proceed with discovery in a fair and expeditious fashion–still without anyone suggesting bifurcation at that time. *See* ECF No. 68. Plaintiffs, relying on these and other representations, have crafted discovery requests and worked with Defendant to collect the discovery to which they are entitled and which is necessary to prove their claims. With no objections to Plaintiffs' requests for production from Defendant, they are clearly obligated to respond.

## **CONCLUSION**

For the reasons stated herein, Plaintiffs request that this Court deny Defendant's Motion for Order Under Rule 23(d) to Limit Discovery and order Defendant to engage fully in the discovery process.

---

[11] A recent email exchange around deadlines to comply with this Court's order make clear existing disagreements around the scope of this Court's November 7, 2018 order. *See* Ex. 1, Atri Email to Wheaton Describing Scope of Discovery Owed under Nov. 7 Order.

8

Dated: November 30, 2018					Respectfully submitted,

					**ARCHCITY DEFENDERS, INC.**

					By: /s/ *Sima Atri*
					Blake A. Strode (MBE #68422MO)
					Michael-John Voss (MBE #61742MO)
					Jacki Langum (MBE #58881MO)
					Sima Atri MBE (MBE #70489MO)
					John M. Waldron (MBE #70401MO)
					440 N. 4th Street, Suite 390
					Saint Louis, MO 63102
					(855) 724-2489
					(314) 925-1307 (fax)
					bstrode@archcitydefenders.org
					mjvoss@archcitydefenders.org
					jlangum@archcitydefenders.org
					satri@archcitydefenders.org
					jwaldron@archcitydefenders.org
					*Attorneys for Plaintiffs*


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that notice of the foregoing and a copy of the same was distributed via this Court's ECF/PACER electronic filing notification system to all counsel of record on this 30th day of November, 2018.

					/s/ *Sima Atri*

9