UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES CODY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.  4:17-CV-2707-AGF |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion (ECF No. 115) to compel Defendant City of St. Louis to allow Plaintiffs' expert to complete inspection of the Medium Security Institution ("MSI").  For the reasons set forth below, the motion will be granted in part and denied in part.

## BACKGROUND

The seven named Plaintiffs filed this action on behalf of themselves and all others similarly situated against the City of St. Louis, Missouri alleging various dangerous, unsanitary, and inhumane conditions inside the MSI.  Plaintiffs, who were all held at MSI at various times in 2017, claim that detainees at MSI are subjected to insufficient ventilation and extreme heat; unsanitary conditions including rodent and insect infestation, overflowing sewage, and black mold; inadequate medical care; overcrowding; inadequate staffing; violence; and retaliation from staff.  As relevant here, Plaintiffs' amended complaint specifically describes faulty and regularly malfunctioning air conditioning systems and mold growing from the air vents, as well as severe

overcrowding. *E.g.*, ECF No. 22 ¶¶ 29, 42, 53, 85, & 110.

Plaintiffs served Defendant a Request for Property Inspection pursuant to Federal Rule of Civil Procedure 34 on May 2, 2018, requesting up to three expert witnesses be allowed to inspect the facilities.  Pursuant to this request and with Defendant's consent, James Balsamo ("Mr. Balsamo"), Plaintiffs' retained environmental health and safety expert, arrived at MSI on October 30, 2018, in order to inspect the health and safety conditions at the jail to prepare his expert opinion.  Plaintiffs assert this inspection was intended to include the laundry, inmate housing areas, shower areas, janitor sinks, day room areas, janitorial supplies, storage areas, food storage and preparation areas and other ancillary areas of the jail.  Mr. Balsamo conducted his inspection over nine hours, and at 7:00 p.m., Mr. Balsamo left the facility.[1]  However, Plaintiffs contend that Mr. Balsamo was not allowed to complete his inspection of the air conditioning system, food safety system, or the fire suppression system at MSI.

Nine months later, on July 30, 2019, Plaintiffs contacted Defendant to request that Defendant allow Mr. Balsamo to complete his inspection of the air conditioning, food safety, and fire suppression systems.  Plaintiffs assert completing this inspection would take approximately six hours.

Defendant contends that Mr. Balsamo could and should have completed his inspection during his initial visit to MSI, and denies that Defendant prevented Mr.

---

[1] The context under which Mr. Balsamo concluded his initial inspection is under dispute.  Plaintiffs allege that Mr. Balsamo was not permitted to complete his inspection, and MSI staff escorted Mr. Balsamo out at 7:00 p.m.  However, Defendant states Mr. Balsamo was allowed to finish his inspection prior to leaving MSI.  *Compare* ECF No. 116 at 2 *with* ECF No. 119 at 119-1.

Balsamo from completing his inspection.  Defendant further asserts that Plaintiffs could and should have raised any issues regarding the inspection earlier.[2]  Defendant also opposes Plaintiffs' current request because, according to Defendant, the requested discovery is not relevant to Plaintiffs' claims.  Defendant asserts that Plaintiffs' inspection of the fire suppression system is unnecessary and disproportionate to the burden or expense that Defendant will bear.  Defendant has offered to produce photographs of the air conditioners at MSI, and Defendant maintains that such evidence is sufficient for Plaintiffs' discovery needs.

Additionally, Defendant argues that Plaintiffs failed to describe each item or category of items to be inspected in accordance with Federal Rule of Civil Procedure 34 (b)(1)(A), or the time, place, and manner for the inspection in accordance with Rule 34 (b)(1)(B).  In support of this assertion, Defendant points to an email from Plaintiffs on October 29, 2018 (the day before the initial inspection) stating that, Mr. Balsamo:

> would like to inspect the facility for life safety to include review of fire drill, smoke detector, fire alarm and emergency generator testing reports, overall pest control, lighting, general sanitation and air velocity in housing areas, food safety and sanitation practices, laundry sanitation, clothing and bedding exchange policies and practices, personal hygiene supplies availability and toilet, shower and cell sanitation and medical treatment facility safety and sanitation.

ECF No. 119 at 4.

---

[2]  The Court agrees that Plaintiffs should have raised the issues regarding inspection earlier, and their failure to assert these arguments until their expert was completing his report suggests not that Defendant prevented him from completing his inspection but, rather, that he realized deficiencies in his inspection belatedly.  However, Plaintiffs' request is still timely under the Case Management Order, as the close of discovery is not until February 13, 2020. *See* ECF No. 109.

Defendant argues that neither Plaintiffs' initial request, nor this email sufficiently apprised Defendant of Plaintiffs' desire to inspect the air conditioning, food safety, and fire suppression systems, and that Plaintiffs' follow-up correspondence in connection with their current request is likewise insufficiently specific.

## DISCUSSION

**Relevance**

Federal Rule of Civil Procedure 26 provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Moreover, when a responding party "objects to a Rule 34 inspection, the Court should balance the parties' conflicting interests," including the degree to which the proposed inspection will aid in discovery and any undue burden on the opposing party. *Minn. Mining & Mfg. Co., Inc., v. Nippon Carbide Indus. Co., Inc.*, 171 F.R.D. 246, 249 (D. Minn. 1997). This is especially true when the required inspection is of a party's premises. "Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection would seem warranted." *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978). Rule 26 "vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit."

4

*Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003).

Nonetheless, the party opposing a motion to compel has the burden of showing the request is unduly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *Abhe & Svobada, Inc. v. Hadley*, Civ. No. 15-1952 (WMW/BRT), 2016 WL 11509914, *3 (D. Minn. Mar. 15, 2016) (citing to Fed. R. Civ. P. 26 (b)(1) advisory committee's note to 2015 amendment). An objection to discovery must state "with specificity the grounds for objecting to the request, including the reasons" for the objection. Fed. R. Civ. P. 34(b)(2)(B).

Upon careful consideration of the parties' arguments, and in light of the proportionality concerns set forth in Rule 26, the Court will grant the Plaintiffs' motion to compel with respect to the fire suppression system and the air conditioning system. The Court concludes that Plaintiffs' requested inspection regarding these two areas falls within the scope of permissible discovery under Rule 26, particularly in light of Plaintiffs' allegations regarding MSI's faulty air conditioning systems, excessive heat, and overcrowding (which implicates fire safety).

Moreover, Defendant fails to provide evidence of undue cost or burden implicated by such an inspection. *Cf. Luer v. Cnty of St. Louis*, 4:17-CV-767 NAB, 2018 WL 2734986, at *3 (denying a request for inspection in a 42 U.S.C. § 1983 case by police of the plaintiffs' home in light of the likely emotional distress to the plaintiffs and the comparatively minimal need for the inspection). In short, the balance of the parties' conflicting interests favors the Plaintiffs with respect to these two areas of inspection.

However, the Court will not permit further inspection of the food safety

5

conditions. Although Plaintiffs mention a further food safety inspection in some of their recent emails with Defendant, a further food safety inspection is not mentioned in Plaintiffs' motion itself. And neither Plaintiffs, nor Mr. Balsamo in his affidavit in support of the motion, suggest that anything was done to prevent Mr. Balsamo from completing whatever inspection of food safety he desired to conduct. To the contrary, Plaintiffs in their memorandum in support of their motion listed "storage areas, food storage and preparation (kitchen) areas and other ancillary areas" among the areas that were inspected. ECF No. 116, at 2. Physical inspections are more burdensome and intrusive than other forms of written discovery, and at issue here is not whether Plaintiffs should be permitted to have an inspection, but essentially whether they should be permitted a second inspection. Here Plaintiffs have offered no basis for any further food safety inspection, and to the extent the motion requests such an inspection, it will be denied.

**Description of the category of items to be inspected**

Federal Rule of Civil Procedure 34 requires movants in a motion to compel "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). It additionally demands that the movant "specify a reasonable time, place and manner for the inspection and for performing the related acts." Fed. R. Civ. P. 34(b)(1)(B). The touchstone for an inspection according to Rule 34 is reasonableness. *United States v. Territory of the Virgin Islands*, 280 F.R.D. 232, 235 (D.V.I. 2012). The standard for compliance with the above rules is whether a reasonable person would know what documents or things are called for. *Mallinckrodt Chemical*

6

*Works v. Goldman, Sachs & Co.*, 58 F.R.D. 348, 354 (S.D.N.Y. 1973).  This does not require specifying each item or document to be inspected individually; a designation of items to be inspected by category complies with the rules so long as "the categories themselves were set forth with reasonable particularity." *Roebling v. Anderson,* 257 F.2d 615, 620 (D.D.C. 1958).

Upon review of Plaintiffs' request and follow-up emails, the Court concludes that Plaintiffs have outlined the category of items to be inspected with reasonable particularity.  Plaintiffs have sufficiently described the air conditioning and fire suppression components and records that they wish to consider, and Defendant's assertion to the contrary is without merit.  Likewise, Plaintiffs' current request complies with Rule 34(b)(1)(B).  Plaintiffs have offered a list of possible days for the inspection and limited the inspection to approximately six hours.  As appropriate, Plaintiffs have also limited the request to the air conditioning and fire suppression systems.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs motion to compel (ECF No. 115) is **GRANTED in part**.  The parties shall promptly meet and confer in good faith to

schedule a date and time for Plaintiffs' expert to complete his inspection as permitted by this Memorandum and Order. The inspection will be limited to six hours.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of October, 2019.