UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES CODY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-2707 AGF |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This putative class action is before the Court on Plaintiffs' motion (ECF No. 132) to compel discovery and for sanctions.  For the following reasons, the motion to compel will be granted and the motion for sanctions will be denied.

## BACKGROUND

Plaintiffs filed this action on behalf of themselves and all others similarly situated against the City of St. Louis, Missouri ("City"), alleging various dangerous, unsanitary, and inhumane conditions inside the St. Louis City Medium Security Institution ("MSI"). Plaintiffs, who were all held at MSI at various times in 2017, claim that detainees at MSI are subjected to insufficient ventilation and extreme heat; unsanitary and unhealthy conditions including rodent and insect infestation, overflowing sewage, and black mold; inadequate medical care; and overcrowding, inadequate staffing, violence, and retaliation from staff.  They seek monetary damages, as well as declaratory and injunctive relief.

Plaintiffs filed this action on November 13, 2017.  By late May of 2018, Plaintiffs had served two requests for production of documents on the City.  When the City failed

to respond to the first request for production by the original deadline of June 1, 2018, the parties agreed to an extension.  ECF No. 41-3.  At the same time, the City moved 400 boxes of records from indoor storage to an outdoor storage container in the parking lot of MSI.  ECF No. 41-11.  Jaime Lambing, MSI's Custodian of Records, testified that she "lost intellectual control" of the records during the transfer, which she testified meant that the prior system of organization that allowed her to easily identify and locate files was lost.  ECF No. 41-27 at 18-24.

On September 6, 2018, Plaintiffs filed the first motion to compel discovery and request for sanctions.  ECF Nos. 40 & 41.  A hearing was held before the Court on November 6, 2018.  The following day, the Court granted Plaintiffs' motion in part and denied it in part.  Plaintiffs' request for disciplinary records of MSI employees was granted; the parties were instructed to collaborate on narrowing the scope of several of Plaintiffs' other requests for records; and Plaintiffs' request for sanctions was denied. ECF No. 68.

Since the issuing of the Court's Order on November 7, 2018, discovery has been ongoing and the deadline for the close of discovery has been extended several times,[1] with the current deadline set for August 25, 2020.  During this time, the City has produced a variety of records which Plaintiffs have compiled into a table.  ECF No. 132-3.  This table also lists documents which Plaintiffs contend are missing and which they request the Court compel the City to produce.  The missing document include, for

---

[1]     The Case Management Order has been amended five times, and the trial setting extended by two years, as a result of these extensions.

example, Department of Health inspections, weekly dorm inspection sheets, Department of Public Safety Cleanliness and Maintenance Reports, Inspection and Safety Rounds reports, Environmental and Health Safety Round reports, Duty Officer reports, Community Sanitation Quarterly Inspections, and temperature reports.  *Id.*

## ARGUMENTS OF THE PARTIES

Plaintiffs note that the City does not contest the relevance of the documents at issue, which Plaintiffs assert are necessary to show the systemic nature of the unconstitutional conditions at the jail.  Plaintiffs also note that the City has produced some but not all of these types of documents.  Plaintiffs argue that it is not unduly burdensome for the City to be required to timely search for and produce the remaining documents.  As to any documents that  are not produced, Plaintiffs ask the Court to order the City to identify in writing why the document cannot be produced as follows: (1) If a document was created but subsequently destroyed, the date and reason for the destruction of the document; (2) If the document was created but is now missing, the efforts taken to locate the missing document; (3) If the document was never created, or there is another unidentified reason for being unable to produce the document, a description of that reason.

Further, Plaintiffs argue that City's conduct in discovery justifies sanctions. Plaintiffs assert that the City has refused to comply with its obligations and has produced inconsistent information about the status of many documents.  Plaintiffs argue that this behavior has caused them to suffer prejudice and that, therefore, sanctions are appropriate.  Plaintiffs requests a variety of sanctions, ranging from the grant of an

3

adverse inference at trial for documents not produced to the appointment of a Special Master to oversee discovery.  ECF No. 132.  For all options, Plaintiff requests that the Court award Plaintiff attorneys' fees and costs incurred in connection with this motion pursuant to Rule 37(a)(5)(A).

 In response, the City asserts that the Court's decision on Plaintiffs' first  motion to compel resolved all discovery issues.  The City interprets the Court's decision as largely denying Plaintiff's requests, except for those items specified in the Court's November 7, 2018 Order (ECF No. 68).  The City argues that it has already produced the specified documents.

The City further argues that it has complied with its discovery obligations by producing thousands of pages of documents over the past two years and that the current global COVID-19 pandemic has slowed the pace of discovery.  In short, the City argues that it has acted in good faith and that Plaintiffs' motion should be denied.

## **DISCUSSION**

Upon careful consideration of the parties' arguments in light of the proportionality concerns set forth in Federal Rule of Civil Procedure 26, the Court will grant Plaintiffs' motion to compel and deny their motion for sanctions.  The Court finds, and the City does not contest, that the documents sought by Plaintiffs are relevant to proving Plaintiffs' claims.  The Court's November 7, 2018 Order simply did not address the current discovery dispute; the Court has never ruled that Plaintiff is unable to discover the material at issue in this motion.

Any burden in searching for the missing documents appears to be due, at least in part, to the City's admitted failure to maintain the organizational structure of its files when it chose to move these files after litigation began.  Further, the City's contention that it is producing the documents, but that production is laborious, is not a convincing reason to deny Plaintiffs' motion.  Although the pace of discovery in this case has been painfully slow,[2] the City provides no date by which they allege the documents will be produced in their entirety.  Plaintiffs' request for such a deadline is reasonable.

The Court will thus impose a deadline of 45 days from the date of this Memorandum and Order for the City to produce the documents at issue, and if not produced, to provide an affidavit or sworn declaration by a person with knowledge as to why the documents could not be produced, including: (1) If a document was created but subsequently destroyed, the date and reason for the destruction of the document; (2) If the document was created but is now missing, the efforts taken to locate the missing document; (3) If the document was never created, or there is another unidentified reason for being unable to produce the document, a description of that reason.[3]  The Court will deny Plaintiffs' motion for sanctions and attorneys' fees at this time, without prejudice to

---

[2]    Neither does the Court believe that the current COVID-19 pandemic warrants an indefinite extension of the parties' discovery obligations.  Indeed, the parties' discovery disputes and deficiencies pre-date the current pandemic by years.

[3]    The parties are free to confer regarding Plaintiffs' alternative suggestion that the City provide Plaintiffs' counsel access to the storage unit in order for Plaintiffs' counsel to search for the missing documents at the City's cost.  If the parties reach agreement as to this alternative proposal, they shall file a status report so advising the Court.

reconsidering in the event of the City's failure to comply with this Memorandum and Order and depending on the extent of any deficiency.

<u>**CONCLUSION**</u>

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to compel is **GRANTED as set forth above**.  ECF No. 132.  To the extent not already been produced, Defendant shall produce the documents at issue no later than **45 days** from the date of this Memorandum and Order and shall provide an affidavit explaining the reason for any missing documents as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions is **DENIED**. ECF No. 132.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of July, 2020.