UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES CODY, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No.  4:17-CV-2707-AGF |
| CITY OF ST. LOUIS, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion (ECF No. 138) to stay this putative class action in light of City Ordinance 71217, passed by the City of St. Louis on July 17, 2020, which "directs the Commissioner of Corrections to begin the process of closing the Medium Security Institution (MSI) as a detainee holding facility."  ECF No. 138 at 1.  Defendant argues that MSI's likely imminent closure will render Plaintiffs' request for injunctive relief to close MSI moot and has also substantially increased the likelihood of settlement with respect to the entire case, including Plaintiffs' damages claims.  Defendant thus argues that continued discovery unduly burdensome and not proportional to the needs of the case and that the case should be stayed pending either settlement or the closure of MSI.  Alternatively, Defendant argues that the Court should stay this case "with the exception of the class certification deadlines for Plaintiffs' damages claim." ECF No. 139 at 9.

Plaintiffs filed their opposition to Defendant's motion on August 18, 2020. Plaintiffs state that they are willing to agree to a 90-day extension of the current Case

Management Order in order to permit the parties to engage in settlement negotiations, but they do not agree to stay the deadline for Defendant's compliance with this Court's July 17, 2020, Order granting Plaintiffs' motion to compel. *See* ECF No. 136.

On August 28, 2020, Defendant filed a "Response to the Court's July 17, 2020 Order" (ECF No. 142), stating that, as of August 28, 2020, it has fully complied with the Court's Order granting Plaintiffs' motion to compel. In its filing, Defendant describes the details of its compliance and thus asks, again, that its motion to stay be granted. Plaintiffs have not responded to Defendant's filing, and the time to do so has passed.

Upon careful consideration of the parties' arguments and the relevant factors, including judicial economy and potential prejudice, *see generally Landis v. North American Co*., 299 U.S. 248 (1936), the Court will grant Defendant's motion to stay in part. The Court will stay this case for 90 days to permit the parties to engage in settlement negotiations.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to stay this case is **GRANTED in part** as follows: all pending deadlines in this case are **STAYED** until **December 14, 2020**, in order to permit the parties to engage in good faith settlement discussions. ECF No. 138.

**IT IS FURTHER ORDERED** that on or before **December 14, 2020**, the parties shall file a status report advising the Court of the status of settlement discussions and, if

appropriate, either dismissal papers or a motion to lift the stay and a proposed amended schedule for the remainder of this litigation.

**IT IS FURTHER ORDERED** that the trial setting of July 12, 2021 is **VACATED**, to be reset, if appropriate, following lifting of the stay.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to amend the Case Management Order is **DENIED**.  ECF No. 140.

                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE

Dated this 15th day of September, 2020.