IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES CODY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:17-cv-2707 |
| | ) | |
| CITY OF SAINT LOUIS, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S PRODUCTION OF ESI**

Plaintiffs, by and through undersigned counsel, respectfully bring this Motion to Compel Defendant's Production of ESI to request that the Court require Defendant City of St. Louis (the "City") to produce discovery in native format or with adequate custodial or metadata under Rule 34(b)(2)(E)(ii).

1.      Plaintiffs commenced this litigation in November 2017 and have worked diligently to move the suit forward in light of the urgency of the issues before this Court.

2.      Since then, due to the City's lack of cooperation, destruction of evidence, and deficient productions, discovery in this matter has been significantly delayed. As a result, Plaintiffs filed three separate motions to compel, (ECF Nos. 41, 116, 133), before the Court entered a stay on proceedings to permit settlement discussions which were ultimately unsuccessful.  The Court lifted its stay on February 1, 2021. (ECF No. 155.)

3.      While many of the City's productions remain deficient, the majority of the ESI that the City has produced fails to include metadata, including custodial information.  Such information is necessary, because without such metadata, Plaintiffs are unable to, among

1

other things, ascertain when each document was originally created, determine who created the document, and identify an appropriate deponent to question on matters related to the document.

4.      Plaintiffs' counsel met and conferred with Defendant's counsel on April 7, 2021 to discuss the need for production of metadata, among other outstanding discovery issues. However, the City continues to fail to provide appropriate metadata, including custodial data, for many of its document productions.

5.      Plaintiffs presently seek an order from the Court compelling the City to produce discovery in native format or with accompanying metadata, including custodial data, in order to allow Plaintiffs to be able to use and analyze the City's productions in a meaningful and productive way.

6.      In support of this Motion, Plaintiffs hereby incorporate by reference their Memorandum in Support of Plaintiffs' Motion to Compel Defendant's Production of ESI as if fully set forth herein, which provides additional factual and legal support upon which the Court can readily grant Plaintiffs' instant motion.

7.      If Plaintiffs' motion is granted in whole or in part, Plaintiffs request leave to file an Affidavit of Attorney Fees to recover their reasonable attorney fees incurred in connection with this Motion.

8.      For these reasons, and for the reasons set forth in Plaintiffs' Memorandum in Support accompanying this motion, Plaintiffs request this Court grant the instant motion pursuant to Fed R. Civ. P. 37 and pursuant to this Court's inherent authority to compel participation in discovery.

WHEREFORE, Plaintiffs respectfully pray this Court grant their Motion to Compel Defendant's Production of ESI and for such further relief as this Court deems just and proper under the circumstances.

## CERTIFICATION PURSUANT TO LOCAL RULE 3.04

Pursuant to Local Rule 3.04, counsel for Plaintiffs (Matthew Dollan, Gail Rodgers, and Dennis Kiker) met and conferred with counsel for Defendant (Andrew Wheaton) and former counsel (Kelly Camilleri) on April 7, 2021, 11:30 a.m. via Zoom teleconference, in a good-faith to attempt to resolve the discovery matters that are the subject of this motion, but efforts were unsuccessful in resolving these issues.  The parties had previously tried to resolve this issue via written correspondence, as well. Correspondence memorializing undersigned counsel's various efforts on February 23, 2021; March 5, 2021; March 16, 2021; March 17, 2021; March 19, 2021; March 30, 2021; and April 2, 2021 is outlined with supporting exhibits in the attached Memorandum in Support of this Motion.  As a result, this Court's intervention is necessary.

Dated: April 30, 2021                    Respectfully submitted,

                                        **ARCHCITY DEFENDERS, INC.**
                                        By: */s/ Matthew Dollan*
                                        Blake A. Strode (MBE #68422MO)
                                        Jacki J. Langum (MBE #58881MO)
                                        John M. Waldron (MBE #70401MO)
                                        Matthew Dollan, (MBE #71867 MO)
                                        Nathaniel R. Carroll, (MBE #67988 MO)
                                        Maureen G. V. Hanlon (MBE #70990MO)
                                        440 N. 4th Street, Suite 390
                                        Saint Louis, MO 63102

3

855-724-2489 ext. 1012
314-925-1307 (fax)
bstrode@archcitydefenders.org
jlangum@archcitydefenders.org
jwaldron@archcitydefenders.org
mdollan@archcitydefenders.org
ncarroll@archcitydefenders.org
mhanlon@archcitydefenders.org

and

**DLA PIPER LLP (US)**

By: */s/ Gail Rodgers*
Gail Rodgers (*Pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Phone: 212-335-4500
Fax: 212-335-4501
gail.rodgers@dlapiper.com

Saher Valiani (MO Bar No. 69402)
33 Arch Street, 26th Floor
Boston, MA 02215
Phone: 617-406-6000
Fax: 617-406-6100
saher.valiani@dlapiper.com

*Attorneys for Plaintiffs*

4

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of April, 2021, notice of filing and a true and correct copy of the foregoing was served on all counsel of record upon filing with this Court's electronic PACER/ECF notification system.

*/s/ Saher Valiani*