**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| JAMES CODY, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| v. | )   Case No. 4:17-cv-2707 |
| | ) |
| CITY OF SAINT LOUIS, MISSOURI, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S PRODUCTION OF ESI**

# TABLE OF CONTENTS

**FACTUAL BACKGROUND** .........................................................................................................1

**ARGUMENT**............................................................................................................................. 2

    A.   The Court Should Compel the City to Produce Documents Discovery in Native Format or with Custodial/Metadata.............................................................................................................. 2

**CONCLUSION** ......................................................................................................................... 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hagenbuch v. 3B6 Sistemi Elettronici Industriali S.R.L.*,
No. 04-C-3109, 2006 WL 665005 (N.D. Ill. Mar. 8, 2006) .......................................................3

*Lutzeier v. Citigroup*,
No. 4:14-cv-00183-RLW, 2015 WL 430196 (E.D. Mo. Feb. 2, 2015) ...................................3

*Romero v. Allstate Ins. Co.*,
271 F.R.D. 96 (E.D. Penn. 2010)............................................................................................3

*Venture Corporation Ltd. v. Barrett*,
No. 5:13-cv-03384-PSG, 2014 WL 5305575 (N.D. Cal. Oct. 16, 2014) ................................3

**Other Authorities**

Fed. R. Civ. P. 34(b)(2)(E)(ii)................................................................................ *passim*

Fed. R. Civ. P. 37(a)(3)(B)(IV)..............................................................................1, 5

Fed. R. Civ. P. 37(a)(5).........................................................................................1, 5

Plaintiffs file this Memorandum in support of their Motion to Compel Defendant's Production of ESI.  Defendant City of St. Louis (the "City") has improperly withheld metadata, including custodial information, for the vast majority of its production of electronically stored information ("ESI").  *See* Rule 34(b)(2)(E)(ii).  This prevents Plaintiffs from establishing a full understanding of the timeline and circumstances of events and inhibits their ability to identify and depose critical witnesses.  Accordingly, Plaintiffs move this Court under Rule 37(a)(3)(B)(IV) for an order compelling the City to reproduce prior ESI productions, and to produce all future ESI productions in either native format or as PDF or TIFF files accompanied by a load file containing the requisite metadata. *See* Rule 34(b)(2)(E)(ii).  Plaintiffs also move the Court to award attorneys' fees for litigating this issue under Rule 37(a)(5).

## FACTUAL BACKGROUND

Plaintiffs filed this class action lawsuit against the City on November 13, 2017 (ECF No. 1), amending their complaint on June 4, 2018 (ECF No. 22).  Since then, discovery has proceeded in protracted fashion, requiring Plaintiffs to file multiple motions to compel in order to obtain meaningful discovery from the City.  (ECF Nos. 40, 115, 132.)  And while the City has lost, destroyed, withheld, and/or continues to withhold a number of discoverable documents (*see* ECF Nos. 173-1, 173-2), it has produced some discovery in the form of ESI.  Unfortunately, the vast majority of such ESI lacks adequate metadata, including critical custodial information.

When the stay in this case lifted (ECF No. 155), Plaintiffs reviewed the City's August 2020 production[1] and determined that, in addition to failing to produce a number of documents, the City produced thousands of pages of ESI lacking adequate metadata.[2]  Plaintiffs flagged this issue in

---

[1] The City produced these documents pursuant to the Court's July 2020 order.  (ECF No. 136.)
[2] This deficiency extends to documents the City produced prior to the Court's July 2020 order, as well.

six separate letters to the City.  *See* Exs. 1-6, Pls.' Letters to City Dated 2/23, 3/5, 3/16, 3/19, 3/30, and 4/2.  The City ignored Plaintiffs' first two letters and responded to Plaintiffs' third letter by refusing to produce metadata or custodial information.  *See* Ex. 7, Def.'s 3/17 Letter.  After two more letters, the City agreed to produce custodial metadata, but only for documents produced after February 23, 2021.  *See* Ex. 8, Def.'s 4/1 Letter.  Since then, the City has not only failed to reproduce post-February 23, 2021 documents with adequate metadata, it has continued produce subsequent documents without such information.  Plaintiffs are therefore left with no choice but to move this Court for relief.

## ARGUMENT

### A. THE COURT SHOULD COMPEL THE CITY TO PRODUCE DOCUMENTS DISCOVERY IN NATIVE FORMAT OR WITH CUSTODIAL/METADATA.

The City breached its discovery obligations by failing to produce documents in either native format or with the type of metadata required by Fed. R. Civ. P. Rule 34(b)(2)(E)(ii).

Where no party agreement or court order exists specifying the form of production, ESI must be produced "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms."  Fed. R. Civ. P. 34(b)(2)(E)(ii).[3]  Generally, metadata that identifies "the custodians of the document, recipients, date, and other key information" is deemed to be in "reasonably usable form" and thus compliant under Rule 34.  *See Lutzeier v. Citigroup*, No. 4:14-cv-00183-RLW, 2015 WL 430196, at \*8 (E.D. Mo. Feb. 2, 2015).  Where that information is

---

[3]  The parties disagree about whether there is a prior agreement as to the form of production. Plaintiffs are not aware of any written agreement. The City's apparent belief that Plaintiffs agreed to production in any format the City thought appropriate at any given time is belied by the City's re-production of email data in June, 2019, to include metadata. *See* Ex. 9, Email from A. Wheaton to S. Atri (Jun. 20, 2019). But the parties are aligned with regard to an agreement to produce files with metadata or in native format after August 2020.  In any event, the City's production of ESI has not been "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms," and Plaintiffs certainly never agreed to productions in an unusable form.

missing, courts have compelled the producing party to provide it.  *See, e.g.*, *Venture Corporation Ltd. v. Barrett*, No. 5:13-cv-03384-PSG, 2014 WL 5305575, at *2–3 (N.D. Cal. Oct. 16, 2014) (ordering disclosing party to produce files with metadata where original production did not include custodian data);  *Hagenbuch v. 3B6 Sistemi Elettronici Industriali S.R.L.*, No. 04-C-3109, 2006 WL 665005, at *3 (N.D. Ill. Mar. 8, 2006) (finding defendant's initial production insufficient where documents "did not contain information such as the creation and modification dates of a document, e-mail attachments and recipients, and metadata").  The party refusing to provide metadata or custodial data bears the burden of showing that the metadata request constitutes an "undue hardship and expense."  *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 107 (E.D. Penn. 2010).

Here, the City failed to include metadata for many of its produced documents.  To date, the City has produced over 30,000 documents comprising more than 60,000 pages.  Of these, only 11,908 documents (39.7%) appear to be produced with some associated metadata.  Instead of including the associated metadata, the majority of documents produced consist of scanned paper documents and print outs of electronically stored information, including email, that were then scanned to PDF, with many single PDF "documents" actually comprising hundreds of pages of individual documents as "compilation documents."

The City also failed to produce custodial information for thousands of documents, including emails.  This does not comport with the requirements of Fed. R. Civ. P. 34(b)(2)(E)(ii).  Without custodial information, Plaintiffs cannot fully complete discovery and accurately ascertain whether individuals deposed are the correct custodians of specific types of documents.

For example, the City produced a file named "[CITY 046485] – [CITY 046958]," which is a 474-page compilation PDF document made up of a year's worth of attendance records, On-Call Maintenance for After Hours Emergencies records, and Off-Time Adjustment Reports.  Ex.

3

10. This one "document" consists of hundreds of individual documents with no demarcations that would make the documents usable.  It is impossible to determine who the custodian is for any of the individual documents.  Similarly, there is "[CITY 53089] – [CITY 54758]", a 1670-page PDF that the City produced.  Ex. 11.  This one "document" contains myriad different reports, from different departments, spanning multiple years.  This is not how the documents were "ordinarily maintained" and is not "in a reasonably usable form."  Fed. R. Civ. P. 34(b)(2)(E)(ii).

The City cannot meet its burden to show that providing metadata or custodial data would constitute an "undue hardship and expense."  To the contrary, the City tacitly admitted that it is reasonably able to produce documents with that information when, two years ago, it provided metadata in response to one of Plaintiffs' deficiency letters by producing [CITY_013962] – [CITY_037815].[4]  *See* Ex. 9, Email from A. Wheaton to S. Atri (Jun. 20, 2019) (referencing City's production of metadata with respect to prior production, and further the lack of a written agreement between parties to produce ESI without custodial and metadata, noting City "can investigate means by which to accomplish [producing such metadata]" for other production).  It should be no more burdensome now than it was then.

And the metadata and custodial data that the City is improperly withholding is critical to this case.  That data allows Plaintiffs to verify the authenticity of documents, establish a timeline of events and document creation, to determine what individuals created and possessed the documents, and to identify which individuals had knowledge of the documents for purposes of depositions.

---

[4] Additionally, the City voluntarily agreed to produce all ESI *after* February 23, 2021 with metadata. *See* Ex. 7, Def.'s 3/17 Letter; Ex. 8, Def.'s 4/1 Letter.

## CONCLUSION

For the reasons discussed above, Plaintiffs respectfully move this Court for the following

relief:

A.  Entry of an order under Rule 37(a)(3)(B)(IV) compelling the City to reproduce prior productions, and to produce all future productions in either native format or as PDF or TIFF files accompanied by the requisite custodial data and metadata, as required by Rule 34(b)(2)(E)(ii).

B.  Entry of an order awarding Plaintiffs attorneys' fees, to be submitted, for litigating this motion, under Rule 37(a)(5).

Dated:  April 30, 2021                         **ARCHCITY DEFENDERS, INC.**

By:  */s/ Matthew Dollan*
     Blake A. Strode (MBE #68422MO)
     Jacki J. Langum (MBE #58881MO)
     John M. Waldron (MBE #70401MO)
     Matthew Dollan, (MBE #71867 MO)
     Nathaniel R. Carroll, (MBE #67988 MO)
     Maureen G. V. Hanlon (MBE #70990MO)
     440 N. 4th Street, Suite 390
     Saint Louis, MO 63102
     855-724-2489 ext. 1012
     314-925-1307 (fax)
     bstrode@archcitydefenders.org
     jlangum@archcitydefenders.org
     jwaldron@archcitydefenders.org
     mdollan@archcitydefenders.org
     ncarroll@archcitydefenders.org
     mhanlon@archcitydefenders.org

     and

**DLA PIPER LLP (US)**

By: */s/ Gail Rodgers*
    Gail Rodgers (*Pro hac vice*)
    1251 Avenue of the Americas
    New York, NY 10020
    Phone: 212-335-4500
    Fax: 212-335-4501
    gail.rodgers@dlapiper.com

5

Saher Valiani (MO Bar No. 69402)
33 Arch Street, 26th Floor
Boston, MA 02215
Phone: 617-406-6000
Fax: 617-406-6100
saher.valiani@dlapiper.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 30th day of April, 2021, notice of filing and a true and correct copy of the foregoing was served on all counsel of record upon filing with this Court's electronic PACER/ECF notification system.

<u>*/s/ Saher Valiani*</u>