UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES CODY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-2707 AGF |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This putative class action is before the Court on Plaintiffs' motion (ECF No. 190) for extension of discovery deadlines. Following expedited briefing, the motion is now ripe for ruling. Plaintiffs seek to extend the existing June 1, 2021 deadline for completion of all discovery such that fact discovery would be completed by July 1, 2021 and expert discovery by August 1, 2021. Plaintiffs further seek to extend the deadline for filing their anticipated motion for class certification from July 1, 2021 to September 1, 2021.[1] Finally, Plaintiffs ask the Court to impose deadlines by which the parties must attest to compliance with all outstanding discovery requests from the opposing party and by which parties must raise concerns with the Court regarding noncompliance with discovery obligations—June 11, 2021 and June 16, 2021, respectively.

Plaintiffs argue that these changes to the Case Management Order are necessary because of Defendant's prior delays and deficiencies in its discovery production, some of which have been addressed by Court Order (*e.g.*, ECF No. 136), as well as outstanding written discovery that

---

[1]  Plaintiffs do not propose any changes to the existing deadlines for dispositive or *Daubert* motions, or to the February 14, 2022 trial setting.

Defendant has yet to produce and that Plaintiffs contend is necessary for completion of both fact and expert witness depositions.

Defendant opposes Plaintiff's motion.  Defendant argues that the discovery delays in this case are largely attributable to Plaintiffs and that Plaintiffs should not need further discovery to complete their motion for class certification.  In the event that the Court is inclined to extend the discovery deadline, Defendants requests that the Court order that Defendant has no duty to supplement any material created on or after June 1, 2021 (the current discovery deadline), and that Plaintiffs be ordered to depose Defendant's experts on the dates offered by Defendant: May 20, 2021 and June 1, 2021.[2]  Defendant opposes any extension of the deadline for filing a motion for class certification, and Defendant contends that additional deadlines for attesting to and contesting compliance with discovery obligations are unnecessary.

Separately, the parties have filed several other discovery-related motions.  Specifically, Plaintiffs have filed a motion to compel certain electronically stored information ("ESI") in native format or with metadata (ECF No. 176) and a motion for sanctions for Defendant's alleged destruction, losing, or withholding of discoverable materials (ECF No. 179).  Defendant has also filed a motion to compel (ECF No. 197), which asks that Plaintiffs be ordered to withdraw certain objections to discovery requests, to produce documents requested in a single request for production, to execute certain outstanding authorizations for medical records, and to fully answer and sign under oath certain interrogatories.  These motions have not yet been fully briefed.[3]

---

[2]  In their reply, Plaintiffs state that they consent to these proposed dates, contingent on the City providing all missing discovery no less than three days prior to the deposition.

[3]  Defendant has sought an extension of time, until May 25, 2021 to respond to the motion for sanctions, and Plaintiffs have indicated that they do not oppose that request for extension.

Upon careful consideration of the parties' arguments in light of the procedural history of this case and the interest in a just, speedy, and inexpensive determination of civil actions as set forth in the Federal Rules of Civil Procedure, the Court will grant Plaintiffs' motion for extension in part.  The Court will order the parties to complete written discovery by no later than June 1, 2021,  and to produce to the opposing party by that date an affidavit or sworn declaration by a person with knowledge that production of written discovery is complete.  The Court will then extend the deadline for completion of all remaining non-written discovery, including depositions of any remaining fact or expert witnesses, until July 1, 2021.  Finally, the Court will extend the deadline to file any motion for class certification until July 15, 2021.

The Court will also grant Defendant's motion for extension of time, until May 25, 2021, to respond to Plaintiffs' motion for sanctions.  To the extent the Court's ruling on the motion for sanctions or any of the other pending discovery motions necessitates further amendment to the Case Management Order, the parties should meet and confer and attempt to reach agreement on such amendment, and if they cannot, they may file any appropriate motion at that time.

The Court will not otherwise impose restrictions on the scheduling of depositions.  However, the Court strongly encourages counsel to work in good faith and cooperatively to advance discovery in the most efficient and expeditious manner as possible so that they and this Court may finally address the merits of Plaintiffs' legal claims.

## **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for extension of deadlines is **GRANTED in part, as set forth above**.  ECF No. 190.

**IT IS FURTHER ORDERED** that the Case Management Order is amended as follows:

1.    The parties shall complete all written discovery in this case no later than **June 1, 2021**, and shall produce to the opposing party by that date an affidavit or sworn declaration by a person with knowledge that production of written discovery is complete.

2.    The parties shall complete all remaining non-written discovery, including depositions of any remaining fact or expert witnesses, no later than **July 1, 2021**

3.    Any motion for class certification must be filed no later **July 15, 2021**. Responses shall be filed no later than **21 days** after the motion is filed (and no later than **August 5, 2021**) and any reply may be filed no later than **10 days** thereafter (and no later than **August 16, 2021**).

Except as amended herein, the Case Management Order shall remain in effect. No further extensions of the deadlines to file case dispositive motions or the trial date will be granted absent a showing of extreme good cause.

**IT IS FURTHER ORDERED** that Defendant's motion for extension of time, until May 25, 2021, to respond to Plaintiffs' motion for sanctions is **GRANTED**.  ECF No. 189.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of May, 2021.