UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES CODY, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) )  Case No.  4:17-CV-02707-AGF |
| CITY OF ST. LOUIS, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Amend Case Management Order (ECF No. 264), which Plaintiffs oppose. Defendant seeks to stay the deadline to file any further dispositive motions until after the Court rules on Plaintiffs' pending motion for class certification with respect to Plaintiffs' claims for damages, and after the disposition of any Rule 23(f) interlocutory appeal of that decision.

In response, Plaintiffs argue that Defendant "waived" the right to request a ruling on class certification prior to dispositive motion briefing by agreeing to the current schedule in the numerous prior consent motions to amend the CMO. Plaintiffs further argue that they will suffer prejudice if the Court grants Defendant's motion because the delay would likely require postponement of the current February 14, 2022 trial date.

Upon careful consideration of the parties' arguments, and in the interests of

1

judicial economy, the Court concludes that a short extension of the deadline to file further dispositive motions is appropriate. Plaintiffs' claims of prejudice are undermined by their own repeated requests for extension of the CMO, including their request just a few months ago to stay the deadline for class certification motions until after the Court ruled on Defendant's pending motion or partial summary judgment on Plaintiffs' claims for injunctive and declaratory relief.[1] *See* ECF No. 234.

Nevertheless, the Court agrees that this litigation has already been drawn out too long. Thus, the Court will not stay the deadline for further dispositive motions during the pendency of any potential interlocutory appeal. Rather, the Court will stay the deadline until no later than **21 days** after the it rules on Plaintiffs' pending motion for class certification with respect to their claims for damages. If this requires a short continuation of the trial setting, which has been continued at the request of both sides multiple times already, the parties or the Court may address that need at the appropriate time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Amend Case Management Order is **GRANTED in part**, as set forth below. ECF No. 264

---

[1]  The Court granted that motion in part, extending the deadline to file class certification motions with respect to Plaintiffs' claims for injunctive or declaratory relief until 14 days after the Court rules on the motion for partial summary judgment. *See* ECF No. 236. The Court will impose a similar compromise here.

**IT IS FURTHER ORDERED** that the Case Management Order is amended as follows:

1.  Any further motions for summary judgment or motions for judgment on the pleadings must be filed no later than **21 days** after the Court rules on Plaintiffs' pending motion for class certification on their damages claims (ECF No. 248). Responses shall be filed no later than **28 days** after the motion is filed, and any reply may be filed no later than **14 days** thereafter.

Except as amended herein, the Case Management Order shall remain in effect.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of October, 2021.

3