UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES CODY, et al. )<br>)<br>    Plaintiffs, )<br>)<br>  v. )<br>)<br>CITY OF ST. LOUIS, )<br>)<br>    Defendant. ) | Case No. 4:17-CV-2707 AGF |

### MEMORANDUM AND ORDER

This putative class action is before the Court on Defendant City of St. Louis's ("City") motion for summary judgment (ECF No. 230) as to Plaintiffs' claims for declaratory and injunctive relief only, for lack of standing. On July 6, 2021, the Court also ordered Plaintiffs to show cause (ECF No. 233) why their claims for declaratory and injunctive relief should not be dismissed as moot.

For the reasons set forth below, the Court concludes that Plaintiffs lack standing to pursue their claims for declaratory and injunctive relief and will therefore dismiss those claims without prejudice and without reaching the question of mootness. The dismissal will be without prejudice to Plaintiffs seeking leave to amend if they believe standing can be established by way of a non-futile amendment.

### BACKGROUND

Viewing the evidence and all reasonable inferences in the light most favorable to Plaintiffs for purpose of the motion before the Court, the record establishes the following.

1

**Standing**

Plaintiffs James Cody, Jasmine Borden, Vincent Grover, John Doe, John Roe,[1] Michael Mosley, and Diedre Wortham were detained in City's Medium Security Institution ("MSI" or "the Workhouse") at various points from January to October of 2017.  These Plaintiffs filed suit against City on November 13, 2017, alleging that they had endured "unspeakably hellish and inhumane conditions" at MSI which violated their constitutional rights.  ECF No. 1 at 1.  In their prayer for relief, Plaintiffs sought class action certification, monetary damages, declaratory relief, and injunctive relief.[2]

On the day suit was filed, November 13, 2017, none of the named Plaintiffs was in custody at MSI.  However, after that date, named Plaintiff Eddie Williams was again arrested and detained at MSI from about March 7, 2018 to May 18, 2018 (ECF No. 239 at 27-30), during which time he allegedly was "subjected to the same unconstitutional jail conditions" experienced during his prior detention at MSI (ECF No. 237 at 6).

Additionally, named Plaintiff Callion Barnes, who was detained at MSI from June 29 to July 31, 2017 (ECF No. 22 at 10), was subsequently transferred to the City Justice Center ("CJC"), where he remained until January 22, 2018 (ECF No. 239 at 5-9).  Although Barnes was never transferred back to MSI after July 31, 2017, Plaintiffs

---

[1]   In their briefs, filed in the open record, the parties identify Plaintiff John Doe as Callion Barnes and Plaintiff John Roe as Eddie Williams.

[2]   Plaintiffs filed an amended complaint (ECF No. 22) on June 4, 2018. The amended complaint listed the same named Plaintiffs as in the original complaint and likewise sought class action certification, monetary damages, declaratory relief, and injunctive relief.

contend that the City could have transferred him back to MSI "at any moment and without notice or process" (ECF No. 237 at p. 6-7).

Furthermore, Plaintiffs assert that Jasmine Borden, Michael Mosley, and Eddie Williams were "out on bond while awaiting trial" on November 13, 2017 (ECF No. 237 at p. 7) and could have been reincarcerated at MSI if their bonds were revoked for any reason or if they were found guilty of another crime.

**Mootness**

As noted above, on July 6, 2021, the Court ordered Plaintiffs to show cause why Plaintiff's claims for declaratory and injunctive relief should not be dismissed as moot. ECF No. 233.  The Court took judicial notice of "City Mayor Tishaura O. Jones's Statement on Emptying the Workhouse, dated June 18, 2021, indicating that no detainees remain in MSI, as well as the Mayor's update on July 2, 2021, indicating that the '[b]udget for the Workhouse has officially been zeroed out as of July 1.'" *Id.* at 1-2.

In their responses to the Court's Order, the parties indicate that from June 17, 2021 to July 31, 2021, there were no inmates housed at MSI.  ECF No. 253 at 1.  Subsequently, however, the City transferred approximately 120 inmates from CJC to MSI, due to security disturbances at CJC.  ECF No. 254 at 1.  Thereafter, MSI's population hovered at approximately 100 inmates, where it remained at the time of Plaintiffs' most recent responsive filing on August 16, 2021.  *Id.* at 1-2.

Plaintiffs have also provided several declarations from MSI detainees dated August 5, 2021, stating under penalty of perjury that conditions at MSI as of that date continued to be poor due to, among other things, lack of medical treatment and medical

3

supplies, insect infestations, clogged drains, malfunctioning toilets with feces backing up into cells, flooding, and mold.  *Id.* at 2-5.

## ARGUMENTS OF THE PARTIES

### Standing

The City asserts that "[b]ecause no Plaintiff was in custody at MSI when this lawsuit was filed, Plaintiffs lack constitutional standing to assert their claims for declaratory and injunctive relief."  ECF No. 232 at 4.

Plaintiffs concede that no named Plaintiff was in custody at MSI at the time suit was filed but insist that standing for declaratory and injunctive relief was nevertheless maintained because Plaintiffs "were under a credible threat of being reincarcerated at MSI when they filed suit."  ECF No. 237 at 3.  And once reincarcerated, according to Plaintiffs, it was nearly certain that the named Plaintiffs would again be subject to the unconstitutional conditions alleged because these conditions represented the City's widespread policy, rather than an isolated incident.

Plaintiffs also contend that the City should have raised the standing issue at an earlier stage but that its failure to do so has given all parties and the Court the advantage of hindsight in assessing whether Plaintiffs faced a "credible threat" of reincarceration at MSI on November 13, 2017, the date Plaintiffs filed suit.  ECF No. 237 at 5.  Plaintiffs highlight Williams's reincarceration at MSI from March 7, 2018 to May 20, 2018 as clear evidence of that threat.  Plaintiffs also point to the threat of reincarceration of Barnes, who was held at CJC between July 31, 2017 and January 22, 2018 and was subject to potential transfer to MSI at that time, and of Borden, Mosley, and Williams, who were

4

out on bond as of the filing date and could have had their bonds revoked.

Finally, Plaintiffs request that, in the event that the Court finds that they lack standing to pursue their claims for equitable relief, they be granted leave to "add a plaintiff who was incarcerated on the date of filing in order to properly maintain their standing." ECF No. 237 at p. 8-9. Plaintiffs assert that although a district court would ordinarily be "well justified" in denying an amendment of the pleadings at this late stage, precedent exists to cure standing deficiencies well into litigation and that Plaintiffs be granted leave in view of the City's delay in raising the deficiency.

In reply, the City opposes Plaintiffs' reliance on post-filing events to support standing at the time of filing suit. The City likewise opposes Plaintiffs' request for leave to amend, arguing that such amendment would be futile and unfairly prejudicial.

**Mootness**

Plaintiffs assert that their claims for declaratory and injunctive relief are not moot because the City has not permanently closed down MSI and plans to continue using the facility for overflow purposes and/or to house a disciplinary unit. Plaintiffs rely on declarations from current MSI inmates, dated August 5, 2021, that allege continuing poor conditions at MSI. Plaintiffs further maintain that, even if the City temporarily voluntarily ceases to use the MSI, their equitable claims are not moot because the City cannot meet its burden in proving that its conduct would not re-occur.

In response, the City asserts that "circumstances have materially changed since Plaintiffs were housed at MSI four years ago" such that at least the vast majority of their equitable claims are now moot. ECF No. 253 at 2. In any event, the City argues that the

5

Court need not reach the question of mootness because Plaintiffs' equitable claims fail for lack of standing.

**DISCUSSION**

**Standing**

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The doctrine exists to limit "the category of litigants empowered to maintain a lawsuit in a federal court to seek redress for a legal wrong" and serves to "prevent the judicial process from being used to usurp the power of the political branches." *Id.* Three elements establish the "irreducible constitutional minimum" of standing, namely that the plaintiff must have suffered an injury in fact, fairly traceable to the challenged conduct of the defendant, and likely to be redressed by a favorable judicial decision. *Id.* An injury in fact is an "invasion of a legally protected interest" which is both "concrete and particularized" as well as "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

"The plaintiffs bear the burden of establishing these elements and must support each element in the same way as any other matter" on which they bear the burden of proof." *Animal Legal Def. Fund v. Vaught*, 8 F.4th 714, 718 (8th Cir. 2021) (citing *Lujan*, 504 U.S. at 561). Therefore, at the summary judgment stage, plaintiffs can no longer rely on "general factual allegations" of injury but must instead "'set forth' by affidavit or other evidence 'specific facts'" to meet their burden. *Lujan*, 504 U.S. at 561.

Moreover, as a "jurisdictional prerequisite," standing is "a threshold issue that [the

6

court is] obligated to scrutinize" at any stage and even "sua sponte if need be." *Bernbeck v. Gale*, 829 F.3d 643, 646 (8th Cir. 2016). "[S]tanding is to be determined as of the *commencement* of suit." *National Parks Conservation Ass'n v. EPA*, 759 F.3d 969, 973 (8th Cir. 2014) (quoting *Lujan*, 504 U.S. at 570 n.5) (emphasis added). A plaintiff "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC)*, 528 U.S. 167, 185 (2000); *see also City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) (holding that plaintiff had standing to pursue damages claim for alleged illegal chokehold but lacked standing to pursue injunctive relief). And in the class action context, "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)

The motion for summary judgment before the Court does not challenge Plaintiffs' standing to pursue their claims for damages regarding past constitutional violations. Rather, the motion challenges Plaintiffs' standing only with respect to their claims for prospective equitable relief. For standing to pursue those equitable claims, the named Plaintiffs must either have been detained at MSI at the time the suit commenced, in which case their injury in fact is "actual," or they must alternatively prove "imminent" and not "conjectural or hypothetical" injury as of that same date. Plaintiffs do not claim that any named Plaintiff was in custody at MSI on November 13, 2017, the date in question, but rather seek to prove that they faced imminent injury. Their arguments are unpersuasive.

Plaintiffs assert that they "were under a credible threat of being reincarcerated at

MSI when they filed suit." ECF No. 237 at 3. Plaintiffs also argue that the Court should consider that past harm to Plaintiffs as "probative" in determining the likelihood of harm reoccurring. *Id*. But there are no facts in the record to indicate that the named Plaintiffs have been repeatedly and specifically targeted for incarceration at MSI and were thus likely to be reincarcerated in the future. Plaintiffs instead ask the Court to engage in conjecture and speculation in assuming that the named Plaintiffs were under imminent threat of detention at MSI on November 13, 2017, based on only one prior incident of detention at MSI for each. This is insufficient to establish standing.

The Supreme Court has made clear that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). In *O'Shea*, like here, the named plaintiffs in a putative class action claiming illegal bond-setting and sentencing practices claimed imminent injury for standing purposes based on the likelihood that they would "again be arrested for and charged with violations of the criminal law and will again be subjected to bond proceedings, trial, or sentencing." *Id*. at 496. In other words, the named plaintiffs proposed that "that if [they] proceed to violate an unchallenged law and if they are charged, held to answer, and tried in any proceedings before petitioners, they will be subjected to the discriminatory practices that petitioners are alleged to have followed." *Id.* at 497. The Supreme Court rejected that proposition, holding that "attempting to anticipate whether and when these respondents will be charged with crime and will be made to appear before either petitioner takes us into the area of speculation

8

and conjecture." *Id.* at 488; *see also Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) (holding that an inmate's claim for injunctive relief to improve prison's conditions is moot if inmate is no longer incarcerated there, and inmate lacks standing to seek declaratory relief). The same is true here. Plaintiffs' claim of future injury is too speculative to satisfy the injury-in-fact requirement.

Nor can Plaintiffs establish standing based on facts that have transpired since the filing of the suit. The Eighth Circuit has made clear that plaintiffs may not "use evidence of what happened after the commencement of the suit" to retroactively show a "real and immediate" threat of injury at the time of filing suit. *See Park v. Forest Serv. of U.S.*, 205 F.3d 1034, 1037 (8th Cir. 2000). Plaintiffs offer no evidence to suggest that Williams, Barnes, or any other named Plaintiff was under imminent threat of reincarceration at MSI as of November 13, 2017. For example, there is no evidence that these Plaintiffs had violated any condition of their bonds, had been targeted for prosecution, or were slated for transfer to MSI from any other institution. *See, e.g., Lynch v. Leis,* 382 F.3d 642, 648 (6th Cir. 2004) (holding that the mere chance that a detainee out on bond would "fail to appear for a scheduled court date on his pending matters, violate the conditions of his pretrial release in some other way, or commit some other conduct leading to his arrest" was . . . "insufficient to confer Article III standing").

For these reasons, Plaintiffs are unable to meet their burden in establishing that any named Plaintiffs had standing to pursue declaratory or injunctive relief at the time suit was commenced. Therefore, the Court will dismiss those claims for lack of subject-matter jurisdiction without reaching the question of mootness.

**Leave to Amend**

As part of their response to the City's motion for partial summary judgment, Plaintiffs requested leave to amend their complaint to include at least one new named plaintiff "who was inside MSI on November 13, 2017" in order to establish standing for Plaintiffs' claims for declaratory and injunctive relief. ECF No. 237 at 8. The Court will not consider that request unless and until it is made in a properly supported motion and must attach a proposed amended complaint.[3] *Soueidan v. St. Louis Univ.*, 926 F.3d 1029, 1036 (8th Cir. 2019).

In such a motion, Plaintiffs must demonstrate that leave to amend is warranted under the Federal Rules of Civil Procedure, which includes showing good cause, no undue delay or undue prejudice, and also that the proposed amendment is not futile because of, for example, mootness[4] or other potential deficiencies. *See* Fed. R. Civ. P. 15

---

[3]     The parties have not cited, and the Court has not found, any Eighth Circuit precedent addressing whether named plaintiffs in a putative class action may "cure" their lack of standing with respect to a claim for relief by amending or substituting another named plaintiff with standing to pursue that claim. However, other federal courts appear to have permitted such amendment where the named plaintiffs had standing to pursue at least one claim for relief (such that the case as a whole is not dismissed) and where the proposed amendment is not otherwise barred. *See, e.g.*, *In re Impax Lab'ys, Inc. Sec. Litig.*, No. C 04-04802 JW, 2008 WL 11510780, at *5 (N.D. Cal. July 7, 2008) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999)); *Roco, Inc. v. EOG Res., Inc.*, No. 14-1065-JAR-KMH, 2014 WL 5430251, at *4 (D. Kan. Oct. 24, 2014); *but see Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1159–60 (10th Cir. 2011) ("Prior to class certification, the named plaintiffs' failure to maintain a live case or controversy is fatal to the case as a whole—that unnamed plaintiffs might have a case or controversy is irrelevant.").

[4]     *See Martin, supra*, 780 F.2d at 1337.

& 16. The deadline for City's response to such a motion, and for any reply, will be governed by the Court's Local Rules. *See* E.D. Mo. L.R. 4.01.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **GRANTED** to the extent that Plaintiffs' claims for declaratory and injunctive relief, only, are **DISMISSED without prejudice** for lack of subject-matter jurisdiction. ECF No. 230.

**IT IS FURTHER ORDERED** that any motion for leave to amend shall be filed no later than **21 days** from the date of this Memorandum & Order. Failure to comply with this Order will result in the result in the denial of any further leave to amend.

**IT IS FURTHER ORDERED** that, within **7 days** of the date of this Memorandum & Order, Plaintiffs shall file a notice advising the Court what, if any, part of Corizon, LLC's motion to partially quash Plaintiffs' amended subpoena duces tecum (ECF No. 205) relates to the *currently pending* claims and therefore remains for the Court's ruling. Failure to comply with this Order will result in the Court granting Corizon's motion to partially quash for the reasons stated in that motion.

                                                        */s/ Audrey G. Fleissig*
                                        AUDREY G. FLEISSIG
                                        UNITED STATES DISTRICT JUDGE

Dated this 12th day of October, 2021.