**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES CODY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 4:17-cv-2707-AGF |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE THE OPINION, TESTIMONY, AND REPORTS OF DEFENDANT'S PROPOSED EXPERT WITNESSES GEORGE HARDINGER AND JOSEPH GUNJA**

COME NOW Plaintiffs James Cody, Jasmine Borden, Michael Mosley, Diedre Wortham, Eddie Williams, and Callion Barnes ("Named Plaintiffs" or "Plaintiffs"), by their undersigned counsel, and for their Reply in Support of their Motion to Exclude the opinion, testimony, and reports of George Hardinger and Joseph Gunja (hereinafter, the "Motion") proposed by Defendant City of St. Louis ("Defendant"), pursuant to Fed. R. Evid. 702, state as follows:

**INTRODUCTION**

Plaintiffs have moved to exclude Messrs. Hardinger's and Gunja's testimony because (1) the opinions set forth in their reports are not the product of reliable principles or methods; (2) the opinions set forth in their reports are fundamentally unsupported and will be of no assistance to the jury; (3) Mr. Hardinger is attempting to opine on ultimate legal issues; and (4) the opinions set forth in Mr. Hardinger's report are not based on sufficient facts, data, or expertise. To a remarkable extent, Defendant fails to respond to Plaintiffs' arguments but instead spends nearly half its Response trumpeting Messrs. Hardinger's and Gunja's qualifications, which, as Defendant

-1-

itself concedes, are not at issue.[1]

In their Motion, Plaintiffs argue that Messrs. Hardinger's and Gunja's respective opinions are not the product of reliable principles and methods and thus should be excluded because they (1) disregarded generally accepted standards; (2) do not reliably apply their experience to the facts; and (3) fail to apply any discernable or reliable methodology. Defendant's cursory Response does nothing to refute these fundamental and fatal flaws that render Messrs. Hardinger's and Gunja's testimony inadmissible.

Defendant simply ignores Plaintiffs' remaining arguments. First, Messrs. Hardinger's and Gunja's testimony are fundamentally unsupported and will be of no assistance to the jury and thus, should be excluded because (a) Mr. Hardinger's conclusions are based on assumptions and unsupported by sufficient facts; and (b) Mr. Gunja's conclusions are unsupported by facts and are based on Defendant's own unverified statements. Second, Mr. Hardinger's testimony should be excluded to the extent it opines on the ultimate legal issue. Finally, portions of Mr. Hardinger's testimony should be excluded because (a) he reviewed no facts or data pertaining to conditions at MSI during the time period from 2012-2015; (b) he failed to examine facts and data for certain subject areas on which he opines; and (c) he admits his lack of expertise in certain subject areas on which he opines.

All the foregoing is legally impermissible, and Messrs. Hardinger's and Gunja's testimony, reports, and opinions should therefore be excluded in their entirety or, at a minimum, in relevant part.

---

[1] See ECF No. 283 at 1 ("Plaintiffs do not challenge Mr. Hardinger's or Mr. Gunja's qualifications.").

**ARGUMENT**

I. **MESSRS. HARDINGER'S AND GUNJA'S TESTIMONY SHOULD BE EXCLUDED BECAUSE THEY ARE NEITHER LINKED TO ANY GENERALLY ACCEPTED STANDARD OR METHODOLOGY, NOR ARE THEIR EXPERIENCES APPLIED RELIABLY TO THE FACTS**

An expert "must . . . explain how he reaches his conclusions – either by [1] linking them to generally accepted standards in the field or [2] by citing information within his own practical experience." *Andersen v. City of Chicago*, 454 F.Supp.3d 808, 814 (N.D. Ill. 2020). Messrs. Hardinger and Gunja do neither. Consequently, their testimony must be excluded.

   A. **Messrs. Hardinger and Gunja Fail to Link Their Conclusions to Any Generally Accepted Standards in Their Fields**

"[A]n expert may not simply tell the jury what result it should reach without providing any explanation of the criteria on which that opinion is based or any means by which the jury can exercise independent judgement." *United States v. Richter*, 796 F.3d 1173, 1195-96 (10th Cir. 2015) (internal quotation marks and citations omitted). This means that, where an expert's "report fails to adequately articulate or specify what the acceptable industry standards are," a court should strike such expert's testimony. *Novotny v. Weatherford Int'l*, LLC, No. 1:16-CV-260, 2017 WL 5987826, at *5-6 (D.N.D. Oct. 25, 2017).

In its Response, Defendant makes the unsupported claim that "[t]here is no requirement that Hardinger and [sic, presumably Gunja] tether every opinion to a specifically applicable national guideline or other written standard." ECF No. 283 at 6-7. Defendant provides no authority to support this erroneous assertion. Further, ***none*** of Messrs. Hardinger's and Gunja's opinions are tethered to applicable guidelines or written standards. While Defendant claims "both Hardinger and Gunja address ACA guidelines ***where appropriate***," Defendant cannot identify a single

instance in either report where Messrs. Hardinger or Gunja actually do so. *Id.* at 7 (emphasis added).

      **B.**      **Messrs. Hardinger and Gunja Fail to Reliably Apply Their Experience to the Facts**

"If [an expert] witness is relying solely or primarily on experience, then the witness must explain ***how*** that experience leads to the conclusion reached, ***why*** that experience is a sufficient basis for the opinion, and ***how*** that experience is reliably applied to the facts." Fed. R. Evid. 702, Advisory Committee's Note to the 2000 amendment (emphases added). By citing to two respective instances where each purported expert makes a passing reference to their experience, Defendant confirms the points Plaintiffs make in their Motion—*viz.*, Messrs. Hardinger and Gunja fail to explain ***how*** their respective experiences led to the conclusions reached, ***why*** those experiences are a sufficient basis for such an opinion, or ***how*** that experience is particularly applied to the facts. *See* ECF No. 283 at 6. Without explaining the how and why beyond a fleeting reference to past experience, it is impossible for Plaintiffs, the Court, or a jury to assess the reliability of Messrs. Hardinger's and Gunja's opinions.

      **C.**      **Messrs. Hardinger and Gunja Fail to Apply Any Discernable or Reliable Methodology**

Where an expert "[provides] no summary of any principles or methods he applied," and his report "does not explain how he arrived at his conclusions, other than that he reviewed documents and determined the staff did nothing wrong," and does not "contain any explanation of how his experience applies to arrive at his conclusions," that report should be excluded. *Cox v. Glanz*, No. 11-CV-457-JED-FHM, 2014 WL 916644, at *3 (N.D. Okla. Mar. 10, 2014). Without citing any supporting authority, Defendant claims "Hardinger and Gunja's methodology was that any correctional expert charged with assessing the general conditions and operation of a

correctional institution would employ," and then merely list documents they reviewed. ECF No. 283 at 5-6. Messrs. Hardinger's and Gunja's reports thus suffer from precisely the same fatal flaw that compelled exclusion of the expert report and testimony in *Cox*. 2014 WL 916644, at *3.

## II. MR. HARDINGER'S TESTIMONY ON ULTIMATE LEGAL CONCLUSIONS SHOULD BE EXCLUDED

While "expert testimony on industry practice or standards is admissible" (*S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003)), "[i]t is well-settled that experts may not offer legal conclusions about a case." *Lombardo v. St. Louis City*, No. 4:16-CV-01637-NCC, 2019 WL 414773, at *8 (E.D. Mo. Feb. 1, 2019) (citations and quotations omitted); *see also In re Acceptance Ins. Cos. Sec. Litig.*, 423 F.3d 889, 905 (8th Cir. 2005) (exclusion compelled where expert opinions "were more or less legal conclusions about the facts of the case").

Mr. Hardinger's report plainly offers ultimate legal conclusions regarding "the Court established Standard of Care," Defendant's "Constitutional responsibilities," and whether Defendant has "been deliberately indifferent to the constitutional rights of those detained." ECF No. 272 at 21-22. These legal conclusions are inadmissible. Defendant's Response fails to address these patently improper portions of Mr. Hardinger's report.

## III. THE PORTIONS OF MR. HARDINGER'S TESTIMONY LACKING A PROPER FOUNDATION SHOULD BE EXCLUDED

"If a party believes that an expert opinion has not considered all of the relevant facts, an objection to its admission is appropriate." *Neb. Plastics, Inc.*, 408 F.3d at 416. Mr. Hardinger's report neither identifies, nor analyzes any documents pertaining to MSI conditions prior to 2016 and therefore, Mr. Hardinger lacks sufficient facts and data to opine about MSI conditions from 2012 to 2015. *See* ECF No. 272 at 22-23. Additionally, Mr. Hardinger confirmed during his

deposition that he did not evaluate and cannot offer an opinion on a wide variety of subject areas, including security operations, use of force, PREA compliance, housing assignments, staff training, clothing and laundry, food safety, and treatment programs and services, including recreation, education, visiting, and self-help activities. *Id.* at 24. Therefore, Mr. Hardinger's opinions on those topics must be excluded. Further, Mr. Hardinger attempts to opine on specialized areas of environmental health even though he admits he lacks any formal training in that area[2]—including climate control, air quality and air quality standards, sanitation, pest control, and fire safety. *See id.* at 24. Lacking such expertise, all of Mr. Hardinger's testimony on these areas must be excluded.

\* \* \* \* \*

By ignoring most of Plaintiffs' arguments, Defendant effectively concedes that Messrs. Hardinger's and Gunja's testimony should be excluded for the reasons initially detailed in Plaintiffs' Motion. *See, e.g.*, *Semi-Materials Co., Ltd. v. MEMC Elec. Materials, Inc.*, No. 4:06-cv-1426, 2011 WL 134078, at *4 (E.D. Mo. Jan. 10, 2011) (construing plaintiff's failure to address defendants' argument in motion to exclude testimony "as an abandonment of plaintiff's intention to introduce such opinion"); *Georges v. Accutira Mortg., Inc.*, No. 4:08-cv-201, 2008 WL 2079125, at *5 (E.D. Mo. May 15, 2008) (accepting movant's arguments where non-movant failed to respond to its merits); *Spencer v. Moreno*, No. 4:08-cv-201, 2003 WL 1043318, at *5 (D. Neb. Mar. 11, 2003) (failure to respond to arguments raised in defendants' motion appears to constitute concession to defendants' argument).

---

[2] Unlike Mr. Hardinger, Plaintiffs' expert, Mr. Balsamo, has spent 50+ years as a public health professional and environmental health and safety expert. *See*, Balsamo Rep't, Oct. 16, 2019, App. D; Balsamo Dep. at 352:1-3.

**CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that for the reasons stated herein and in Plaintiffs' Memorandum in Support of their Motion to Exclude the Opinions, Testimony, and Reports of Defendant's Proposed Expert Witnesses George Hardinger and Joseph Gunja, this Court should exclude Messrs. Hardinger's and Gunja's report and preclude them from testifying in any trial of this matter.

Dated:   November 22, 2021                    Respectfully submitted,

By: /s/ *Nathaniel R. Carroll*

**ARCHCITY DEFENDERS, INC.**
Blake A. Strode (MBE #68422MO)
Jacki J. Langum (MBE #58881MO)
John M. Waldron (MBE #70401MO)
Nathaniel R. Carroll, (MBE #67988 MO)
Maureen G. V. Hanlon (MBE #70990MO)
Brandon L. Jackson (MBE #68159MO)
440 N. 4th Street, Suite 390
Saint Louis, Missouri 63102
855-724-2489 ext. 1012
314-925-1307 (fax)
bstrode@archcitydefenders.org
jlangum@archcitydefenders.org
jwaldron@archcitydefenders.org
ncarroll@archcitydefenders.org
mhanlon@archcitydefenders.org
bjackson@archcitydefenders.org

and

**DLA PIPER LLP (US)**
By: */s/ Gail Rodgers*
Gail Rodgers (*Pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Phone: 212-335-4696
Fax: 212-884-8696
gail.rodgers@dlapiper.com

Dennis Kiker (*Pro hac vice*)

2525 East Camelback Road, Ste 1000
Phoenix, Arizona
Phone: 480-606-5100
Fax: 480-606-5101
dennis.kiker@dlapiper.com

*Attorneys for Plaintiffs*