UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES CODY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-2707 AGF |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The named plaintiffs in this putative class action claim that they endured

inhumane conditions, in violation of the Eighth and Fourteenth Amendments, while

detained either pre-trial or post-conviction in the City of St. Louis's Medium Security

Institution ("MSI" or "the Workhouse") at various points from January to October of

2017.  They filed suit against the City on November 13, 2017, seeking class action

certification, monetary damages, declaratory relief, and injunctive relief.

On June 23, 2021, the City moved for summary judgment as to the claims for

declaratory and injunctive relief only, for lack of standing, because no named plaintiff

was detained in MSI as of the date the complaint was filed.  Plaintiffs opposed the motion

and further requested that, if the Court found they lacked standing, they be granted leave

to amend their complaint in order to add a plaintiff "who was inside MSI on November

13, 2017," in an attempt to cure any standing deficiencies.  ECF No. 237 at p. 8.

The Court granted Defendant's motion and dismissed Plaintiffs' claims for

declaratory and injunctive relief without prejudice, for lack of standing.  ECF No. 268.

The Court further held that it would not consider Plaintiffs' request for leave to amend unless and until it was made in a properly supported motion accompanied by a proposed amended complaint.  ECF No. 268 at 10.  The Court cautioned that, in such a motion Plaintiffs must demonstrate that leave to amend is warranted under the Federal Rules of Civil Procedure, which includes showing good cause, no undue delay or undue prejudice, and also that the proposed amendment is not futile.  *Id.*

The matter is now before the Court on Plaintiffs' motion for leave to amend, in which they seek to add two named plaintiffs who were incarcerated at MSI on the date the complaint was filed, November 13, 2017, but who have since been released. These two proposed plaintiffs seek to serve as the class representatives for the putative class claims seeking declaratory and injunctive relief.  The City opposes the motion, arguing that the proposed amendment is futile, would cause unfair prejudice, and was unduly delayed.  For the reasons set forth below, the Court will deny Plaintiffs' motion.

## DISCUSSION

As a general rule, leave to amend a party's pleadings should be freely given when justice so requires.  *See* Fed. R. Civ. P. 15(a). But where, as here, a party seeks leave to amend the pleadings after the case management deadline has passed, courts must first determine whether good cause exists under Rule 16(b)(4).  *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).  Good cause requires a showing of diligence in attempting to meet the case management deadline.  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).

If the movant establishes good cause, courts will consider whether amendment is

2

proper under Rule 15(a).  *See id.*  Under Rule 15(a), leave to amend should be granted unless "undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated."  *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (citations, omitted).  "Amendment is futile if the proposed amended complaint does not establish a court's subject matter jurisdiction over the action."  *Am. Ins. Co. v. St. Jude Med., Inc.*, 597 F. Supp. 2d 973, 979 (D. Minn. 2009).   Amendment is also futile "if the amended claim could not withstand a motion to dismiss under Rule 12(b)(6)."  *Hillisheim*, 897 F.3d at 955 (citation omitted).

Regardless of whether Plaintiffs have established good cause, the Court concludes that leave to amend should be denied because the proposed amendment is futile.  The City argues, and Plaintiffs seem to concede, that "the standing of a later-added plaintiff is determined as of the date of the amended complaint which brings the later-added plaintiff into the action."  ECF No. 291 (citing *Lynch v. Leis*, 382 F.3d 642, 647-48 (6th Cir. 2004)); *see also* Pls.' Reply, ECF No. 295 at 2 (conceding that "*Lynch* appears to be instructive as to the question of the point in time standing is determined for a later-added plaintiff seeking injunctive relief").  If that is the case, neither of the proposed new plaintiffs would have standing to pursue injunctive or declaratory relief because, as held by the Court in its summary judgment order, neither is currently incarcerated at MSI.  *See O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."); *Martin v. Sargent,* 780

F.2d 1334, 1337 (8th Cir. 1985) (holding that an inmate lacked standing to seek declaratory relief regarding prison conditions once inmate was no longer incarcerated there, and inmate lacks standing to seek declaratory relief)..[1]

But the Court need not decide whether the proposed new plaintiffs would have standing in this case because, even if they do, their claims for injunctive and declaratory relief would be moot.  *See Martin,* 780 F.2d at 1337 (holding that an inmate's claim for injunctive relief to improve prison's conditions is moot if inmate is no longer incarcerated there).  Thus, the proposed amendment is futile.

Plaintiffs alternatively suggest that they should be allowed yet another chance to submit a proposed amended complaint, this time to add "a plaintiff *currently* detained in MSI to seek injunctive relief . . . ."  ECF No. 295 at 2-3. The Court will deny that request.

This case has been pending for four years, and trial is set to begin in less than three months.  Granting Plaintiffs' request to find and add a new plaintiff would undoubtedly require reopening of discovery and continuing the trial setting.  *See In re Milk Prod. Antitrust Litig.*, 195 F.3d 430, 438 (8th Cir. 1999) (holding that the "reopening [of] class discovery and further delay" required by a proposed amendment was "precisely the sort

---

[1]    The Court rejects Plaintiffs' assertion that this Court "order[ed]" them "to name additional plaintiffs who were in MSI on November 13, 2017" in any proposed amended complaint  ECF No. 295 at 1.  To the contrary, Plaintiffs, as masters of their complaint, asked the Court for permission "to add a plaintiff who was incarcerated on the date of filing in order to properly maintain their standing."  ECF No. 237 at 9.  The Court rejected that request because it was not contained in a properly supported motion, and the Court ordered, quite simply, that any request for leave to amend must be contained in such a motion, must attach a proposed amended complaint, and "must demonstrate that leave to amend is warranted under the Federal Rules of Civil Procedure . . . ."  ECF No. 268 at 10.

of prejudice that justifies denial of a motion to amend under Rule 15(a)").[2]

Further, the circumstances at MSI have changed significantly since this case was filed.  As the Court previously noted (ECF Nos. 233 & 268), the City has taken steps to close MSI, and the conditions of MSI have evolved accordingly.  The Court previously declined to decide whether these changes were significant enough to moot Plaintiffs' equitable claims, instead dismissing such claims for lack of standing.  ECF No. 268.  But the changes certainly cast doubt on the ability of a currently incarcerated detainee to adequately represent Plaintiffs' proposed and incredibly broad injunctive class of "[a]ll persons who are, have been, or will in the future become detainees in the Workhouse." *See* ECF No. 284-1 at ¶ 199.  For all of these reasons, further efforts to amend will not be permitted.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for leave to amend is **DENIED**.  ECF No. 284.

*Audrey G. Fleissig*
_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of December, 2021.

---

[2]    While it is true that the City did not raise the issue of standing until very late in this litigation, there is no reason why Plaintiffs could not have discovered and remedied the jurisdictional defect earlier.  *See Valcho v. Dallas Cty. Hosp. Dist.*, 658 F. Supp. 2d 802, 815 (N.D. Tex. 2009) (explaining that a plaintiff's unawareness of pleading deficiencies until after the issue was raised in the defendant's motion for summary judgment was "not a reasonable explanation for failing to seek timely leave to amend").