UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES CODY, et al., individually and on behalf of all other similarly situated individuals,<br><br>       Plaintiffs,<br><br>vs.<br><br>CITY OF ST. LOUIS,<br><br>       Defendant. | Case No. 4:17-cv-2707-AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion for leave to file an amended complaint. ECF No. 305. For the following reasons, the motion will be granted in part and denied in part.

## BACKGROUND

In this putative class action against the City of St. Louis (the "City"), seven named plaintiffs allege that they endured inhumane conditions while detained at the City's Medium Security Institution. At the outset of this case, two of the seven named plaintiffs filed under the pseudonyms "John Doe" and "John Roe." ECF No. 1. The unnamed plaintiffs explained in the complaint that they brought their claims anonymously due to "fear of retaliation, reputational harm, and social stigma," given that they still had pending criminal cases in the City at that time. *Id.* at n.1. However, neither sought permission from this Court to proceed under a pseudonym.

As part of their Rule 26 disclosures produced in August 2018 (approximately nine months after the complaint was filed), Plaintiffs Doe and Roe disclosed to the City their true identities as Callion Barnes and Eddie Williams, respectively. And in the approximately four years that have passed since then, Barnes and Williams have participated actively in this litigation by answering interrogatories, submitting to depositions, and filing motions in the Court, all with no objection by the City.

The City did not object to these Plaintiffs' anonymous pleading until September 2021, when the City raised this argument as part of their opposition to Plaintiffs' motion for class certification. ECF No. 262. In that opposition brief, the City argued that Barnes and Williams (who were identified by name in Plaintiffs' class certification motion) were inadequate to serve as class representatives because they had never sought leave from the Court to proceed anonymously. ECF No. 262, at 33–34. In response, these Plaintiffs indicated that they would seek leave to either retroactively proceed anonymously or to amend their complaint to substitute the pseudonyms with the parties' true names. ECF No. 280, at 13 n.2.

On December 27, 2021, the Court denied class certification but also directed that any motion for leave to attempt to cure any pleading defect regarding Plaintiffs Doe and Roe be filed within 14 days of the Court's Order. ECF No. 302, at 2, n.3. In response, Plaintiffs have filed the instant motion for leave to amend.[1]

The City opposes Plaintiffs' motion to amend. The City argues that, because they failed to secure leave to proceed anonymously, neither Barnes nor Williams validly

---

[1] In a separate filing, Plaintiffs have also moved to certify more narrowly defined classes. The Court will address that motion by separate order.

2

commenced an action in this Court. The City further argues that Barnes and Williams should not be permitted to join the action by way of amendment at this late stage of litigation.

## DISCUSSION

### Jurisdictional Implications of Rule 10(a)

Federal Rule of Civil Procedure 10(a) provides that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The Rules include no provision enabling a plaintiff to proceed anonymously. However, federal courts have permitted plaintiffs to proceed using a fictious name when it is justified by the circumstances. *See, e.g.*, *J.T.H. v. Missouri Dep't of Soc. Servs., Children's Div.*, No. 1:20 CV 222 ACL, 2020 WL 7480563, at *1 (E.D. Mo. Dec. 18, 2020) (applying "totality-of-the-circumstances balancing test" to determine if a party can proceed using a pseudonym). The party seeking to proceed anonymously must request permission from the district court to do so. *See United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1249 (10th Cir. 2017). It is undisputed that no such request was made by Barnes or Williams in this case.

The Eighth Circuit has not addressed the issue of whether failure to seek leave to proceed anonymously or otherwise comply with Rule 10(a) deprives federal courts of jurisdiction over unnamed parties. *See Capers v. Nat'l R.R. Passenger Corp.*, 673 F. App'x 591, 593 n.3 (8th Cir. 2016) (per curiam) (declining to "weigh in on the jurisdictional implications of Rule 10(a)," and addressing only whether a motion to amend a complaint to reflect the true identity of a Doe plaintiff related back to the original complaint for statute-of-limitations purposes).[2] Other circuits are split on the issue. *Compare Nat'l Commodity &*

---

[2]   The City has not raised a statute-of-limitations defense regarding Barnes or Williams.

*Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (per curiam) (holding that, absent permission by the district court to proceed anonymously, "[t]he federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them"), *with* *B.R. v. F.C.S.B.*, 17 F.4th 485, 496 (4th Cir. 2021) (declining to follow the decision in *Gibbs*, and characterizing the Tenth Circuit's language as a "drive-by jurisdictional ruling" which did not truly consider whether the improper use of a pseudonym deprives the court of power to hear the case).

But regardless of whether the Court had jurisdiction over Plaintiffs Doe and Roe at the outset, there appears to be no dispute that, if the Court were to grant the instant motion for leave to amend, Barnes and Williams will have commenced a valid action over which the Court has jurisdiction at least as of the date of the Court's Order granting leave.  Thus, assuming that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 15 and 16 regarding leave to amend in this case, Plaintiffs' prior failure to request permission to proceed anonymously does not operate as a jurisdictional bar.

**Leave to File an Amended Complaint Under Rules 15 and 16**

As a general rule, leave to amend a party's pleadings should be freely given when justice so requires.  *See* Fed. R. Civ. P. 15(a). But where, as here, a party seeks leave to amend the pleadings after the case management deadline has passed, courts must first determine whether good cause exists under Rule 16(b)(4).  *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).  Good cause requires a showing of diligence in attempting to meet the case management deadline.  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).

4

If the movant establishes good cause, courts will consider whether amendment is proper under Rule 15(a). *See id.* Under Rule 15(a), leave to amend should be granted unless "undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (citations, omitted).

Although Barnes and Williams may not have been diligent in seeking permission from this Court to proceed anonymously, they have otherwise complied with the obligations of the Court's scheduling orders, including by actively participating in discovery throughout the progression of this case. They also complied with the Court's more specific deadline by which to file any motion for leave to attempt to cure the pleading defect with respect to the Doe and Roe Plaintiffs. Thus, the Court concludes that Plaintiffs have demonstrated sufficient diligence to satisfy Rule 16.

The Court further concludes that leave to amend is warranted under Rule 15(a). The Court rejects the City's argument that that Plaintiff's proposed amendment will result in unfair prejudice. As Plaintiffs emphasize, the City has known the identities of Barnes and Williams since at least August of 2018. The City has thus been able to conduct discovery with full knowledge of Barnes' and Williams' identities. Plaintiffs' proposed amendment would only function to confirm in writing what is already known to all parties and the Court. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 n.11 (9th Cir. 2000) ("[W]hatever knowledge defendants have of plaintiffs' identities only lessens their claims to be prejudiced by the use of pseudonyms.").

However, the City correctly notes that the proposed amended complaint continues to assert claims for injunctive and declaratory relief which the Court previously dismissed for

lack of subject-matter jurisdiction.  *See* ECF Nos. 268 & 301.  The proposed amended complaint likewise continues to name Vincent Grover as a Plaintiff, despite his dismissal from this case for failure to prosecute and failure to comply with a Court order.  *See* ECF No. 311.  For the reasons described in the Court's prior Orders (ECF Nos. 268, 301 & 311), the Court will deny Plaintiffs' motion for leave to amend in part, on the basis of futility, to the extent the proposed amended complaint seeks to reinstate Plaintiffs' claims for injunctive and declaratory relief and Plaintiff Vincent Grover's claims.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to Amend is **GRANTED in part and DENIED in part**, as set forth above.  ECF No. 305.  The Clerk of Court shall detach and file ECF No. 306-3 at Plaintiffs' Second Amended Complaint, which will be deemed limited in the manner set forth above.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate Plaintiffs John Doe and John Roe, and shall add Callion Barnes and Eddie Williams as party Plaintiffs. Plaintiff Vincent Grover shall remain terminated.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of April, 2022.