UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES CODY, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-2707 AGF |
| ) | |
| CITY OF ST. LOUIS, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion under Federal Rule of Civil Procedure 23(c)(1)(C) for leave to file a second renewed motion proposing narrower class definitions and for class certification. ECF No. 387. As required by the Tenth Amended Case Management Order (ECF No. 380), Plaintiffs have attached their proposed second renewed motion for class certification (the "Second Renewed Motion"). ECF No. 390-1. Defendant the City of St. Louis ("the City") opposes Plaintiffs' request for leave. For the reasons set forth below, the Court will grant Plaintiffs' motion for leave and direct the Clerk of Court to detach and file Plaintiffs' Second Renewed Motion, as well as their supporting memorandum and exhibits.

## BACKGROUND

On May 25, 2022, the Court granted Plaintiffs' first renewed motion for class certification of the following four classes of pre-trial and post-conviction detainees who claimed to have experienced inhumane conditions while detained at the City's Medium

Security Institution ("MSI"):

> **Narrowed Pretrial Conditions Class**: All persons who were pretrial detainees in MSI between November 13, 2012 and July 1, 2018.
>
> **Narrowed Pretrial Heat Subclass**: All pretrial detainees who were detained in dormitories in MSI between November 13, 2012 and July 24, 2017 on days where the ambient air temperature in St. Louis, Missouri equaled or exceeded 88 degrees Fahrenheit.
>
> **Narrowed Post-Conviction Conditions Class**: All persons who were post-conviction detainees in MSI between November 13, 2012 and July 1, 2018.
>
> **Narrowed Post-Conviction Heat Subclass**: All post-trial detainees who were detained in dormitories in MSI between November 13, 2012 and July 24, 2017 on days where the ambient air temperature in St. Louis, Missouri equaled or exceeded 88 degrees Fahrenheit.

ECF No. 335 at 20.

In an opinion dated June 3, 2024, the Eighth Circuit Court of Appeals reversed this Court's certification of the four classes and remanded the case for proceedings consistent with the appellate court's opinion. *Cody v. City of St. Louis*, 103 F.4th 523 (8th Cir. 2024).

With respect to the two classes more broadly alleging inhumane conditions, the Eighth Circuit held, in part, that this Court "abused its discretion when it erroneously concluded that variations in the length of time of an individual plaintiff's detention spoke only to damages, not liability." *Id.* at 533. The Eighth Circuit noted in this regard that it was not holding "that *no* class addressing Plaintiffs' conditions complaints could ever be properly certified," but only "that, as presently defined, dissimilarities within the proposed classes impede the generation of common answers." *Id.* (cleaned up and

2

citation omitted).

With respect to the heat subclasses, the appellate court found that this Court should have conducted a more "rigorous analysis" before concluding that (1) a violation of the Eighth Amendment or of due process could be established in the Eighth Circuit based on exposure to excessive heat without adequate mitigating measures, and (2) such a violation could be attributed to the City under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  The appellate court thus reversed certification of the heat subclasses as an abuse of discretion.  *Cody*, 103 F.4th at 534.  However, the Eighth Circuit further stated: "Should the district court entertain further motions to certify heat subclasses on remand, we leave it to the district court to conduct the requisite rigorous analysis in the first instance."  *Id.*

Plaintiffs now seek leave to file such a further motion.  Specifically, Plaintiffs' Second Renewed Motion proposes a narrowed definition of two heat-based classes[1] and attempts to address the Eighth Circuit's concerns regarding these classes by providing more robust caselaw supporting a constitutional rule in the Eighth Circuit regarding detainee exposure to extreme temperatures, expanding on the theory of *Monell* liability underlying the heat claims, and narrowing the proposed classes to only those individuals exposed to extreme temperatures for seven or more days.

---

[1] Plaintiffs do not seek to renew their motion to certify the classes alleging inhumane conditions more generally.

As noted above, the City opposes Plaintiffs' motion seeking leave.  The City argues that the proposed Second Renewed Motion comes too late, as the deadline for seeking class certification has long passed.  Further, the City argues that granting leave will prejudice the City and the individual named Plaintiffs, some of whom no longer seek to represent the newly proposed heat classes,[2] by delaying litigation of the individual claims.  The City also argues that the Second Renewed Motion may require additional discovery, such as discovery regarding the identity of the newly proposed class members, which will cause further delay.  Finally, the City argues that the motion for leave is futile because the Second Renewed Motion lacks merit.

## **DISCUSSION**

Rule 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment."  Fed. R. Civ. P. 23(c)(1)(C).  In its opinion on appeal, the Eighth Circuit clarified that district courts have "broad discretion" to determine whether to entertain motions to reconsider class certification under Rule 23(c)(1)(C), including motions seeking certification of a more modest class.  *Id.* at 529.  A district court's discretion is abused "only if it rests its conclusion on clearly erroneous factual findings or if its decision relies on erroneous legal conclusions." *Id.*

---

[2]  According to Plaintiffs, "prior class representatives Jasmine Borden and Diedre Wortham were not detained in MSI's dormitories and will not be class representatives for the [newly proposed] Heat Classes. As the general conditions classes were decertified, their general conditions claims, along with the general conditions claims of the Heat Plaintiffs, will need to proceed on an individual basis." ECF No. 390-2 at 2, n1.

The Court will exercise its broad discretion to grant Plaintiffs leave here. While the Court appreciates the number of years that this case has been pending and the prejudice to all parties that such delay necessarily causes, Plaintiffs' filing (and the additional delay that it may require) should come as no surprise to any party.[3] The Eighth Circuit's opinion in this case expressly contemplated the filing of a renewed class certification motion on remand, and Plaintiffs sought leave and attached their proposed Second Renewed Motion promptly thereafter.

Further, Plaintiffs assert that the newly proposed modified classes are simply a smaller subset of the previously certified heat subclasses and are based on an identical theory of liability and set of facts as the previous classes. As such, the Court does not foresee the need for much, if any, additional discovery. Finally, the Court is not convinced at this stage that Plaintiffs' proposed Second Renewed Motion is so lacking in merit as to render their motion for leave futile.

For all of these reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion Pursuant to Fed. R. Civ. P. Of Civil Procedure 23(C)(1)(C) Seeking Leave to File a Second Renewed Motion Proposing Narrower Class Definitions and for Class Certification is **GRANTED**. ECF No. 387.

---

[3] Regarding potential prejudice to the named Plaintiffs, the Court notes that it is the named Plaintiffs' attorneys who are seeking leave here, so it can be fairly assumed that these Plaintiffs are willing to delay the litigation of their individual claims.

**IT IS FURTHER ORDERED** that, as set forth in the Tenth Case Management Order (ECF No. 380), the Clerk of Court shall detach and file the following:

A. ECF No. 390-1 as Plaintiffs' Second Renewed Motion Proposing Narrower Class Definitions and for Class Certification;

B. ECF No. 390-2 as Plaintiffs' Memorandum in Support of the above-noted motion; and

C. ECF Nos. 390-3 through 390-35, ECF Nos. 389-1 through 389-8, and ECF Nos. 392-1 through 392-5 as Plaintiffs' exhibits attached to their Memorandum in Support and filed under seal only to the extent the Court has previously allowed.

**IT IS FURTHER ORDERED** that Defendants' response to Plaintiffs' Second Renewed Motion Proposing Narrower Class Definitions and for Class Certification shall be filed within **30 days** of this Memorandum and Order, and any reply shall be filed no later than **21 days** after the response is filed.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 31st day of October, 2024.