IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES CODY, *et al.*, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ST. LOUIS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 4:17-cv-2707-AGF<br>)<br>)<br>)<br>)<br>) |

**CONSENT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

Plaintiffs,[1] on behalf of themselves and all others similarly situated, with consent of Defendant City of St. Louis (collectively, the "Parties") hereby move this Court for an Order preliminarily approving the terms of a proposed class action settlement; certifying the class for settlement purposes only pursuant to Rule 23 of the Federal Rules of Civil Procedure; approving the form and method of providing notice of the class action settlement to the class; and scheduling a final approval hearing regarding the settlement. In support of this Motion, and as set forth in more detail in the accompanying Memorandum, Plaintiffs respectfully state as follows:

1. In the above-captioned case, Plaintiffs allege that the City of St. Louis (the "City") violated the Eighth and Fourteenth Amendments of the Plaintiffs and other similarly situated individuals regarding the conditions at the City's Medium Security Institution.

2. Defendant has denied and continues to deny Plaintiffs' claims and allegations in the above-captioned actions and Defendant denies any wrongdoing or liability of any kind to

---

[1] The named Plaintiffs are Plaintiffs James Cody, Callion Barnes, Jasmine Borden, Michael Mosley, Eddie Williams, and Diedre Wortham (collectively, "Plaintiffs" and each a "Plaintiff").

1

Plaintiffs or to any class member.

3. On February 24, 2025, after more than seven years of litigation, Plaintiffs and Defendant negotiated a class action Settlement Agreement which will resolve in full Plaintiffs' claims in the above-captioned case. The Settlement—which was the product of arms' length negotiations and several mediations—will provide meaningful compensation to the proposed class and avoids the risks and delay of further litigation.

4. "The policy in federal court favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context." *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 08-MDL-1958 ADM/AJB, 2013 WL 716088, at *6 (D. Minn. Feb. 27, 2013). "The court's role in reviewing a negotiated class settlement is 'to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned.'" *Marshall v. Nat'l Football League*, 787 F.3d 502, 509 (8th Cir. 2015) (quoting *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005)).

5. Factors considered in determining whether a class action settlement is fair, reasonable, and adequate support approval of the Settlement in this case for the reasons set forth in the accompanying Memorandum. *See* Fed. R. Civ. P. 23(e)(2); *see also Risch v. Natoli Eng'g Co.*, LLC, 4:11CV1621 AGF, 2012 WL 3242099, at *2 (E.D. Mo. Aug. 7, 2012).

6. The Settlement provides compensation to the proposed class that the Parties seek to certify pursuant to Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only. In particular, the Parties request that the Court provisionally certify one class for settlement purposes only:

> All persons who were detained in the St. Louis Medium Security Institute for five or more cumulative days between November 13, 2012 and June 30, 2022.

7. The Parties agree, for settlement purposes only, that the proposed class satisfies all requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. The requirements of Rule 23(b)(3) are also satisfied because "questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Claxton v. Kum & Go, L.C.*, 6:14-CV-03385-MDH, 2015 WL 3648776, at *4 (W.D. Mo. June 11, 2015). Accordingly, conditional certification of the Class for settlement purposes only is appropriate.

8. The Plaintiffs also request the Court's approval of their proposed plan to provide notice of the Settlement. The plan contemplates direct notice to members of the class, as well as publication of the Settlement in the *St. Louis Post-Dispatch* and *St. Louis American*. The Notice—which will be in substantially the same form as Exhibit 1.A to the Settlement Agreement—will describe the Settlement, advise class members of their rights to opt out of or object to the Settlement, and provide the date of the Final Approval Hearing to be scheduled by this Court.

9. The proposed notice plan is reasonable. "Notice of a settlement proposal need only be as directed by the district court . . . and reasonable enough to satisfy due process." *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1176 (8th Cir. 1995). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, MDL 1559 4:03-MD-015, 2004 WL 3671053, at *8 (W.D. Mo. Apr. 20, 2004) (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999)).

10. Finally, Plaintiffs request that this Court schedule a Final Approval Hearing, at which the Court will consider whether to grant final approval of the Settlement and determine the

3

amount of any attorneys' fees and costs awarded to Class Counsel and Service Awards awarded to the Class Representatives.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order (1) preliminarily approving the proposed class action settlement; (2) certifying the Settlement Class for settlement purposes only; (3) approving the Notice and dissemination of Notice to the Class Members; and (4) scheduling a Final Approval Hearing.

Dated:  May 6, 2025                                       Respectfully submitted,

**ARCHCITY DEFENDERS, INC.**

By: /s/ *Nathaniel R. Carroll*
Blake A. Strode (MBE #68422 MO)
Jacki J. Langum (MBE #58881 MO)
Maureen G. V. Hanlon (MBE #70990 MO)
Nathaniel R. Carroll (MBE #67988 MO)
440 N. 4th Street, Suite 390
Saint Louis, MO 63102
855-724-248 ext. 1040
314-925-1307 (fax)
bstrode@archcitydefenders.org
jlangum@archcitydefenders.org
mhanlon@archcitydefenders.org
ncarroll@archcitydefenders.org

and       **DLA PIPER LLP (US)**
Dennis Kiker (*Pro hac vice*)
2525 East Camelback Road, Ste. 1000
Phoenix, AZ 85016
480-606-5100
480-606-5101 (fax)
Dennis.kiker@us.dlapiper.com

Shannon Dudic (*Pro hac vice*)
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA 90067
310-595-3000
310-595-3300 (fax)
Shannon.dudic@us.dlapiper.com

*Attorneys for Plaintiffs and Proposed Class Counsel*