## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

JAMES CODY, *et al.*, individually and on
behalf of all others similarly situated,

Plaintiffs,

v.

CITY OF ST. LOUIS,

Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No. 4:17-cv-2707-AGF

### SETTLEMENT AGREEMENT AND RELEASES

This Settlement Agreement and Releases ("Settlement" or "Agreement")[1], dated as of

_4|10|25_ , is entered into by Plaintiffs James Cody, Callion Barnes, Jasmine Borden,

Michael Mosley, Eddie Wiliams, and Diedre Wortham, individually and on behalf of the Classes

(collectively "Plaintiffs" and each a "Plaintiff"); and Defendant, City of St. Louis (the "City" or

"St. Louis"). The Parties hereby agree to the following terms in full settlement of the above-

referenced Action, subject to Final Approval by the United States District Court for the Eastern

District of Missouri.

### I.     RECITALS

1.      On November 13, 2017, Plaintiffs filed an action captioned *Cody et al. v. City of

St. Louis* (the Action), 4:17-cv-2707-AGF, in the United States District Court for the Eastern

District of Missouri. Plaintiffs alleged that St. Louis violated the United States Constitution by

detaining individuals in cruel and unusual conditions inside the Medium Security Institution

("MSI"). Specifically, Plaintiffs alleged that City violated the Eighth and Fourteenth Amendments

---

[1] All capitalized terms herein have the meanings ascribed to them in Section II or various places
in the Agreement.

by detaining Plaintiffs and other similarly-situated individuals in an underfunded facility wrought with infestations of insects, spiders, and rodents; lack of adequate air conditioning that exposed detainees to extreme and dangerous heat and humidity levels inside the facility; lack of appropriate heating systems to keep inmates warm during cold months, exposing them to extreme cold; broken and missing windows that allowed pests to move into the facility and exposed inmates to the outside elements; broken fixtures including showers, toilets, and sinks; frequent flooding of sewage and rainwater due to broken plumbing and a crumbling roof; black mold and mildew growing on walls; and unsanitary and inadequate food. Plaintiffs also alleged putative class members were exposed to other constitutional harms, including denial of medical care, inadequate medical care, excessive use of force by correctional officers on inmates; overcrowding; and lack of recreation time. Plaintiffs sought putative classes of detainees exposed to the compounding conditions, as well as subclasses for heat-specific conditions.

2.      On January 16, 2018, Defendant answered the Complaint and discovery commenced. ECF No. 10.

3.      Defendant has denied and continues to deny Plaintiffs' claims and allegations in the Action, and Defendant denies any wrongdoing or liability of any kind to Plaintiffs or to any class member.

4.      On May 25, 2022, this Court certified pretrial and post-conviction general conditions classes of all individuals detained at MSI during the class period beginning November 13, 2012, along with parallel heat subclass for individuals detained on days when St. Louis's ambient air temperature exceeded 87 degrees. ECF No. 335.

5.      Defendant appealed pursuant to Rule 23(f), and on June 3, 2024, the Eighth Circuit entered its opinion reversing the Court's certification order and remanding for further proceedings. ECF No. 371.

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

6.     The Parties participated in a full-day mediation on November 25, 2024, with mediator Hon. Booker T. Shaw of Thompson Coburn LLP. The Parties did not reach an agreement at that time.

7.     On remand, Plaintiffs were granted leave to once more attempt to certify a class— this time limited just to a heat class of individuals who were in the "Dorms" (which lacked air conditioning during most of the class period). Plaintiffs filed their motion on September 30, 2024, and briefing concluded on December 23, 2024.

8.     Meanwhile, negotiations continued thereafter, with the parties reaching agreement on all material terms on February 22, 2025.

9.     On February 25, 2025, the Parties filed their Notice of Settlement and jointly moved for a stay of all pending deadlines and decisions, which the Court granted on the same day.

10.    The Parties now agree to settle the Action in its entirety, without any admission of liability, with respect to all Released Claims of the Releasing Parties (definitions below). The Parties intend this Agreement to bind Plaintiffs, Defendant, and all members of the Classes.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which are hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.    DEFINITIONS

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement:

11.    "Action" means *Cody et al. v. City of St. Louis*, 4:17-cv-2707-AGF (E.D. Mo. 2017).

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

12.     "Claim Form" shall mean a form in substantially the same form as that attached hereto as **Exhibit 3**. Claim Form shall also include claims submitted by Class Members electronically through the Settlement Website.

13.     "Claims Period" shall mean the time period during which claims may be made by Settlement Class Members, extending from the Notice Date until the date 120 days thereafter, including weekends and holidays, provided that if the last day of the Claims Period falls on a weekend or Federal holiday, then the end of the Claims Period shall be the next following day that is not a weekend or Federal holiday.

14.     "Class Counsel" means:

ARCHCITY DEFENDERS, INC.
Nathaniel R. Carroll, Esq.
Maureen Hanlon, Esq.
Blake Strode, Esq.
440 N. 4th Street, Suite 390
St. Louis, Missouri 63102

DLA PIPER LLP (US)
Anne Helms-Geraghty, Esq.
Dennis Kiker, Esq.
444 West Lake Street, Suite 900
Chicago, IL 60606-0089

15.     "Class Members" means all persons in the Settlement Class.

16.     "Class Period" means the period from November 13, 2012 to June 30, 2022.

17.     "Class Representatives" means James Cody, Callion Barnes, Jasmine Borden, Michael Mosley, Eddie Wiliams, and Diedre Wortham.

18.     "Classes" means the Settlement Class.

19.     "Court" means the United States District Court for the Eastern District of Missouri.

20.     "Settlement Class" means all persons who were detained in the St. Louis Medium Security Institute for five or more cumulative days between November 13, 2012 and June 30, 2022.

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

Excluded from the Settlement Class are Defendant, its parents, subsidiaries, affiliates, officers, and directors; all Settlement Class members who make a timely election to be excluded by opting-out; and all judges and judicial referees assigned to these proceedings and their immediate family members.

21.     "Settlement Class Fund" means $4,000,000.00 minus proportional deductions for (a) the Court-approved attorneys' fees and costs awarded to Class Counsel, (b) any Settlement Administration Costs and/or Expert Costs, and (c) any Court-approved Service Awards to the Class Representatives.

22.     "Defendant" means the City of St. Louis.

23.     "Defendant's Counsel" means:

OFFICE OF THE CITY COUNSELOR
Sheena Hamilton, Esq.
Abby Duncan, Esq.
1200 N. Market Street, Suite 314
St. Louis, MO 63103

24.     "Effective Date" shall be the later of: (1) 10 days after the time period to appeal the Final Approval Order has expired without any appeal being filed; or (2) if an appeal of the Final Approval Order is taken, then the earlier of 10 days after the entry of an order dismissing the appeal or 10 days after the appeal has been finally resolved in the appellate court of last resort without any right to appeal or seek further review from another appellate court.

25.     "Escrow Account" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described in Section IV below.

26.     "Final Approval" means the date that the Court enters the Final Approval Order granting final approval of the Settlement and determines the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Awards to the Class Representatives.

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

27.     "Final Approval Hearing" is the hearing held before the Court wherein the Court will consider granting Final Approval of the Settlement and further determine the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Awards to the Class Representatives.

28.     "Final Approval Order" means the final order that the Court enters granting Final Approval of the Settlement. The proposed Final Approval Order shall be in a form agreed upon by the Parties and shall be substantially in the form attached as an exhibit to the motion for Final Approval. Final Approval Order also includes the orders, which may be entered separately, determining the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Awards to the Class Representatives.

29.     "Long Form Notice" means the form of notice that shall be posted on the Settlement Website and shall be available to members of the Class by mail on request made to the Settlement Administrator.

30.     "Notice" means the notices that the Parties will ask the Court to approve in connection with the motion for Preliminary Approval of the Settlement.

31.     "Notice Date" means the date upon which Notice is mailed to known Class Members in accordance with the terms herein.

32.     "Notice Program" means the methods provided for in this Agreement for giving Notice and consists of Postcard Notice, Publication Notice, and Long Form Notice, which shall be substantially in the forms as the exhibits attached to the motion for Preliminary Approval.

33.     "Objection Date" means the deadline by which Class Members must submit any objection to the terms or provisions of the Settlement Agreement along with any required statements, proof, or other materials and/or argument; this deadline, the Objection Date, is the 120th day after the Notice Date, inclusive of weekends and holidays, provided that if the Objection

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

Date falls on a weekend or Federal holiday, then the Objection Date shall be the next following day that is not a weekend or Federal holiday.

34.    "Opt-Out Date" means the deadline by which Class Members who do not wish to participate in the Settlement must complete the acts necessary to properly effect such election to opt-out; the Opt-Out Date is the 60th day after Notice Date, including weekends and holidays, provided that if the Opt-Out Date falls on a weekend or Federal holiday, then the Opt-Out Date shall be the next following day that is not a weekend or Federal holiday.

35.    "Party" means either Plaintiffs or Defendant, and "Parties" collectively means Plaintiffs and Defendant.

36.    "Plaintiffs" means James Cody, Callion Barnes, Jasmine Borden, Michael Mosley, Eddie Wiliams, and Diedre Wortham.

37.    "Postcard Notice" shall mean the short form of notice that shall be sent by mail to members of the Settlement Class.

38.    "Preliminary Approval" means the date that the Court enters, without material change, an order preliminarily approving the Settlement.

39.    "Preliminary Approval Order" means the order granting Preliminary Approval of this Settlement.

40.    "Publication Notice" means a mutually agreed notice of the Settlement published in Missouri as identified in Paragraph 71 to apprise all members of the Settlement Class.

41.    "Releases" means all the releases contained in Section XIV.

42.    "Released Claims" means all claims to be released as specified in Section XIV.

43.    "Released Parties" means Defendant and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and Defendant's present and former Board of Alderman Members, appointed and elected officials, officers, employees,

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

police or other law enforcement officers, corrections officers, prosecutors, and other personnel, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent and other contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them.

44.    "Releasing Parties" means Plaintiffs and all members of the Classes, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by entireties, agents, attorneys, and all those who claim through them or on their behalf.

45.    "Request for Exclusion" means any request by any Class Member for exclusion from the Class, as set forth in Section X.

46.    "Service Award" means any Court-ordered payment to Plaintiffs for serving as Class Representatives, which is in addition to any payment due Plaintiffs as members of the Classes.

47.    "Settlement Administrator" means Atticus Administration LLC. Class Counsel and Defendant may, by agreement, substitute a different organization as Settlement Administrator, subject to approval by the Court if the Court has previously approved the Settlement preliminarily or finally. In the absence of agreement, either Class Counsel or Defendant may move the Court to substitute a different organization as Settlement Administrator, upon a showing that the responsibilities of Settlement Administrator have not been adequately executed by the incumbent.

48.    "Settlement Administration Costs" means all costs and fees of the Settlement Administrator regarding notice and settlement administration.

49.    "Settlement Class Member" means any member of the Settlement Class who has not opted out of the Settlement and who is entitled to the benefits of the Settlement, including a Settlement Class Member Payment, and who submits a Valid Claim.

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

50.    "Settlement Class Member Payment" means the cash distribution that will be made from the Settlement Fund to each Settlement Class Member, pursuant to the allocation terms of the Settlement.

51.    "Settlement Website" means the website that the Settlement Administrator will establish as a means for members of the Classes to submit Claim Forms electronically and obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Long Form Notice, Preliminary Approval Order, Final Approval Order, final judgment, and such other documents as the Parties agree to post or that the Court orders posted on the website. These documents shall remain on the Settlement Website at least until Final Approval. The URL of the Settlement Website shall be www.stlmediumsecurityinstitutionclassaction.com, or such other URL as Class Counsel and Defendant agree upon in writing.

52.    "Valid Claim" means a timely, complete, and properly submitted claim by a Class Member, as confirmed by the Settlement Administrator.

## III.    REQUIRED EVENTS

53.    The Parties to this Settlement Agreement shall jointly move for entry of a Preliminary Approval Order which by its terms shall:

a.    Preliminarily approve the terms of the Settlement Agreement, including the certification of the Class for purposes of this Settlement Agreement only, as within the range of fair, reasonable and adequate Settlement for purposes of issuing notice;

b.    Approve the contents of the Notice and Notice Program;

c.    Approve the procedures set forth herein for Class Members to opt-out from the Class or to object to the Settlement; and

d.    Schedule a Final Approval Hearing to review comments regarding the proposed Class Settlement and to consider the fairness, reasonableness, and adequacy of the

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

proposed Class Settlement and the application for acceptance of attorneys' fees, and to consider whether the Court should issue a Final Judgment approving the Class Settlement, granting Class Counsel's request for fees, granting the Service Awards application by the Class Representatives, and dismissing the Actions with prejudice.

54.     The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement and shall perform their respective obligations set forth herein. The Parties further agree to cooperate with each other in requesting and authorizing release of class member data from third party data vendors for purposes of class notice and administration of the Settlement. Any disputes regarding the Parties' obligations under this Paragraph shall be submitted for decision by the Court, and such decision shall be binding on the Parties.

55.     Neither this Settlement Agreement nor any negotiations shall be construed, offered, received as, or deemed to be, evidence of an admission or concession by Plaintiffs or the Class of lack of merit, or by Defendant of any liability or wrongdoing whatsoever, whether as alleged in the Complaint or otherwise, with Defendant denying any liability or wrongdoing to the Plaintiffs and the Class for any claims alleged in the Complaint or otherwise.

56.     If the Court does not approve any part of this Settlement Agreement, then this entire Settlement Agreement shall become null and void except that Plaintiffs, Class Counsel, and Defendant's Counsel may agree in writing to proceed with a modified settlement and apply for Court approval of that modified settlement. If this Settlement Agreement shall become null and void for any reason, the provisions of Rule 408 of the Federal Rules of Evidence will apply to it and all negotiations surrounding it. No admission of law or fact, or combination thereof, will be found to exist as a result of this Settlement Agreement. If this Settlement Agreement fails to be approved or otherwise fails to be consummated in accordance with its terms:

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

a.      Plaintiffs shall be entitled to continue this action on behalf of themselves and the Class in accordance with the rulings, circumstances, and procedural posture that existed in this case on February 25, 2025, the date on which the Action was stayed; and

b.      Defendant shall retain all rights to continue its defense to this case in accordance with the rulings, circumstances, and procedural posture that existed in this case on February 25, 2025, the date on which the Action was stayed.

## IV.     SETTLEMENT CONSIDERATION AND ESCROW ACCOUNT

57.     Subject to approval by the Court, Defendant shall establish a cash Settlement Fund of $4,000,000.00. The Settlement Fund shall be used to pay Settlement Class Members their respective Settlement Class Member Payments; any and all attorneys' fees and costs awarded to Class Counsel; any Service Awards to the Class Representatives; all Settlement Administration Costs; and any *cy pres* payment required under this Agreement. Defendant shall not be responsible for any other payments under this Agreement.

58.     Subject to Paragraph 93.c of this Agreement, the Settlement Fund shall be paid by Defendant into the Escrow Account within ninety (90) days of the Effective Date.

59.     The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Escrow Account. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed upon Defendant, Defendant's Counsel, Plaintiffs, and/or Class Counsel with respect to income earned by the Escrow Account, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Escrow Account. Defendant and Defendant's Counsel and Plaintiffs and Class Counsel shall have no

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

liability or responsibility for any of the Taxes. The Escrow Account shall indemnify and hold

Defendant and Defendant's Counsel and Plaintiffs and Class Counsel harmless for all Taxes

(including, without limitation, Taxes payable by reason of any such indemnification).

## V.    ADDITIONAL CONSIDERATION AND RELIEF

60.    Defendant agrees that the Medium Security Institution will not be used in the future

as a housing facility for pretrial detainees or post-conviction detainees.

61.    By virtue of this Settlement, including the foregoing additional consideration and

relief, Plaintiffs do not seek further injunctive or equitable relief from the Court.

## VI.    DISCOVERY AND SETTLEMENT DATA

62.    Defendant will give the needed permission to any third parties to produce necessary

data for the administration of the settlement, specifically to include Class member names, any

available pedigree information (such as date of birth, phone number, address), and dates the Class

Member was incarcerated. Defendant will give permission for these third parties to make available

that data to Class Counsel for analysis, while any costs associated with Class Counsel's expert's

work ("Expert Costs") will be deducted from the Settlement Fund upon Court approval. Class

Counsel will analyze the data provided to determine Class membership as well as the number of

days of incarceration for each Class Member.   Class Counsel will then create a list of Class

Members, calendar dates during which the jailing records indicate that Class Member was in

custody and their postal addresses, which will be provided to Defendant for review and approval

and then to the Settlement Administrator in order to provide Notice and for use in distributing

Settlement Class Member Payments.

## VII.    SETTLEMENT ADMINISTRATOR

63.    The Settlement Administrator shall administer various aspects of the Settlement as

described in the next paragraph and perform such other functions as are specified for the Settlement

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice
Program and distributing the Settlement Fund as provided herein.

64.    The duties of the Settlement Administrator, in addition to other responsibilities that
are described in the preceding paragraph and elsewhere in this Agreement, are as follows:

a.    Use the name and address information for Class Members provided by the Parties
in connection with the Notice Program approved by the Court, for the purpose of
distributing the Postcard Notice, Long Form Notice, and Claim Forms;

b.    Arrange for Publication Notice;

c.    Provide notice to federal and relevant state officials pursuant to the Class Action
Fairness Act ("CAFA"), 28 U.S.C. § 1715;

d.    Establish and maintain a post office box for receipt of Claim Forms and requests
to opt-out from the Settlement Class;

e.    Establish and maintain the Settlement Website;

f.    Establish and maintain an automated toll-free telephone line for Class Members to
call with Settlement-related inquiries, and answer the frequently asked questions
of Class Members who call with or otherwise communicate such inquiries;

g.    Respond to any mailed Class Member inquiries;

h.    Process all opt-out requests from the Settlement Class;

i.    Provide weekly reports to Class Counsel and Defendant's Counsel that summarize
the number of Claim Forms received that week, the number of opt-out requests
received that week, the number of objections received that week, the total number
of Claim Forms received to date, the total number of opt-out requests received to
date, the total number of objections received to date, and other pertinent
information;

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

j.    In advance of the Final Approval Hearing, prepare an affidavit to submit to the Court confirming that the Notice Program was completed, describing how the Notice Program was completed, providing the names of each Class Member who timely and properly opted-out from the Class, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

k.    Distribute Settlement Class Member Payments by check, or other cash-equivalent form of payment, to Settlement Class Members who submitted Valid Claims;

l.    If residual funds exist after the first distribution, and if economically feasible, distribute another round of Settlement Class Member Payments by check, or other cash-equivalent form of payment, to Settlement Class Members out of uncashed funds;

m.    Pay invoices, expenses, and costs upon approval by Class Counsel and Defendant, as provided in this Agreement;

n.    Any other Settlement-administration-related function at the instruction of Class Counsel and Defendant, including, but not limited to, verifying that the Settlement Fund has been distributed.

## VIII.   NOTICE TO CLASS MEMBERS

65.    Beginning no later than fourteen (14) days after the date of the Preliminary Approval Order, the Settlement Administrator shall initiate the Notice Program ("Notice Date"). Such Notice Program shall be completed immediately in accordance with the terms of the Settlement Agreement. Prior to the Final Approval Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the provisions of this Section VIII.

66.    The Postcard Notice and Long Form Notice shall be in forms approved by the Court.

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

67.     Notice will be provided to the Class by direct mailing of the Postcard Notice, along
with a Claim Form and return envelope, to all potential Class Members at their last known or
readily ascertainable address. The Postcard Notice shall inform Class Members how they may
request a copy of the Long Form Notice.

68.     Defendant shall provide the Settlement Administrator with last known mailing
addresses for the Class Members. The Settlement Administrator shall run the names and addresses
of the Class Members through the National Change of Address Registry and update as appropriate.
Additionally, the Settlement Administrator shall use standard skip tracing devices to obtain
forwarding address information and, if the skip tracing yields a different forwarding address, shall
mail the Postcard Notice to the forwarding address.

69.     If a mailed Postcard Notice is returned with new forwarding address information,
the Settlement Administrator shall re-mail the Postcard Notice to the new forwarding address (the
"Re-mailing Process").

70.     The Settlement Administrator shall also provide a copy of the Postcard Notice,
Long Form Notice, and Claim Form to any person who inquires by written communication or
telephone call to the toll-free telephone number established by the Settlement Administrator.  The
Settlement Administrator also will upload downloadable and printable copies of the Postcard
Notice, Long Form Notice, and Claim Form to the Settlement Website.

71.     The Settlement Administrator shall also distribute Publication Notice by way of
publication in the St. Louis Post-Dispatch and St. Louis American on at least one day per week for
three consecutive weeks, commencing on the Notice Date.  The Publication Notice shall inform
Class Members how they may request copies of the Long Form Notice and a Claim Form.

72.     The Settlement Administrator shall maintain a database showing mail addresses to
which each Notice was sent and any Notices that were not delivered. In addition to weekly updates

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

to the Parties regarding the progress of the Notice Program and the declaration or affidavit by the Settlement Administrator in advance of the Final Approval Hearing and in support of the motion for Final Approval, a summary report of the Notice Program shall be provided to the Parties three days prior to the Final Approval Hearing. The database maintained by the Settlement Administrator regarding the Notices shall be available to the Parties and the Court upon request.

73.    The Settlement Administrator (and any person retained by the Settlement Administrator) shall sign a confidentiality agreement in a form agreed upon by the Parties, which shall provide that the names, addresses and other information about specific Class Members shall be treated as confidential and shall be used only by the Settlement Administrator as required by this Settlement Agreement.

## IX.    **SUBMISSION OF CLAIMS**

74.    Except as provided in Paragraph 75 below, Claim Forms must be postmarked or submitted through the Settlement Website on or before the 120th day from the Notice Date in order to be considered timely and valid.

75.    The Parties anticipate that late claims may be filed after the end of the Claims Period. Late claims may be allowed, if submitted on or before the date of the Final Approval Hearing, for good cause shown as determined by the Settlement Administrator after inquiry with the submitting claimant; any claims submitted more than twenty (20) days after the end of the Claims Period, however, shall not be allowed.

76.    The Settlement Administrator will provide Class Counsel and Defendant's Counsel with information regarding who has filed Claim Forms on a weekly basis during the Claims Period, and within five (5) business days of receipt of a late Claim Form. The Settlement Administrator shall have final authority to determine whether individuals who have submitted Claim Forms qualify as Settlement Class Members.

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

## X.    REQUESTS BY CLASS MEMBERS FOR EXCLUSION

77.    Any Class Member may make a Request for Exclusion by mailing or delivering such request in writing to the Settlement Administrator by the Opt-Out Date. Any mailed Request for Exclusion must be postmarked no later than the Opt-Out Date. Any Request for Exclusion shall include the name, address, and telephone number of the person requesting exclusion and include a clear statement indicating that person chooses to be excluded from the Settlement, does not wish to be a Settlement Class Member, and chooses to be excluded from any judgment entered pursuant to the Settlement.

78.    The Opt-Out Date shall be extended for a period of fifteen (15) days for any member of the Class that is sent a Postcard Notice as part of the Notice Re-mailing Process described in Paragraph 69.

79.    Any Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

80.    Not later than three (3) business days after the Opt-Out Date (or the extended date as described in Paragraph 78, if applicable), the Settlement Administrator shall provide an Opt-Out List to Class Counsel and to Defendant's Counsel together with copies of each Request for Exclusion. Class Counsel and Defendant's Counsel shall jointly report the names appearing on the Opt-Out List to the Court at the time of the Final Approval Hearing.

81.    Class Counsel agrees they are ethically prohibited from representing any individual who opts out from the Settlement in asserting or prosecuting against Defendant the same or materially similar claims as are the subject of this Agreement, as such individuals' interests are adverse to the interests of the Class.

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

82.    Notwithstanding anything else in this Agreement, if more than ten (10) persons meeting the definition of Class Members submit valid and timely opt-outs, Defendant shall have the unilateral option to terminate this Agreement at its sole discretion, and this Agreement shall be null and void and this settlement of no force and effect. If Defendant so elects, it shall give notice of such termination in writing to Class Counsel no later than ten (10) business days after receiving the list of persons who have requested exclusion from the Class as described above.

## XI.    OBJECTIONS BY SETTLEMENT CLASS MEMBERS

83.    Only Class Members who have submitted a Valid Claim may object to the Settlement.

84.    After entry of the Preliminary Approval Order, a period of time is established in order to allow for Settlement Class Members to make objections to the Settlement. Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file with the Court a written notice of objection, and serve a copy of the same upon counsel for the Parties, by the Objection Date. Any Objection submitted to the Court by mail must be postmarked no later than the Objection Date. Such objection shall state the name, address, and telephone number of the person, as well as a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents said person wishes to be considered in support of the objection.

85.    No objecting Settlement Class Member will be permitted to appear and object at the Final Approval Hearing unless he or she has timely filed and served a written objection and filed a Notice of Intention to Appear with the Court, as described below in Paragraph 86.

86.    Settlement Class Members or their attorneys intending to make an appearance at the Final Approval Hearing must, no later than fifteen (15) days prior to the Final Approval Hearing, file with the Court and serve Class Counsel and Defendant's Counsel with a Notice of

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

Intention to Appear that (i) states how much time the Settlement Class Member and/or his/her attorney anticipates needing to present his or her objection; (ii) identifies by name, address, and telephone number the Settlement Class Member making the objection, and a summary of the testimony supporting the objection; (iii) identifies by name, address, and telephone number all witnesses the Settlement Class Member and/or their attorney intends to present testimony from, including a summary of the testimony; (iv) identifies all exhibits the Settlement Class Member and/or their attorney intends to offer in support of the objection(s) and attaches complete copies of all exhibits; and (v) contains the signature of the Settlement Class Member making the objection and a statement under penalty of perjury that the individual is a member of the Class with a Valid Claim.

87.    Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause information regarding a Class Member's right to make an objection and instructions on how to make an objection to be mailed to each Class Member. This information will include instructions for a Class Member to state an objection, their grounds for the objection, a request to be heard at the Final Approval Hearing if they so desire, and instructions regarding the objection process.

88.    The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Members' Objections to the Settlement Agreement, in accordance with such Settlement Class Members' due process rights. The Preliminary Approval Order and Class Notice will require all Class Members who have any objections to file such notice of objection or request to be heard with the Clerk of the Court. Upon such filing, the Clerk of the Court shall provide notice of objection or request to be heard, including all papers or evidence in support thereof, upon Class Counsel and Defendant's Counsel. The Preliminary Approval Order will further provide that objectors who fail to properly or timely file

their objections with the Clerk of the Court shall not be heard during the Final Approval Hearing,
nor shall the Court consider their Objections.

89.     In accordance with law, only Class Members who have objected to the Settlement
pursuant to the terms above, including submission of a Valid Claim, may appeal any Final
Judgment. The proposed Final Judgment shall provide that any Class Member who wishes to
appeal the Final Judgment, even though appeal will delay the distribution of the Settlement to the
Class, shall post a bond with this Court in an amount to be determined by the Court as a condition
of prosecuting such an appeal.

90.     Subject to Court approval, the parties may conduct limited discovery on any
objector or objector's counsel consistent with the Federal Rules of Civil Procedure.

## XII.   CALCULATION OF SETTLEMENT CLASS MEMBER PAYMENTS AND DISBURSEMENT OF SETTLEMENT FUND

91.     All funds held by the Settlement Administrator shall be deemed and considered to
be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until
distributed pursuant to this Agreement.

92.     All funds held by the Settlement Administrator at any time shall be deemed to be a
Qualified Settlement Fund as described in Treasury Regulation §1.468B-1, 26 C.F.R. §1.468B-1.

93.     Payments shall be made from the Settlement Fund as follows:

a.      Class Counsel's Fees and Costs. Subject to Court approval, Class Counsel's
total recovery of reasonable attorneys' fees and litigation costs shall not exceed 33% of the initial
Settlement Fund, or $ 1,333,200.00.  Class Counsel's total litigation costs to be reimbursed are
$170,971.00, leaving $1,162,229.00 payable to Class Counsel as reasonable attorneys' fees. Class
Counsel's litigation costs and reasonable attorneys' fees shall be paid from the Settlement Fund

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

within 21 days after the Effective Date. Defendant agrees not to oppose Class Counsel's request for attorneys' fees and litigation costs in the amount of $ 1,333,200.00.

        b.      Service Awards. Subject to Court approval, the Class Representatives shall each be entitled to receive a Service Award of up to $10,000.00 for his or her role as a Class Representative. The Service Award shall be paid no later than 21 days after the Effective Date.

        c.      Settlement Administrator's Fees and Costs. The Settlement Administration Costs shall be paid from the Settlement Fund, except that prior to Final Approval, the Settlement Administrator will invoice Defendant for the cost of the Notice Program required by class action defendants in 28 U.S.C. § 1711–1715 and Defendant, or Defendant's insurer on behalf of Defendant, will pay such invoice(s) promptly upon receipt. Upon entry of an Order granting Final Approval, said Notice Program costs will be deducted from the total Settlement Fund, thereby reducing the amount to be paid into the Escrow Account by Defendant by the amount of the Notice Program costs. In the event the Final Approval Order is not entered or this Agreement is terminated pursuant to Section XVI below, the parties agree to split equally any Settlement Administration Costs incurred by the Settlement Administrator prior to the denial of Final Approval or the termination of this Agreement, including the Notice Program costs.

        d.      Calculation of Settlement Class Member Payments.

           i.      Payment will be made only for Valid Claims.

           ii.      After the end of the Claims Period, the Settlement Administrator shall make a list of all Valid Claims by Settlement Class Members, and shall calculate the total number of compensable days for each Class (as modified by Subparagraph 93.d.iii.1 below for the Settlement Class).

           iii.      The Settlement Class Fund shall be paid *pro rata* to Settlement Class Members using the following calculation:

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

1. Calculate the total number of days spent in jail by Settlement Class Members in the Settlement Class by adding together all calendar dates during the class periods on which the jailing records indicate a person was in custody;

2. Divide the dollar amount of the Settlement Class Fund by the total number of days spent in jail by Settlement Class Members, as calculated in subsection (1) above, which yields a per-jailed-day amount;

3. Multiply the per-jailed-day amount by the total number of days jailed for each Settlement Class Member;

4. This results in a Settlement Class Member Payment for each Settlement Class Member.

iv.    <u>Payments to Settlement Class Members.</u> The payments to Settlement Class Members will be calculated, paid, and distributed as follows:

1. An initial damages amount will be calculated by the Settlement Administrator for each Class Member who submits a Valid Claim (Settlement Class Member), said damages amount to be calculated by applying the methodology set forth in Paragraph 93.d above.

2. Within 30 days of the Effective Date, the Settlement Administrator shall make all Settlement Class Member Payments and send checks, or other cash-equivalent form of payment, to each Settlement Class Member who submitted a Valid Claim at the address used to provide the Notice, or at such other address as designated by the Settlement Class Member on the Claim Form.

22 of 42

3. The Settlement Administrator will make reasonable efforts to locate the proper address for any check returned by the Postal Service as undeliverable and will re-mail it once to the updated address. Settlement Class Members shall have 90 days to negotiate the check. Any checks uncashed after 90 days shall be distributed pursuant to Section XIII.

e. Taxes. The Parties expressly agree that the funds paid herein are not intended to be payment for economic damages or for punitive damages, but are intended to be payment for damages on account of alleged personal injuries, including, but not limited to, bodily injury, mental and emotional distress, and pain and suffering, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. Despite the Parties' intentions, Plaintiffs, Class Counsel, Defendant's Counsel, and Defendant make no representations regarding the taxability or non-taxability of any payments made hereunder, and the Parties agree that Defendant, the Settlement Administrator, and Defendant's insurers shall not be responsible for payment of any taxes on the amounts paid hereunder to Plaintiffs, Class Representatives, Settlement Class Members, or Class Counsel. All payment of taxes or other assessments to the state or federal authorities on the amounts paid under this Settlement Agreement, if any, shall be the sole responsibility of Plaintiffs, Class Representatives, Settlement Class Members, and Class Counsel with respect to their portion of the Settlement Funds. Plaintiffs, Class Representatives, Settlement Class Members, and Class Counsel hereby agree to indemnify and hold harmless Defendant, and the Settlement Administrator, from any such liability for taxes or other assessments to the state or federal authorities on amounts paid under this Settlement Agreement.

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

### XIII.  **DISPOSITION OF RESIDUAL FUNDS**

94.    Within 120 days after the date the Settlement Administrator mails the first
Settlement Class Member Payment, any remaining amounts resulting from uncashed checks
("Residual Funds") shall be distributed as follows:

95.    First, any Residual Funds remaining after distribution shall be distributed on a *pro
rata* basis to participating members of the Settlement Class who received and cashed Settlement
Class Member Payments, to the extent feasible and practical in light of the costs of administering
such subsequent payments, unless the amounts involved are too small to make individual
distributions economically feasible or other specific reasons exist that would make such further
distributions impossible or unfair. Should such second distribution be made, members of the
Settlement Class will receive a second check. Any second distribution checks shall be valid for 90
days.

96.    Second, in the event the costs of preparing, transmitting and administering such
subsequent payments to members of the Settlement Class are not practically or economically
feasible, or other specific reasons exist that would make such further distributions impossible or
unfair, or if such a second distribution is made and Residual Funds still remain, Class Counsel and
Defendant shall seek the Court's approval to distribute the Residual Funds to a *cy pres* recipient.
If Residual Funds remain and need to be distributed, Class Counsel and Defendant shall confer
and jointly propose a *cy pres* recipient that is a nonprofit organization or foundation in the City of
St. Louis to the Court.

97.    Within 30 days after the date on which checks issued from the first distribution are
no longer valid, the Parties shall submit a report to the Court identifying the total amount that was
actually paid to members of the Settlement Class and whether the Parties request approval of a
second distribution or whether instead the *cy pres* payment should be made. The report will also

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

request Court-approval of the *cy pres* recipient(s) for any residual funds that remain following the second distribution or that should immediately be paid in the event that there will be no second distribution.

98.     All costs of any second distribution shall come from the Residual Funds. Costs for delivery of Residual Funds to a *cy pres* recipient shall also come from the Residual Funds.

99.     In no event shall the Residual Funds or any portion of the Settlement Fund revert to Defendant.

## XIV.  RELEASES

100.     As of the Effective Date, the Releasing Parties shall automatically be deemed to have fully and irrevocably released and forever discharged the Released Parties of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters during the Class Period as described in the Second Amended Complaint in this Action that were or could have been alleged in the Action, including but not limited to claims related to the Medium Security Institution and the conditions of confinement, and any other claims or causes of action related to the conditions of Releasing Parties' detention inside MSI at any time during the Class Period.

101.     Each member of the Settlement Class is barred and permanently enjoined from bringing on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims against Defendant in any forum, action, or proceeding of any kind.

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

## XV.    PAYMENT OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

102.    Defendant agrees that Class Counsel shall be entitled to request an award of reasonable attorneys' fees and litigation costs, as addressed in Section 93.a. Any award of attorneys' fees and costs to Class Counsel shall be payable solely out of the Settlement Fund. The Parties agree that the Court's failure to approve, in whole or in part, any award for attorneys' fees shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination.

103.    After the attorneys' fees and costs have been paid to Class Counsel by the Settlement Administrator, Class Counsel shall be solely responsible for distributing each Class Counsel firm's allocated share of such fees and costs to that firm. Defendant shall have no responsibility for any allocation, and no liability whatsoever to any person or entity claiming any share of the funds to be distributed for payment of attorneys' fees and costs or any other payments from the Settlement Fund not specifically described herein. Likewise, Class Counsel shall be solely responsible for addressing and resolving any claim or dispute asserted by any Settlement Class Member concerning entitlement to a payment, the amount of such payment, or any other issue raised regarding this settlement, including any attorneys' fees and any other costs or expenses.

104.    Defendant shall have no responsibility for any allocation, and no liability whatsoever to any person or entity claiming any share of the funds to be distributed from the Settlement Fund to any Settlement Class Member concerning entitlement to a payment, the amount of such payment, or any other issue raised regarding this settlement.

105.    Defendant agrees that Class Counsel shall be entitled to request the Court to approve a Service Award to each Plaintiff as a Class Representative in an amount up to $10,000.00, to be approved by the Court. The Service Award shall be paid to the Class Representative in addition to Class Representative's Settlement Class Member Payment. The Parties agree that the

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

Court's failure to approve a Service Award, in whole or in part, shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination.

106.    The Parties negotiated and reached agreement regarding attorneys' fees and costs and the Service Awards only after reaching agreement on all other material terms of this Settlement.

## XVI.   TERMINATION OF SETTLEMENT

107.    This Settlement may be terminated by either Class Counsel or Defendant by serving on counsel for the opposing Party and filing with the Court a written notice of termination within fifteen (15) days (or such longer time as may be agreed in writing between Class Counsel and Defendant) after any of the following occurrences:

    a.   Class Counsel and Defendant agree to termination;

    b.   the Court rejects, materially modifies, materially amends, changes, or declines to grant Preliminary Approval or Final Approval;

    c.   an appellate court vacates or reverses the Final Approval Order, and the Settlement is not reinstated and finally approved without material change by the Court on remand within 360 days after such reversal;

    d.   any court incorporates into, deletes or strikes from, modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement in a way that Class Counsel or Defendant seeking to terminate the Settlement reasonably considers material;

    e.   Ten (10) or more valid and timely Opt-Outs are received and Defendant chooses to exercise its discretion to void the agreement, as more fully described above in Paragraph 82; or

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

f.      any other ground for termination provided for elsewhere in this Agreement.

108.    The Parties agree that the Court will resolve any dispute among them regarding whether the Settlement may be terminated pursuant to this Agreement.

### XVII.    EFFECT OF A TERMINATION

109.    The grounds upon which this Agreement may be terminated are set forth above. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, and Defendant's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the status *quo ante* in the Actions as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims and defenses will be retained and preserved.

110.    The Settlement shall become effective on the Effective Date unless earlier terminated in accordance with the provisions hereof. The Settlement is final and shall not be terminable as of the Effective Date.

111.    In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Actions or any other action or proceeding for any purpose. In such event, all Parties to the Actions shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

### XVIII. NO ADMISSION OF LIABILITY

112.    Defendant continues to dispute its liability for the claims alleged in the Actions. Defendant does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

113.    Class Counsel believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Actions. Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted significant discovery and extensive motion practice, and conducted independent investigation of the challenged practices. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the members of the Class.

114.    The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

115.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is, may be deemed to be, or may be used as an admission of or evidence of the validity of any claim made by the Plaintiffs or members of the Class or of any wrongdoing or liability of the Released Parties; or (b) is, may be deemed to be, or may be used as an admission of or evidence of any fault or omission of any of the Released Parties, in the Actions or in any proceeding in any court, administrative agency, or other tribunal.

116.    In addition to any other defenses Defendant may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

117.    Except as necessary in a proceeding to enforce the terms of this Settlement Agreement, this Settlement Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of the Defendants or any Defendant Releasees or to establish any condition constituting a violation of or non-compliance with federal, state, local or other applicable law, or the propriety of class certification in any proceeding or action. The Defendants have agreed to resolve this Litigation through this Settlement Agreement, but to the extent this Settlement Agreement is deemed void or the Effective Date does not occur, the Defendants do not waive, but rather expressly reserve, all rights to challenge all such claims and allegations in the Lawsuit upon all procedural and factual grounds, including without limitation the ability to challenge class action treatment on any grounds or assert any and all defenses or privileges. The Defendants expressly reserve all rights and defenses as to any claims and does not waive any such rights or defenses in the event that the Settlement Agreement is not approved for any reason. The Class Representatives and Class Counsel agree that the Defendants retain and reserve these rights and agree not to take a position to the contrary; specifically, the Class Representatives and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that the Defendants could not contest class certification on any grounds if this Litigation were to proceed.

## XIX.  MISCELLANEOUS PROVISIONS

118.    Gender and Plurals. As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

119. <u>Binding Effect</u>. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

120. <u>Cooperation of Parties</u>. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

121. <u>Obligation to Meet and Confer</u>. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

122. <u>Integration</u>. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

123. <u>No Conflict Intended</u>. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

124. <u>Governing Law</u>. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the State of Missouri, without regard to the principles thereof regarding choice of law.

125. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

126. <u>Jurisdiction</u>. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of their agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's orders barring all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against Defendant or its affiliates at any time, including during any appeal from the Final Approval Order.

127. <u>Notices</u>. All notices to Class Counsel and Defendant's Counsel provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

ARCHCITY DEFENDERS, INC.
Maureen Hanlon
Blake Strode
Nathaniel Carroll
440 N. 4th Street, Suite 390
St. Louis, Missouri 63102
mhanlon@archcitydefenders.org
ncarroll@archcitydefenders.org

DLA PIPER LLP (US)
Anne Helms-Geraghty, Esq.
Dennis Kiker, Esq.
444 West Lake Street, Suite 900
Chicago, IL 60606-0089

OFFICE OF THE CITY COUNSELOR

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

Sheena Hamilton, Esq.
Abby Duncan, Esq.
1200 N. Market Street, Suite 314
St. Louis, MO 63103

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice program.

128.    <u>Modification and Amendment</u>.  This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendant's Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

129.    <u>No Waiver</u>.  The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

130.    <u>Authority</u>.  Class Counsel and Defendant represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Defendant to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

131.    <u>Agreement Mutually Prepared</u>.  Neither Defendant nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

132.    <u>Independent Investigation and Decision to Settle</u>.  The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. Defendant has provided and is providing information that Plaintiffs reasonably request to identify members of the Class and the alleged damages they incurred. The Parties agree that this Settlement is reasonable and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

133.    Receipt of Advice of Counsel. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

134.    The heading of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its interpretation.

135.    Except as otherwise provided in this Settlement Agreement, each party to this Settlement Agreement shall bear its own costs of the Lawsuit.

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

136.    The Parties to this Settlement Agreement reserve the right, by agreement and subject to the Court's approval, to grant any reasonable time extensions that may be necessary to fully implement any of the provisions of this Settlement Agreement or to amend any terms, if agreed to by the Parties, to effectuate the settlement.

137.    All discussions, negotiations, and communications that have taken place to achieve this Settlement Agreement shall not be disclosed and shall be protected as confidential as provided for under state and federal law.

**XX.    DISMISSAL**

138.    Class Counsel shall file a stipulation of dismissal with prejudice against all Defendants within seven (7) days of the City fully funding the Settlement Fund. This does not affect the Court's role in continuing administration of the class action settlement. The Parties agree any Class Members who do not opt out and who have separate pending litigation arising from their time at the Medium Security Institution as defined by the Settlement Class are bound by the terms of this Settlement Agreement.

*Signature Pages Follow*

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

Dated: 4-24-25

JAMES CODY
*Plaintiff*

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

04/11/2025 PDT

Dated: _____

Signer ID: KZJR9L1U14...
CALLION BARNES
*Plaintiff*

Document ID: 25a2fcc781a05401f9b6e7ac248f84dd2bb6f78e47fe3fe075ff1ad7ca9f55bc

Dated:  4- 12·20 25

JASMINE BORDEN
*Plaintiff*

04/14/2025 PDT

Dated: _____

MICHAEL MOSLEY
*Plaintiff*

Signer ID: RXXEK9R614...

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441

04/11/2025 PDT

Dated: _____

Signer ID: FGVUANYA14...
EDDIE WILLIAMS
*Plaintiff*

Document ID: f0c4e9cb77745dc66816318dc996803db f9481060c169daa9b3f41682c7e8a30

Dated: 4-14-25

DEBRE WORTHAM
*Plaintiff*

Dated: 4/10/25

THE CITY OF ST. LOUIS

BY: Sheena Hamilton

ITS City Canseler

Document ID: 503cb17682091d382c1f1f93530c51d5d42e2af5a11850fac2e784a35127a441