**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**IF YOU WERE DETAINED IN THE ST. LOUIS MEDIUM SECURITY INSTITUTION ("MSI") FOR THREE OR MORE CONSECUTIVE DAYS BETWEEN NOVEMBER 13, 2012 AND JUNE 30, 2022**
**YOU MAY BE ELIGIBLE FOR A SETTLEMENT PAYMENT**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED.**

If you were detained in the St. Louis Medium Security Institution ("MSI") for three or more consecutive days between November 13, 2012 and June 30, 2022 ("Class Period"), you are a Class Member in a proposed class action lawsuit settlement against the City of St. Louis, Missouri ("St. Louis" or "Defendant") arising out U.S. Constitution violations. The United States District Court for the Eastern District of Missouri (the "Court") has ordered that notice of the proposed settlement be provided to members of the Settlement Class. The lawsuit is entitled Cody, et al. v. City of St. Louis, 4:17-cv-2707-AGF. The Defendant denies any wrongdoing or liability of any kind in this lawsuit. The Court has not ruled on the merits of Plaintiffs' claims.

You may be eligible to obtain a Settlement Payment based upon the number of days you were in custody at MSI. To qualify you must submit a valid Claim Form in order to receive a payment.

**Claim Forms must be filed by [120-day Claims Deadline].** To submit a claim, visit the Settlement Website at www.STLmediumsecurityinstitutionclassaction.com to fill out the online Claim Form and submit it electronically. You may also complete and return the enclosed the Claim Form and return it by mail.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to get a cash payment. Mail and postmark or submit your Claim Form online by [120-day Claim Period Date]. You will give up your right to sue Defendant over the legal issues in this case and be bound by the Settlement and Court decisions. |
| **EXCLUDE YOURSELF** | Receive no Settlement Payment. Remove yourself from the Settlement and the lawsuit, and preserve your right to sue Defendant over the legal issues in this case. Mail and postmark your exclusion request by [60-day Opt-Out Date]. |
| **OBJECT** | If you do not exclude yourself, write to the Court about why you do not like the Settlement. File and serve your objection by [120-day Objection Deadline]. |

| | |
|---|---|
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement on [Hearing Date]. |
| **DO NOTHING** | Get no cash payment. You will give up your right to sue Defendant over the legal issues in this case and be bound by the Settlement and Court decisions. |

**Your legal rights and options and the deadlines to exercise them are explained in this Notice. Please continue reading this Notice for more information.**

The Court still must decide whether to approve the Settlement.

If more than three individuals exclude themselves ("opt out") from the settlement, the City has the option to terminate the Settlement Agreement.

Distribution of Settlement Payments will be made **only** if there are three or less people who opt out, (or if there are more than three opt outs, and the City does not exercise its option to terminate the Settlement Agreement), and if the Court approves the Settlement and after any appeals are resolved.

## BASIC INFORMATION

### 1. What is this Lawsuit about?

Plaintiffs filed a lawsuit against the City of St. Louis, Missouri alleging that Defendant violated Plaintiffs' constitutional rights by detaining them and other similarly situated individuals in cruel and unusual conditions inside the underfunded St. Louis Medium Security Institution facility. Defendant has denied and continues to deny Plaintiffs' claims, and Defendant denies any wrongdoing or liability of any kind to Plaintiffs or to any member of the Settlement Class.

### 2. Who is included in the Settlement Class?

The Settlement Class is comprised of individuals who were detained in the St. Louis Medium Security Institution for three or more consecutive days between November 13, 2012 and June 30, 2022 who allegedly experienced inhumane treatment including exposure to one or more of the following conditions: extreme temperatures, poor ventilation, overflowing sewage, insect and rodent infestations, mold, or overcrowding.

## THE SETTLEMENT BENEFITS – WHAT YOU MAY GET

### 3. What will I receive from the Settlement?

The complete terms of the proposed Settlement are set forth in a formal Settlement Agreement (the "Agreement") which is on file with the Court and is also available at: www.STLmediumsecurityinstitutionclasscation.com. This Notice is only a summary of the Agreement, and in case of any conflict between this Notice and the Agreement, the terms of the Agreement will control.

In the proposed Settlement, the City of St. Louis has agreed to create a $4,000,000.00 Settlement Fund. All Administrative Costs, any court-awarded attorneys' fees and expenses to Class Counsel, and any service awards to Class Representatives will be paid out of the Settlement Fund first. If the Court awards all Administrative Costs, attorneys' fees and expenses and awards requested by the

2

Questions? Visit www.STLmediumsecurityinstitutionclassaction.com or Call 1-8XX-XXX-XXXX toll-free.

Parties, the remaining balance of the Settlement Fund ("Net Settlement Fund") will be approximately $2,495,350. These funds will be distributed to the Class Members who have not excluded themselves from the Class.

If you are a Class Member and you submit a Valid Claim, you will be eligible to receive a cash payment in an amount calculated based upon your eligible days of incarceration: eligible incarceration days are the number of days you were in custody at the St. Louis Medium Security Institution between November 13, 2012 and June 30, 2022 during a stay of incarceration that were three days in length or more.

To explain this, if a person was in MSI for 2 days, those days are not eligible incarceration days because the stay was less than three days. If a person was in MSI for 10 days, those days are eligible incarceration days. If a person was in MSI once for 2 days and another time for 10 days, the total number of eligible incarceration days would be 10 days.

You will be compensated on a *pro rata* basis for each day you were incarcerated during the Class Period for eligible incarceration days relative to the total number of days all Settlement Class Members were incarcerated for eligible incarceration days during the Class Period.

Because the total amount of money will depend on which Class Members submit Valid Claims, it is not yet possible to determine how much the per-jailed-day rate will be or the total amount of money that any given Class Member will end up receiving. If 100% of people who are in the Class file claims, a person who was in MSI for 100 eligible incarceration days will receive roughly $120. If 25% of people who are in the Class file claims, a person who was in MSI for 100 eligible incarceration days will receive $487. If 10% of people who were in in the Class file claims, a person who was in MSI for 100 eligible incarceration days (which is roughly what we think is likely based on comparable settlements) will receive $1,220.

If there are unclaimed funds after the first distribution of checks, the Settlement Administrator will mail a second round of checks distributing the unclaimed funds proportionately to Class Members who cashed their first check, to the extent feasible and practical in light of the costs of administering such subsequent payment, unless the Court determines that the amounts involved are too small to make individual distributions economically feasible or for other specific reasons that would make such further distributions impossible or unfair. Because the total amount of a second distribution will depend on how many Class Members cash their first check, it is not yet possible to determine the total amount of money that a Class Member could receive in a second distribution.

### HOW YOU GET A CASH PAYMENT—SUBMITTING A CLAIM FORM

**4. How can I get a payment?**

You must file a Valid Claim Form to get a cash payment. The Claim Form is included in the Notice that was mailed to Settlement Class Members. You can fill out and mail the Claim Form to the Settlement Administrator's office. You must do this by [120-day Claim Period Date].

Alternatively, you can visit the Settlement Website at www.STLmediumsecurityinstitutionclassaction.com and fill out and submit the online Claim Form by [120-day Claim Period Date]. You can request a copy of the Claim Form by calling 1-8XX-XXX-XXX or sending an email to the Settlement Administrator at STLMSIlawsuit@atticusadmin.com. You can also submit the Claim Form to this email address.

3

### 5. How do I submit a claim?

The Claim Form is simple and easy to complete. The Claim Form requires that you verify (i) your name, (ii) your current mailing address, (iii) your agreement to a statement that you were incarcerated in the St. Louis Medium Security Institution for three or more consecutive days between November 13, 2012 and June 30, 2022 and that you allegedly experienced inhumane treatment including exposure to one or more of the following conditions: extreme temperatures, poor ventilation, overflowing sewage, insect and rodent infestations, mold, or overcrowding, and (iv) your signature with assurances that all of the information on your Claim Form is true and correct.

*Please return a Claim Form by [120-day Claim Period Date] if you think that you have a claim. Returning a Claim Form is the only way to receive a cash payment from this Settlement. No claimant may submit more than one Claim Form.*

The Settlement Administrator may request additional information if your Claim Form is incomplete or insufficient. Failure to provide any requested documentation may result in the denial of your claim and your ability to receive a cash payment.

### 6. When is the Claim Form due?

You must mail and postmark your Claim Form or submit an online Claim Form through the Settlement Website by [120-day Claim Period Date].

### 7. Who decides my claim?

The Settlement Administrator will review Claim Form submissions and determine validity using criteria agreed to by the parties.

The Settlement Administrator may contact you if it needs additional information or otherwise wants to verify information in your Claim Form.

### 8. When will I get my payment?

The Court will hold a Final Fairness Hearing at Time on Date in Courtroom located at Address to decide whether to approve the Settlement. If the Court approves the Settlement, after that there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. If there are no appeals or other delays, you should be sent your cash payment approximately XX days after the Court issues a Final Approval Order.

### 9. What happens if I do nothing at all?

You must timely return a valid Claim Form to receive a cash payment from this Settlement. If you do nothing, you will get no money from the Settlement. You will remain a member of the Settlement Class and will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant about the legal issues in this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 10. How do I get out of the Settlement?

4

If you do not wish to be included in the Settlement Class and receive a cash payment, you must send a written exclusion request to the Settlement Administrator, so it is postmarked or otherwise received no later than [60-day Opt-Out Date].

Your exclusion request must include the case name and number (Cody, et al. v. City of St. Louis, Missouri, 4:17-cv-2707-AGF), your name, address, and telephone number, as well as a clear statement indicating that you choose to be excluded from the Settlement, do not wish to be a Settlement Class Member, and choose to be excluded from any judgment entered pursuant to the Settlement.

You must mail your exclusion request post-marked no later than [60-day Opt-Out Date] to:

St. Louis MSI Lawsuit<br>
c/o Atticus Administration<br>
PO Box 64053<br>
St. Paul, MN 55164

If you asked to be excluded, you will not get any Settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendant in the future.

If more than three Settlement Class members file an 'opt-out' to exclude themselves from the Settlement, the City has the right to terminate the Settlement.

**If you have a pending lawsuit against the Defendant, speak to your lawyer immediately. You may need to exclude yourself from this Settlement in order to continue your own lawsuit.**

## THE LAWYERS REPRESENTING YOU

### 11. Do I have lawyers in this case?

The Court appointed Maureen Hanlon and Blake Strode of ArchCity Defenders, Inc., 5939 Goodfellow Blvd, St. Louis, MO 63147, and Shannon Dudic and Dennis Kiker of DLA Piper LLP, 444 West Lake Street, Suite 900, Chicago, IL, 60606-0089. These lawyers are called Class Counsel and represent you and other members of the Class. If you want to be represented by your own lawyer, you may hire one at your own expense and enter your appearance in the lawsuit through your own lawyer.

### 12. How will the lawyers be paid?

Class Counsel will ask the Court to award them attorneys' fees and expenses in the amount of up to $1,333,220.00.

The Court will also be asked to approve a $10,000.00 service payment for each of the six Class Representatives for the time and energy spent assisting with the investigation, drafting and negotiation of the lawsuit.

The payment of Class Counsel's attorneys' fees and expenses, the Class Representative service awards, and Settlement Administration costs will be paid from the Settlement Fund paid by Defendant.

## OBJECTING TO THE SETTLEMENT

### 13. How do I tell the Court that I do not like the Settlement?

Questions? Visit www.STLmediumsecurityinstitutionclassaction.com or Call 1-8XX-XXX-XXXX toll-free.

If you are a Class Member and you submit a Claim Form, you may object to the Settlement if you do not like any part of it, and the Court will consider your views. You must file an objection with the Court saying that you object to the Settlement in Cody, et al. v. City of St. Louis, Missouri, 4:17-cv-2707-AGF. The written objection must include: (a) the case name and number; (b) your name, address, and telephone number; (c) a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard; and (d) any documents you wish to be considered in support of your objection. The objection must be filed with the Court and served on Class Counsel and Defense Counsel no later than [120-day Objection Date] at the addresses that follow.

If you or your attorney plan to appear at the Final Approval Hearing on behalf of your objection, you must also file a Notice of Intention to Appear with the Court. See Question 18 for more information. Send your objection to:

| Clerk of the Court<br>US District Court - Eastern District of Missouri<br>Thomas F. Eagleton Courthouse<br>111 S 10th St.<br>St. Louis, MO 63102 | ArchCity Defenders, Inc.<br><br>Maureen Hanlon<br>5939 Goodfellow Blvd.<br>St. Louis, MO 63147 | Office of the City Counselor<br><br>Andrew Wheaton<br>1200 N. Market Street, Ste. 314<br>St. Louis, MO 63103 |
|---|---|---|

**14. What is the difference between objecting and excluding?**

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class and submit a Valid Claim. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class or the lawsuit. You cannot request exclusion and object to the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

## RELEASE OF CLASS MEMBERS' CLAIMS AND DISMISSAL OF LAWSUIT

**15. What am I giving up in exchange for a Settlement Payment?**

If the Court approves the proposed Settlement and you do not request to be excluded from the Classes, you must release (give up) all claims by this Settlement, and the case will be dismissed on the merits and with prejudice. The Release provides that Class Members will be deemed to have fully and irrevocably released and forever discharged the Released Parties as defined in the Settlement Agreement of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort, or any other theory, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters during the Class Period as defined in the Second Amended Complaint in this Action that were or could have been alleged in the Action, including but not limited to claims related to the Medium Security Institution and the conditions of confinement, and any other claims or causes of action related to the conditions of Releasing Parties' detention inside MSI at any time during the Class Period.

## THE FINAL APPROVAL HEARING

**16. When and where will the Court decide whether to approve the Settlement?**

Questions? Visit www.STLmediumsecurityinstitutionclassaction.com or Call 1-8XX-XXX-XXXX toll-free.

The Judge will hold a Final Approval Hearing at Time on Date in Courtroom located at Address to consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Judge will consider them. The Judge will listen to people who have asked to speak at the hearing. After the hearing, the Judge will decide whether to approve the Settlement. We do not know how long this decision will take.

### 17. Do I have to come to the hearing?

You are not required to attend the hearing. Class Counsel will answer questions the Judge may have about the Settlement. You are welcome to come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it. As long as you deliver your written objection on time, the Judge will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 18. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file a Notice of Intention to Appear in Cody, et al. v. City of St. Louis, Case No. 4:17-cv-2707-AGF with the Court. The Notice of Intention to Appear must include (i) the case name and number; (ii) the name, address, and telephone number of the Class Member making the objection, and a summary of the testimony supporting the objection; (iii) the name, address, and telephone number of all witnesses the Class Member or her/his attorney intends to present testimony from, including a summary of the testimony, and (iv) a list of all exhibits that will be offered in support of the objection and complete copies of the exhibits, (v) the amount of time anticipated to present the objection, and (vi) the signature of the Class Member making the objection and a statement under penalty of perjury that the individual is a Settlement Class Member with a Valid Claim.

The Notice of Intent to Appear must be filed with the Court and served on Class Counsel and Defense Counsel at the addresses found in Question 13 no later than [120-day Objection Date].

### GETTING MORE INFORMATION

### 19. Are there more details about the Settlement?

This Notice summarizes the proposed Settlement. More details can be found in the Settlement Agreement. You can access the Settlement Agreement at www.STLmediumsecurityinstitutionclassaction.com or request that the Settlement Administrator send a copy to you by mail.

***PLEASE DO NOT CONTACT THE COURT OR ANY REPRESENTATIVE OF DEFENDANT CONCERNING THIS NOTICE OR THIS LAWSUIT.***

7

Questions? Visit www.STLmediumsecurityinstitutionclassaction.com or Call 1-8XX-XXX-XXXX toll-free.