IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES CODY, *et al.*, individually and on behalf of other similarly situated individuals,<br><br>  Plaintiffs,<br><br>v.<br><br>CITY OF ST. LOUIS,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)    Case No. 4:17-cv-2707-AGF<br>)<br>)<br>)<br>)<br>) |

### [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The Court has considered the Settlement Agreement and its Exhibits, the Parties' Consent Motion for Preliminary Approval of Class Action Settlement, and all other papers filed in the above-captioned action. The matter having been submitted and good cause appearing therefore, the Court finds as follows:

1. All defined terms contained herein have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with this Court as Exhibit 1 to the Memorandum in Support of the Consent Motion for Preliminary Approval of Class Action Settlement.

2. The Settlement Class Representatives and the Defendant, through their counsel of record, have reached an agreement to settle all claims in the above-captioned action.

3. The Court preliminarily concludes that, for purposes of approving this Settlement Agreement only and for no other purpose and with no other effect should the proposed Settlement Agreement not be finally approved or should the Effective Date not occur, the proposed Settlement Class likely meets the requirements for certification under Rule 23 of the

Federal Rules of Civil Procedure: (a) the proposed Settlement Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Settlement Class, and there is a well-defined community of interest among members of the proposed Settlement Class with respect to the subject matter of the above-captioned action; (c) the claims of the Settlement Class Representatives are typical of the claims of the members of the proposed Settlement Class; (d) the Settlement Class Representatives will fairly and adequately protect the interests of the members of the Settlement Class; (e) the counsel of record for the Settlement Class Representatives are qualified to serve as counsel for the Settlement Class Representatives in their own capacities as well as their representative capacities and for the Settlement Class; (f) common issues will likely predominate over individual issues; and (g) a class action is superior to other available methods for an efficient adjudication of this controversy.

4. The Parties also have presented to the Court for review a Settlement Agreement attached as Exhibit 1 to the Memorandum in Support of their Consent Motion for Preliminary Approval of Class Action Settlement. The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements of preliminary approval.

5. The Court preliminarily finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, when considering the merits of Plaintiffs' case, weighed against the terms of the settlement, Defendant's financial condition, and the complexity and expense of further litigation. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005) (citing *Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir. 1988)).

6. The Court has also considered the following factors in preliminarily finding that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members: (A) the Class Representatives and Class Counsel have adequately represented the Class; (B) the proposed settlement was negotiated at arm's length; (C) the relief provided for the Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats Class Members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

7. The Parties have presented to the Court for review a plan to provide Class Members notice of the terms of the Settlement Agreement and the various options the Class Members have, including, among others, the option for Class Members to opt out of the class action and the option to object to the proposed Settlement Agreement and/or to Class Counsel's request for an award of attorneys' fees and costs and/or to the request for Service Awards for the Class Representatives. The notice will be provided consistent with the requirements of the Settlement Agreement. The mailing and publication of the notice described in the Settlement Agreement constitutes the best practical notice of the Final Approval Hearing, the proposed Settlement Agreement, Class Counsel's Application for Fees and Expenses and Class Representative Compensation, and all other matters set forth in the proposed Notice of Class Action Settlement, and constitutes valid, due, and sufficient notice to all members of the Settlement Class, and complies fully with the requirements of Federal Rule of Civil Procedure

23(c)(2)(B), the Constitutions of the United States and State of Missouri, the Class Members' rights of due process, and all other applicable law.

8. The Court approves the Postcard Notice, Long Form Notice, and Claim Form, attached as Exhibits 1A, 1B, and 1C to the Settlement Agreement, to be sent to Class Members.

9. The Court takes notice of the proposed request for attorneys' fees and costs to Class Counsel and the payment of Service Awards to Class Representatives. The requests for attorneys' fees and costs and payment of Service Awards will be reviewed by the Court at the Final Approval Hearing.

Therefore, good cause appearing,

**IT IS HEREBY ORDERED:**

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies that the above-captioned action may proceed, for settlement purposes only, as a class action on behalf of the Settlement Class defined as:

**All persons who were detained in the St. Louis Medium Security Institution for three or more consecutive days between November 13, 2012 and June 30, 2022 who allegedly experienced inhumane treatment including exposure to one or more of the following conditions: extreme temperatures, poor ventilation, overflowing sewage, insect and rodent infestation, mold, or overcrowding.**

2. James Cody, Callion Barnes, Jasmine Borden, Michael Mosley, Eddie Williams, and Diedre Wortham are hereby appointed representatives of the Settlement Class or Classes.

3. Blake Strode and Maureen Hanlon of ArchCity Defenders, Inc. and Shannon Dudic and Dennis Kiker of DLA Piper LLP are hereby appointed Settlement Class Counsel.

4. The Court hereby grants preliminary approval of the Settlement Agreement as falling within the range of possible approval and meriting submission to Class Members for consideration.

5. Notice of the proposed Settlement Agreement and the rights of Class Members to opt in, opt out, or object to the Settlement Agreement shall be given by issuance of direct mailed notice and publication consistent with the terms of the Settlement Agreement and will be sent to Class Members as soon as practicable after entry of the Preliminary Approval Order and no later than [14 days after the date of this Order]. Defendant City of St. Louis shall pay all costs and expenses of providing notice to the Class Members via the Settlement Fund.

6. All requests for exclusion must be mailed to the Settlement Administrator and postmarked on or before [60 days after the date of this Order].

7. All objections, whether to the Settlement Agreement, request for attorneys' fees and costs, and/or to the Service Awards must be filed with the Court, or postmarked if submitted to the Court by mail, and served upon counsel for the Parties on or before [120 days after the date of this Order].

8. A Final Approval Hearing will be held before this Court on _____, at _____ at the Thomas F. Eagleton United States Courthouse, 111 South Tenth Street, St. Louis, Missouri 63102, in Courtroom _____, to consider whether the Settlement Agreement should be given final approval by the Court. At the Final Approval Hearing, the Court will consider:

    a. Whether to finally certify the Settlement Class;

    b. Whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate;

    c. Whether a Final Judgment should be entered thereon;

    d. Whether Class Counsel fairly and adequately protected the interest of the Settlement Class; and

      e.    Whether Class Counsel's request for attorneys' fees and costs and Service Awards for the Class Representatives should be approved by the Court.

9. At the Final Approval Hearing, Settlement Class Members who have not opted out of the Settlement may be heard orally in support of or—if they have timely submitted written objections—in opposition to the Settlement Agreement, provided that each such Class Member requesting to be heard files with the Court a "Notice of Intention to Appear" that includes the required information as specified in the Long Form Notice. Any Notice of Intention to Appear must be filed with the Court no later than [15 days before the Final Approval Hearing]. Any Settlement Class Member who fails to timely file a proper Notice of Intention to Appear will not be heard at the Final Approval Hearing.

10. Class Counsel and Defendant's Counsel should be prepared at the hearing to respond to objections filed by Settlement Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved.

11. With the exception of the actions to be taken as directed in this Order, this case remains STAYED pending the Final Approval of the Settlement.

12. In the event that the Effective Date occurs, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

IT IS SO ORDERED.

Dated: _____    _____
                                                                AUDREY G. FLEISSIG
                                                                 UNITED STATES SENIOR DISTRICT JUDGE