**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES CODY, *et al.,* individually and on behalf of all others similarly situated, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-2707-AGF |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant | ) | |

**DECLARATION OF BRYN BRIDLEY OF ATTICUS ADMINISTRATION**

I, Bryn Bridley, declare as follows:

1.      I am the Vice President of Business Development for Atticus Administration ("Atticus"), a firm providing class action settlement and claims administration services. My business address is 1295 Northland Drive, Suite 160, St. Paul, Minnesota, 55120. My telephone number is 612-383-2505. I am over twenty-one years of age and am authorized to make this declaration on behalf of Atticus and myself.

2.      Atticus was founded in 2016 by a team of legal, financial, digital marketing professionals and brand managers in order to provide innovative and cost-effective notice campaigns and claims administration services to the class action legal sector. Prior to joining Atticus over seven years ago, I held project and initialization manager positions at two nationally recognized claims administration companies. I have worked in the settlement administration industry for more than 18 years and am familiar with all facets of the administration process.

3.      Atticus provides services in class action settlements involving, inter alia, antitrust consumer civil rights, fraud, financial services, data breach, insurance, and employment wage and hour, PAGA, and FLSA collective actions, as well as class certification, Belaire West notifications and CAFA Notices. Atticus' core competencies include pre-certification mailings, notice dissemination, claim form processing, validation, and anti-fraud detection, data preparations and

management, accounting services, class member communications, award calculations, tax reporting, qualified settlement fund management and award distribution.

4.      Since its inception, Atticus has provided administrative services in over 1,200 class, class action settlements and has disbursed approximately $1.47 billion in settlement funds. Collectively, the founders and employees of Atticus have administered over 3,000 settlements and have dispersed over $3 billion in settlement funds. Atticus' curriculum vitae is attached to this declaration as **Exhibit A**.

5.      I have reviewed the Settlement Agreement and understand the Parties' expectations of Atticus in its capacity as the Settlement Administrator for this Action.

6.      With regard to Class Notice, Atticus typically sends direct mail notice to Class Members with their addresses are known, as per the Federal Judicial Center's, *"Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide," 2010.* Based on my experience, delivery rates for such plans can be anywhere from 64% to 98% depending on the age of the data file, the demographic profile of recipients, and the amount of cleaning performed on the list prior to mailing.

7.      Upon the Court's preliminary approval of the Settlement, Atticus will send the Long Form Notice ("Notice") and Claim Form (collectively, the "Notice Packet"), as well as the Postcard Notice ("Postcard"), by U.S. First-Class Mail to members of the Settlement Class. The Notice Packet and Postcard are attached to this declaration as **Exhibit B**. The Notice Packet and the Postcard will inform Class Members of the proposed Settlement; their rights, options, and the deadlines by which those rights and options must be exercised; and information on how to file a Claim Form to be eligible to receive a Settlement Payment. Atticus will review and finalize the Settlement Class data and process it through the National Change of Address ("NCOA") database maintained by the United States Postal Service ("USPS"). This process provides address updates for anyone in the data file who has filed a change-of-address form with the USPS at any time within the past four years. If an address update is received from the NCOA database, the updated address will be used in lieu of the original address for sending Notice Packets, Post Cards and any subsequent mailings.

8.    Undeliverable Notice Packets and Post Cards will be processed, skip-traced and remailed on an ongoing basis. Atticus has access to a variety of tools for skip-tracing purposes to find addresses for undeliverable records without forwarding information. These tools include professional services like Experian or IDI to locate individuals with undeliverable address records. More extensive and in-depth manual tracing through services such as Experian or IDI can also be utilized. Until Atticus reviews the data for this matter, we do not know the extent of the locality efforts required to reach the Settlement Class.

9.    Atticus will also cause a Publication Notice to be printed at least one-time weekly for three (3) consecutive weeks in the *St. Louis Post-Dispatch* and the *St. Louis American* newspapers to confirm that all Settlement Class Members receive adequate notice of the proposed Settlement. The Publication Notice will inform Class Members how or where to obtain the Long Form Notice and Claim Form. Additionally, Atticus will also cause a Publication Notice to be printed at least one time in the monthly magazine *Prison Legal News*, which is distributed to incarcerated individuals.

10.    Additionally, Atticus may send a text message reminder to Class Members for whom phone numbers are provided or ascertained, containing a link to the settlement website and Claim Form.

11.    Atticus will establish a settlement website with a settlement-specific URL agreed upon by the Parties. The URL will be included in the Notice Packet, Post Card and Publication Notice and is where Class Members will be encouraged to go for additional information. The website will include general information about the settlement, answers to frequently asked questions, important dates and Class Member deadlines and access to the Notice, the Post Card and relevant settlement information filed with the court. The website will also include a secure online portal where Class Members can complete and submit online Claim Forms.

12.    Atticus will process Claim Forms, exclusion requests, and objections as they are received using criteria and direction provided by the Parties to make validation determinations. Project status reports depicting the mail and remail details, forms received with statuses, and Class Member communication details will be provided to the Parties on a weekly basis.

13.     Atticus has agreed to administer the above captioned case for $111,430. If the scope of work increases or decreases significantly, Atticus will notify the Parties and request approval of an adjustment. The fee includes all normal costs to administer the settlement, including the data and mail preparations, forms processing and validation, payment calculations, qualified settlement account management, tax reporting, Class Member communications, and project management.

14.     Atticus maintains insurance with AAA rated insurance carriers for professional liability and cybersecurity. Atticus warrants the work performed on all errors and omissions, on all projects, without additional charges to our clients.

15.     Atticus takes its obligation to secure its information systems and to protect the privacy of client data received for received for all administrative matters very seriously. A copy of Atticus' *Data Security Information & Privacy Policy* that outlines the standard operating procedures for the handling of data collect, storage, and use is attached to this declaration as **Exhibit C**.

16.     Further, I attest to the fact that Atticus has no independent financial relationship with the Parties to this matter or any known or potential conflicts with Settlement Class Members.

**I declare under penalty of perjury under the laws of the United States of America and the state of Missouri that the foregoing is true and correct to the best of my knowledge. Executed on this the 4th day of February 2026 in St. Paul, Minnesota.**



**EXHIBIT A**

1295 Northland Drive
Suite 160
Mendota Heights, MN 55120
WWW.ATTICUSADMIN.COM
1-844-728-8428

# CURRICULUM VITAE

## About Atticus Administration LLC

Founded in August 2016, Atticus has administered over 1200 settlements and has distributed more than $1.47 billion in award payments. Collectively, the Atticus team has over 125 years of industry experience, has managed over 3,000 settlements, and has distributed more than $3 billion. Below is a partial listing of our cases, and the cases that our team has managed during their careers.

## Partial Listing of Atticus' Current Cases and References

| | |
|---|---|
| Shahno v Pendry | |
| AAFCU GAP Interest Settlement | 2020CV32226 |
| Abdul-Ahad v Associated Courier, Inc (Street Fleet) | 0:20-CV-00607-PJS-HB |
| Abrams v Savannah College of Art & Design (SCAD) | |
| Acevedo v Southwest Airlines | 1:16-cv-00024-MV-LF |
| Ahmed v Beverley Hills Rehabilitation Services | 2:16-cv-01747-WBS-KJN |
| Alvechurch v Suburban [PAGA] | |
| Ali v Sutter Valley Medical Foundation | 34-2017-00217486 |
| Allard v Med Impact | |
| Allianz Life Ins Co Class Cert | 27-CV-17-15118 |
| Altamirano-Santiago v Better Produce Inc Class Cert | Civil Action 2:19-cv-3964 |
| Altamirano-Santiago v Better Produce Settlement | 2:19-CV-3964-DDP |
| Alvarez v AutoZone | CIVDS1416344 |
| Amaya v Eagle Tech Manufacturing | 17CV02862 |
| Amaya v Eagle Tech Manufacturing Cert | 17cv02862 |
| AMEX Data Breach | |
| Amezcua Peregrina v SEAM Group | 1:20-cv-01032-SO |
| Anderson v The Cellular Connection | 2021-CA-007204-AXX |
| Andrade v Caltech | VCU 266410 |
| Andrade v ESMI | CIVD82023816 |
| Andrews v Prestige Care, Inc. | 2:18-CV-00378-JAM-KJN |
| Arnold v Edwin Trucking | 20TRCV00191 |
| Arrieta v Genentech | 21-CV-05353 |
| Ashe v Farmers Insurance Group | 18STCV00453 |
| Astorga v Bosman Dairy | VCU238439-Class VCU243327 Consolidated |
| Athan v US Steel Corporation | 2:17-cv-14220 |
| Atlanta Hawks FACTA | 2017CV288354 |
| Avilez v Full Steam Staffing | |
| Ayala et al v Olson Brothers Ranchers | 17-2-01046-1 |
| Baca v Two Jinn | 37-2020-00000922-CU-OE-CTL |
| Baldwin v RHP Properties | 1881-CV-849 |
| Barragan v Natrol | 56-2022-00567731-CU-OE-VTA |
| Bassett v Vons | RG20082630 |



| | |
|---|---|
| Baylog v Hash Flare | 2:18-CV-03043-DDP-PLA |
| Beamon v Event Merchandising Inc | BC683325 |
| Bean v Lewis Boats | 1811-CC01173 |
| Beato v Elite Rooter PAGA | 21stcv16493 |
| Baudette v McDonough (VA Caregiver Program) | CAVC-20-4961 |
| Begley v JK Enterprise (Cabaret II) | 3:21-cv-01031-yy |
| Bejines-Gonzalez v So Valley Fruit & Vegetable Inc | 7:19-cv-55-HL |
| Bell v MCSC | 17-003861-CZ |
| Benefield v Springco Metal Coatings | 1:17-cv-00918-DCN |
| Bennett v Alorica INC | 30-2018-00997257-CU-OE-CXC |
| Bennett v Dart | |
| Benton v NorCal In Alliance | |
| Bernier v AT&F | 1:21-cv-1302 |
| Berthiaume v Allianz Life | 27-CV-17-15118 |
| Best v Twin Inc | ESX-L-8062-16 |
| Bethmann v Roberts (St. Charles County Coop) | 1711-CC01263 |
| BF-Biscomerica-0814 | |
| Bice v Vensure HR | STK-CV-UOE-2016-1264 |
| Phan v. Big Saver Foods FACTA | BC636343 |
| Bilberry v Hardy Window Co. | 30-2019-01065525-CU-OE-CXC |
| Birbower v Quorn Foods | 2:16-cv-01326-DMG |
| Biscardi v GEICO 216b Notice | GJH-21-2240 \| US District Court, District of Maryland |
| Blackburn v APTIM | 1:18-cv-00545 |
| Blofstein v Michael's Family Restaurant | NO. 2:17-cv-05578-RBS |
| BMC West case | |
| Boehm v BMW | 2:17-cv-2827 |
| Bolanos v FSC Corporation | BC722758 |
| Bonham, et al. v Club Champion LLC | 50-2021-CA-008650-XXXX-MB |
| Bowdle v Kings Seafood | 8:21-cv-01784-CJC-JDE |
| Bowlay-Williams v Google LLC | 4:21-cv-09942-FJH |
| Branning v Romeo Pizza | 1:19-cv-2092 |
| Bravo v Small Progress Co & Riverview Farms | 19CV003943 |
| Breese v NaturChem Distribution | |
| Briggs v TASC | |
| Briceno v. Acqua E Farina Ristorante, LLC | RG19045636 |
| Bruce v Del Monte | |
| Burger v DIRECTV | 20-2-06558-2 |
| Burnett v Professional Credit Mgmt (PCM) | 21OZ-CC00192 |
| Burns v Chesapeake | 15CV01016-RP |
| Burton v MOGA | SCV-265985 |
| Busby v Flowers Foods | |
| Bustos v. Tropicale Foods, Inc. | CIVDS1915805 |
| C.S. v DaVita Dialysis | 2122-cc0494 |
| Caddick v Tasty Baking | 2:19-cv-02106-JDW |
| Caddick-Bertino v Flowers | |
| Cain v Fairfield Health Care PAGA | FCS056452 |



| | |
|---|---|
| Calhoun v West Road Pizza Stop | 5:20-cv-12661 |
| Callier v Outokumpu Stainless USA | 21-cv-521-JB-N |
| Camacho v Southwest Harvesting | |
| Cannon v Huntington Hospital | 19STCV14554 |
| Cantonwine v Mahos | |
| | |
| Carloss v After-School All Stars LA | 20STCV03869 |
| Carr v Flowers Foods, Inc | 2:15-cv-06391-WB |
| Carrillo v Mabry Management | BC667019 |
| Carroll v CCSF BW | CGC-17-562580 |
| Carroll v CCSF Cert | CGC-17-562580 |
| Carter v Bed Bath & Beyond | L-06178-16 |
| Carter v City of Ferguson | 14SL-CC04195 |
| Carter v City of Ferguson Cert | 14SL-CC04195 |
| Carter v State of Michigan Dept of State Police (MSP) | 15-015901-CZ |
| Cash & Henryhand v Smart Professionals | JCCP4871 |
| Cashon v Encompass | |
| Castro v Caterpillar | LC105350 |
| Caudle v Sprint | 3:17-cv-06874-WHA |
| Centeno v DeVon's Jewelry | STK-CV-UOE-2020-8297 |
| Cervantes v TDT Consulting | 3:18-CV-02547-S |
| Chavez v Smart72 | 17CVP-0176 |
| Chavez v Stellar Management Group VII, LLC | 3:19CV01353JCS and SCV264110 |
| Choukalas v Cuyahoga County | 1:18-cv-00588-JG |
| Christian v Mad Anthonys | 22-2-03132-8 SEA |
| Chung v Alliance One | 2:15-cv-02905-MCA-LDW |
| Ciaz v ND Travel Nurses | |
| Cibulka v St. Louis County, MO | 17SL-CC04021 |
| Citywide v Gruma Corporation | CV19-04724 DSF |
| Clark v Heavy Restaurant Group | 22-2-01864-0-SEA |
| Clay v Dart (Cook County Division 6 Cert) | 1:19-cv-02412 |
| Cole v Orange County | 8:18-CV-1020-DOC-(KESx) |
| Cole v Orange County Cert | 8:18-cv-01020-DOC-KES |
| Coley v Eskaton | 34-2014-00171851 |
| Colina v Goya Foods | ESX-L-8192-21 |
| Collins v Dunbar | |
| Collins v Golden Gate Bell | |
| Comacho v SW Harvesting | 16-cv-05744-LHK |
| Comofort v Fernandez Brothers | 5:17-cv-01863-EJD |
| Cook v Window Nation | |
| Corcoran v Herringbone Tavern | CGC-18-570576 |
| Corner v Gregory & Co | |
| Coronado v Flowers Foods | 16-350 JCH/KK |
| Cosio v IPAA | CC-16-551337 |
| Cosio v IPAA Cert | CGC-16-551337 |
| | |
| Cottonwood Financial Ltd dba Cash Store | File No. 2020-BCFP-0001 |
| Covarrubias v The Martin Brower Co | 19STCV26101 |
| Cowley v Prudential 216(b) | 2:21-cv-12226-SJM-DRG |
| Coyle v Flowers Foods | |
| Coyle v Mosaic | 19STCV30088 |


| | |
|---|---|
| Craw & Shurtleff v Hometown | 18-12149-LTS |
| Crema v New Jersey National Golf Club | SOM-L-1433-17 |
| Crites v Smokey Point | CASE NO. 18-2-19921-2 SEA |
| | |
| Culberson v Motion Auto Plaza | 2011-CC00118 |
| Daniels v Top Dot Mortgage | 08 CV 4736 |
| Danley v City of Mission KS | Case No. 17CV05514 |
| Danshir v GNY | |
| Dart v Sheriff of Cook County | |
| Davis v Omnisure | CAM-L-3742-15 |
| Davis v. City of Normandy | 4:18CV01514RLW |
| Day v GEICO Casualty (cert notice) | |
| De Carolis v Broadcom | 21CV384293 |
| De La Rosa v Coca Cola | 17CV000787 |
| De Luna v Pacific Rim Dairy | 14C0070 |
| Deak v In-N-Out Burgers | 30-2019-01060706-CU-OE-CXC |
| DE Benning v Costco | 34-2021-00309030 |
| Deltoro v City Select | BUR-L-709-19 |
| Demings v. Summit NW | 19-2-09345-5 KNT |
| Diaz v Azcona Harvesting | M127608 |
| Dillard v Fidelity National Financial Inc. | MSC18-00394 |
| Doe v Barnstormers Basketball of Iowa | 3:20-CV-0005 |
| Domenech v National Water Main Cleaning Company | 2:18-cv-08202 SDW-LDW |
| Dominguez v LifeSaver | |
| Donofrio v Auto Owners Ins. Co. | 3:19-cv-58-WHR |
| Doty v Watkins & Shepard Trucking | 3:19-cv-05236-JHC |
| Douillard v Sprint | 8942 |
| Dun & Bradstreet (Group 2-No Settlement) | 1:18-cv-00725-LY |
| Edlin v Boot Man Inc (dba Premier Parking) | 18EV004241 |
| Edwards v Costco | 5:21-cv-00716-MWF-KK |
| Edwards v PJ Ops, Idaho et al. | 1:17-cv-0283 |
| EEOC v Activision Blizzard | 2:21-CV-07682 DSF-JEM |
| EEOC v AMTCR | 2:21-cv-01808-JAD (NJK) |
| EEOC v Hathaway | |
| EEOC v Prestige Care | 1:17 CV 01299-AWI-SAB |
| Ellsworth v Schneider National Carriers | CIVDS2012486 |
| Eldridge v LADMC | |
| Embry v Big Earls Goldmine | 4:19-CV-00305 |
| EMJ-UAW Local 2096 | |
| Empire Parking Settlement | |
| Escalera v La Tapatia Mexican Market | STK-CV-UOE-2017-5296 |
| Escobar v 509 Time | 20-2-14618-8knt |
| Espinoza v Alicia Accoyo | |
| Event Merchandising Settlement | |
| Exact Staffing Settlement | |
| Tran v Fastenal Company | BC717323 |
| Ferguson v G3 Enterprise Services | |
| Fernando v Burroughs | RG18906875 |
| Findley v Avenue5 Residential [PAGA] | |
| Fisher v Behavioral Health Services | BC613297 |
| Pasini v Fish's Eddy FACTA | 1:16-cv-00354-PGG |



| | |
|---|---|
| Fitzgerald v Forest River | 3:20-CV-01004-DRL-MGG |
| Flowers Foods Global Settlement | 1:19-cv-01021-STA-egb |
| Flowers Texas Settlement | |
| FMI case | |
| Foster v Advantage | 3:18-cv-07205-LB |
| Foster v A-Para Transit Corp | RG18920985 |
| Furtado Matter | |
| Garcia - PAGA | |
| Garcia v Moctezuma's | |
| Garcia v RCCB | 19STCV36155 |
| Garcia v Toro Petroleum Corp | 21CV000871 |
| Gateley v Roman Freight | 19-2-04498-5 KNT |
| Gaytan-Mendoza v Taylor Orchards | 18-2-00482-3 |
| Gelson's Markets Project | BC670061 |
| George v Schulte Hospitality | 2018-CH-04413 |
| Gil v Luxottica | 19STCV32413 |
| Gilstrap v Sushanti 216b Cert | 1:22-cv-434 |
| Go Jump [PAGA] | |
| Goh v NCR FCRA | AAA No. 01-15-0004-0067 |
| Gomez-Gasca v Future Ag | 19-CV-2359-YGR |
| Gonzales v Healthcare Services Group BW | CGC-18-570988 |
| Gonzalez v New Century Financial Services Inc | ESX-L-007675-17 |
| Gonzalez v Xtreme Manufacturing | |
| Tran v Good Health Natural Products | BC561427 and BC588986 |
| Gotishan v Kyo Autism Therapy | |
| Gould v BCT, Inc | 19-2-00706-36 |
| Gould v Farmers Insurance Exchange | 1922-CC11065 |
| Gray 2 v HCI Group | 18-7440 (KFP) |
| Grubhub | Confidential Master Settlement Administration Agreement |
| Gruma Foods Settlement | 19STCV10106 |
| Gudia v Adams | |
| Gause v Medical Billing Consultants | 8:18-cv-1726-JSM-AAS |
| Guidry v Dow Chemical Company | 2:19-CV-12233-MLCF-KWR |
| Guillen v AAA Limo | MID-L-2661-16 |
| Gutierrez v Zero Motorcycles | 19CV03725 |
| Hadley v Sugarmill Distillery | 2020L13 |
| Hanna v Marriott | 3:18-cv-00325 |
| Hanz v. SWBT | None: Arbitration |
| Harding & Moore v Wakefield & Assoc | 18SL-AC26348-01 |
| Harris v Diamond Dolls | 3:19-cv-00598-RCJ-CBC |
| Harris v General Motors Corp | |
| Harris v Georgia Pacific | 6:19-cv-06001-RTD |
| Harris v Wakefield | 1722-cc11907 |
| Hawkins v Middle Tennessee Pizza | |
| Hendrix v. Knight Transport | 19-2-03468-8 KNT |
| Hernandez v Central Valley Community Bank | 278857 |
| Hernandez v City of Houston | Civil Action No: 4:16-cv-03577 |
| Hernandez v Double Lucky | 18CV001441 |



| | |
|---|---|
| Hernandez v NY4 Pretzel | 712045/18 |
| Hernandez v So Mo Co Labor Supply, Inc. | M129230 |
| Hodges v 77 Grandville | 1:19-cv-00081 |
| Holtegaard v Sierra Aluminum (PAGA) | 5:20-CV-00509-JGB (KKX) |
| Nygaard v Home Advisor | 2017-cv-3200 |
| Home Security Settlement | |
| Hood v Hen Quarter Cert | 2:22-cv-00486 DC OH |
| Hope v Alorica | 3:20-cv-00267 |
| Hudson v Valley Hope Association | 1916-CV24811 |
| Huffman v Pacific Gateway Concessions LLC | 19CIV00412 |
| Hurlocker v APTIM | 3:21-cv-00403-EMD |
| Huynh v Parker -Hannifin Corporation | |
| Ibanez v OC Burger Boys | BC662360 |
| Illinois v Mino Automation | 2022CH08271 |
| In Re United Collection Bureau, Inc | 2:15-cv-01306 |
| In re Galileo Learning | 20-40857 (RLE) AND 20-40858 (RLE) |
| In Re Managed Care Solutions Healthcare | |
| In Re: Chinos Holdings, Inc (J Crew) | |
| IP-CommuniCare-469 | |
| Isley v BMW | 2:19-cv-12680 |
| Jacques v Mike's Mobile | |
| Jadan v Costco | 19CV340438 |
| Janjua v Pilot Travel Centers | |
| James Blancher v KRG JCS | RG18916321 |
| Jeffries v Volume Services America FACTA | 17-1788 (CKK) |
| Jensen v Blue Shield of CA | CGC-17557801 |
| Jewell v New Legend, Inc. | 19-2-06146-0 |
| Jailall v Diesel USA | 156210/2015 |
| Jimenez v Environmental Service Partners | CGC 195766544 |
| Jimenez v ESP | CGC-19-576544 |
| Jimenez v San Cristobal Distributing | 56-2020-00545162-CU-OE-VTA |
| Jimenez v San Cristobal Distributing BW | 56-2020-00545162-CU-OE-VTA |
| Jimenez v San Cristobal Distributing Cert | 56-2020-00545162-CU-OE-VTA |
| Jimenez v The Growers Company | 17CV000875 |
| JKM Trading Settlement | |
| Johnson v AFAC | 56-2013-00469494-CUBT-VTA |
| Johnson v Oxnard Automotive Exchange | |
| Johnson v Thomson Reuters | |
| Johnson v Transport Corp of America | 0:21-cv-01003-DWF-JFD |
| Johnson v Volt Management | 19STCV16466 |
| Jozwiak v Cuyahoga County | 1:17-CV-1238 |
| Juarez v ISL | 30-2020-01132859-CU-OE-CXC & 30-2018-01015988-CU-OE-CXC |
| Juarez v Laguna Farms | |
| Kane v Sheriff of Cook County | |
| Kapustka v Cardinal Motors SLO | |
| Katie A v Diana Bonta | LA CV02-05662-JAK-FFMx |
| Kendall v CubeSmart | 3:15-cv-6098(BRM)(LHG) |
| Keyhanzad v Ryan Cars PAGA | |
| Kholbekov v American Chore Services | |
| Kirtley v Startek | 1:22-CV-00258-RMR-NRN |
| Krasnov v PULS Technologies PAGA | CGC-18-570330 |



| | |
|---|---|
| Kurzel v Suncoast Credit Union | |
| Kuck v Planet | 2:17-cv-04769-ADS-GRB |
| Labidou v Fleet Lease Network | HUD-L-005191-15 |
| Lama v Mercury Insurance | |
| LaRoda v PearlParadise.com, Inc. | 19STCV32976 |
| Layes v RHP Properties et. al | 1581-CV-02722-C |
| Lazy Boy Furniture Galleries Settlement | |
| Leach v The Claremont Colleges | BC686451 |
| Lee v Del Monaco | |
| Lee v Porcelanosa New York Inc | BER-L-6511-17 |
| Lee v Stoneledge | RG18927149 |
| Lemus v JKM Trading Company | 56-2017-00498637-CU-OE-VTA |
| LeRoy Browne matter | |
| Levine Hat v Innate Intelligence | |
| Levy-Vinick Wage & Hour Case | |
| Liotta v Secure Parking Enforcement | 22EV000598 |
| Liu v QNAP | 19PSCV00668 |
| Liu v QNAP Cert | 19PSCV00668 |
| Lo v Cyberpower | |
| Loness v US Legal Services | |
| Lopez v Adidas | |
| Lopez v George Amaral Ranches | 18CV000082 |
| | |
| Lucyk v Materion | |
| LWDA  v UTC Restaurant Venture LLC | 37-2019-00057474-CU-OE-CTL |
| LWDA ex rel Frye v Jyve Corporation | CGC-20-582236 |
| Lyons v Green & Green | 3:18-cv-11143-TJB |
| Macdonald v CashCall, Inc | 2:16-CV-02781-MCA-ESK |
| Magana v. Worldwide Recovery Systems | 20STCV05202 |
| Magana-Munoz v Rancho Nuevo Harvesting | |
| Magana-Munoz v West Coast Berry Farm | 5:20-cv-02087-EJD |
| Maierhofer v Blitt & Gaines PC | 17SL-CC04297 |
| Maldonado v Dayton Superior Corp | RIC 1615240 |
| Maldonado v GEO Group | |
| Maldonado v Total Staffing | 2017CH01786 |
| Manni v La-Z-Boy | 34-2017-002253592 |
| Maricruz Ladino v. Drew Massa Transportation, LLC | 18CV001488 |
| Marquez v D 'Arrigo Bros | M130455 |
| Marquez v Jack in the Box Inc | Case No. BCV-17-101998 |
| Marquez v Tanimura & Antle | |
| Marroquin v Premium Packaging | |
| Marshall v Coca-Cola Consolidated | |
| Martin v Toyota Motor Credit Corp | 2:20-cv-10518-JVS-MRW |
| | |
| Martin v Wakefield | 19SL-AC12801 |
| Martinez v Costco | 19-CV-05624-EMC |
| Martinez v Double L Cattle Co | |
| Martinez v Double L Cattle Co BW | 284357 |
| Martinez v Evans Fruit Co | 18-2-01662-39 |
| Martinez v Expression in Wood | 21STCV00169 |
| Martinez v Knight Transportation | |



| | |
|---|---|
| Martinez v Providence Farms | |
| Maasrani v Waterman | |
| Martinez v Double L Cattle Company | |
| Martinez v Expressions in Wood [PAGA] | |
| Matisse v Dun & Bradstreet (Group 1 - Settlement) | 1:18-cv-00725-LY |
| Matthews v Red Hill Country Club | |
| Mattice v Benchmark Conf Resorts | 19CV03102 |
| Mawby v Milo's Kitchen | 1616-CV03384 |
| McClurg v People Ready (3 scenarios) | |
| McCroskey v Tate & Lyle | 1:21-CV-00634 |
| McCurley V Derst Bakeries | 5:15-cv-00194-JMC |
| McGlonn v Sprint | |
| McGrothers v GT Pizza | 2:20-cv-4050 |
| | |
| McManus v Gerald O Dry | 22CVS001776 |
| McNeil v CPS (Giles County) | 1:18-cv-00033 |
| MedPro Healthcare Staffing v Clunis | CACE-20-010694 |
| Medrano v Flowers Foods | No. 16-CV-00350 (D.N.M) |
| Medwid v ASAP Holding Co | 37-2016-00010176-CU-BT-NC |
| Meier's v Prosperity | |
| | CIVSB2105311 \| SAN BERNARDINO |
| Mejia & Devaney v Coast to Coast Commercial LLC (Sonic) | COUNTY SUPER COURT |
| Mendez v A-Line Messenger Service BW | CIVDS1923624 |
| Mendez v A-Line Messenger Service Cert | CIVDS1923624 |
| Meyers v bebe Stores | 14-cv-00267-YGR |
| Meyers v Mathias Brothers | |
| Miles v Kirkland Stores, Inc. | 5:18-cv-01559-CJC-SHK |
| Miller v Flower Foods of North Dakota | |
| Miller v. Keystone Freight | 19-2-09146-1 KNT |
| Miranda, et al. v. Mahard Egg Farm, Inc | 4:19-CV-00092-ALM |
| MMT Holdings v City of Dublin, Georgia | Civil Action No. 2016-CG-0644 |
| Moise v Sharmac Corp. | |
| Maldonado v Dayton Superior | |
| Montemarano v Master Group Cert | 1:19-CV-2387 |
| Montemarano v Master Group | 1:19-cv-2387 |
| Montgomery v Continental Intermodal Group Trucking (CIG) | 19-940-MV/GJF |
| Moore v Department of State Hospitals (DSH) | 19STCV16858 |
| Mora v IGT | |
| Morales v OPARC | |
| | 2:20-cv-05551-ES-CLW and ESX-L-8192- |
| Morel v Goya Foods | 21 |
| Moskowitz v Atlanta Hawks | 2017-cv-288354 |
| Mullins v Data Management Co | 1:20-CV-214 |
| Munoz v Carrollton Springs LLC, ET AL. | 4:20-cv-01719 |
| Munoz v Norman Window Fashions | 20NWCV00279 |
| Nava v Marcos Renteria AG Services | |
| Neal v Hillson's of Lebanon | |
| Neff v Flowers Foods | 5:15-cv-00254-GWC |
| Nelson v Vanguard | 5:19-cv-00030 MFU |
| Nelson v Vanguard Cert | 5:19 CV00030MFU |
| Nguyen v Market Source | 37-2017-00048458-CU-OE-CTL |



| | |
|---|---|
| Niemann v JCSMH | |
| Nix v Adams Beverages of NC | 3:19-cv-000669 |
| Noll v Flowers Food Cert | 1:15-CV-00493-LEW |
| Noll v Flowers Foods | 1:15-cv-00493-LEW |
| North v Layers BW | CGC-19-577983 |
| North v Layers PAGA | CGC-19-577983 |
| Nucci v Rite Aid | 19-cv-01434-LB |
| Nucci v Rite Aid BW | 19-cv-01434 |
| Nunes v Home Depot | |
| Nunez v Thompson | MID-L-949-15 |
| Ocampo v Capstan | 19STCV05638 |
| OFCCP v Cerner | |
| OFCCP v Sprint Corporation | |
| Oliphant v SPRINT Management Corp | 8L18-CV-353 |
| Oliver v Centene Corporation | |
| OM-Defendant-4789 (PAGA) | |
| O'Neal-Roberts v Off the Grid Services | RG20075270 |
| Orozco v Gruma Corporation PAGA | 1:20-cv-1290-A WI-EPG |
| Pacheco v Bushfire Grill, Inc. | 3:18-CV-01696-JAH-WVG |
| Padilla v Caliper Building Systems | 0:20-cv-00658 |
| Padilla v Valadao Industries | |
| Padron v AMI Expeditionary Healthcare | |
| Palma v Mercury Insurance Services | CIV-DS1911981 |
| Paningbatan v Motivate Belaire-West | |
| Parish v Cook County | 07 CV 4369 |
| Park v United Collection Bureau, Inc. | 2:15-cv-01306-SRC-CLW |
| Parrot v Wakefield | |
| Medrano v Party City Corporation | STK-CV-UBT-2016-11712 |
| Party City FACTA Cert | 2:16-cv-02996-WBS-EFB |
| Party City FACTA Settlement | |
| Patterson v Volkswagen | |
| Patzfahl v FMS ZA | 2:20-cv-1202 |
| Patzfahl v FSM ZA LLC Class Cert | 20-cv-1202 |
| Payne v Zorbaz | 03-CV-19-2721 |
| Perry v Schnucks Grocery | |
| Pfeiffer Settlement | |
| Phelps v Toyotetsu America | 6:22-cv-00106-CHB-HAI |
| Philemon v Aries et al | 18-cv-1927(RJD)(CLP) |
| Phillips v A-Team Delivers | RG21104034 |
| Picardo v Lundy-Tagaard Co | BC645411 |
| Piccolo v Go Jump Oceanside | 37-2020-00003052-CU-OE-NC |
| Pierre-Charles v Consumer Portfolio Services, Inc | 3:10-cv-10025-BRM-DEA |
| Piland v Markwort Sporting Goods (Gameface) | 17CV02311 |
| Pina v Nielsen Farms | 18CV001450 |
| Polite v Boscov's | |
| Pororoca et al v Flowers Foods | |
| Power v Sandbox Transportation | 1:16-cv-01978-JLK |
| Pressler & Pressler FDCPA | 2:16-cv-00119-MCA-LDW |
| Price and Bock v Ferrell Gas, Inc | 13:18-cv-01502-JAH-(MSB) |
| Pruitt v Quality Labor Services | 16C9718 |
| Puglisi v Storm Water Inspections & Maintenance | 30-2020-01175159-CU-OE-CXC |



Pulido GA Pacific case
Quiroz Franco v Greystone Ridge Condos                          30-2018-00980426-CU-OE-CJC
Rael v Red Rocks Credit Union                                   2020cv3226
Raff v Safavieh                                                 ESX-1-2017-15
Rahman v Gate Gourmet                                           3:20-cv-03047-WHO
Ramirez v Milton Roy
Ramirez v. Harris Ranch                                         Case No. 16CECG04103
Ramos v Dairy Avenue                                            VCU269798
Randall v ICS                                                   3:20-CV-05438-JLR
Randle v SunTrust
Ray v County of Los Angeles Questionnaire                       2:17-cv-04239-PA-SK
Razo v AT&T Mobility Services                                   1:20-cv-0172 JLT HBK
Receipts FACTA                                                  1:16-cv-01915-DAD-BAM
Redon v LaEsperenza
Rench v HMI Industries                                          3:13-cv-00922-SMY-RJD
Renteria v Stemilt AG Services                                  18-2-00471-8
Reyes v Unified Grocers                                         BC506565
Rice v The Related Companies                                    18STCV02983
Right at Home Settlement
Roach v BM                                                      MID-L-1333-14

Roberson v Ghiringhelli  PAGA                                   FCS052155
Roberts v Paragon Metals LLC (FLSA Notice)                      1:21-cv-000426-HYJ-RSK
Roberts v Tribeca Automotive                                    ESX-L-5298-16
Rodriguez v Jamba Juice BW                                      21STCV45855
Rodriguez v John Bean Technologies
Rodriguez v River City Bank                                     34-2021-00296612
Roman v TRM

                                                                20STCV41510

Rose v Impact Group
Rosenbloom v Jets Pizza                                         17SK-CC015895-01
Rosinbaum v Flowers Foods                                       Civ. A. No. 7:16-cv-00233-FL
Ross v Hewlett Packard (HPE)                                    18CV337830
Rotor v Signature Consultants                                   18-cv-336219
Rough v Costco Wholesale Corporation                            FSC052953
Rowe v Ulta Salon, Cosmetics & Fragrance                        C34-2019-00267231-CU-OE-GDS
Rubin-Knudsen v Arthur Gallagher                                CV18-6227JGB(SPx)
Rubin-Knudsen v Arthur Gallagher BW                             2:18-cv-06227-JGB-SP
Rush v Greatbanc Trust Co (Segerdahl ESOP)                      1:19-cv-00738
Russell v KeHE Distributors                                     2:17-CV-01182-JAM-GGH
Saenz v Old Dominion Freight Line, Inc.                         1:18-CV-04718-JPB
Saldana v Quail Creek Farms
Stallard v MedImpact Healthcare                                 CV-17-02234-PHX-DJH
Sally v Adidas                                                  20SL-CC03903
Sanchez v California Steel Industries - PAGA                    CIVDS1832657
Sanchez v Exact Staff                                           CIVDS1702554
Sanchez v ExamOne World Wide, Inc.                              17CV308382
Sanchez v LAAEC                                                 21STCV05609
Sanchez v Mesa Packing LLC                                      20-cv-00823-VKD
Sanders v Professional Medical Management                       2:16-cv-05634 WJM-MF
Santiago v Northland Group                                      2:15-cv-03608-SRC-CLW


| | |
|---|---|
| Santino & Durate v Highland Fruit Growers | Case No. 20-2-02233-39 |
| Santos v River Credit Works | |
| Sarubbi v Tech Mahindra | 20-CIV-03616 |
| Schaefer v Denso | 19STCV00685 |
| Schamp v Fresno SSYPA | |
| Schell v Discovery Practice Management | |
| Schucker v Flowers Foods | |
| | |
| Scobey v General Motors | 20-Civ-12098 |
| Scott v Freeland | 1:22-cv-00043-HAB-SLC |
| Serrano v RCCB | 20STCV45012 |
| Servin v Noble House | 20 CMCV00152 |
| Shami v Tubby Todd Bath Co | Index No. 512800/2019 |
| Shanley v Evereve, Inc | |
| Sharrif v Raymond Management Company | 2018-CH-01496 |
| Shirey v Project One Autosport's | ESX-L-6233-16 |
| Shopko Bankruptcy Settlement | |
| Sigcha v Mid State Pool Liners, Inc. | MID-L-1693-18 |
| Signature Consultants Settlements | |
| Sikorski v New Jersey Venture Partners | GLO-L-861-20 |
| Smentek v Sheriff of Cook County at al | 09-cv-529 |
| Smith v Chelmsford Group | |
| Smith v DI Logistics | |
| Smith v Leif Johnson Ford | 19SL-CC01942 |
| Smith v Local Cantina | 2:20-cv-03064 |
| Smith v Local Cantina Cert | 2:20-cv-03064 |
| Soileau v Argos | 4:18-cv-00848 |
| Solati v. Lend US | FCS048401 |
| Sommers Schwartz FLSA case | |
| Soto v Houselander & Associates | 19-CV-6691-SJB |
| Soto v Vander Tuig Dairy | |
| Sours v JAC Products Class Cert | 5:22-cv-10532-JEL-APP |
| Spack v Trans World Entertainment Cert | 1:17-CV-1335 |
| Spack v Transworld Entertainment | 1:17-cv-1335-TJM-CFH |
| Sparks v Service Finance Company | MIL-L-2441-17 |
| Specialty Retail Shops Holding Corp (Shopko) | 19-80064-TLS |
| Stafford v Debics Cert | 3:22 CV 02106 B |
| Starr-Patterson v Schell & Kampeter | STK-CV-UOE-2020-9296 |
| Stinson Insurance Settlement | |
| Stotesbery v Muy Pizza-Teja's Class Cert | 0:22-cv-01622-KMM-TNL |
| Supplemental Income Trust Settlement-ERISA | |
| Sutton v United Courier | 1;20-cv-682 |
| Tapia v Rivo Holdings | 37-2021-00046361-CU-OE-CTL |
| Taylor v Debics Cert | 3:22 CV 02141 E |
| Teleaga v Beyer Services | STK-CV-UOE-2018-6387 |
| Terry v Bay Area Beverage Co | MSC18-00859 |
| Tharpe v Sprint Corp | |
| The Bakery v Kenneth Pritt | |
| The Body Shop FACTA | No. 2017-L-000604 |
| The Cellular Connection | |
| Thomas v City of Edmundson | 4:18-cv-2071 RLW |



| | |
|---|---|
| Thomas v Goodman Manufacturing | |
| Thomas v Wellnitz | RG19023516 |
| Tinaco v Quik Stop | RG20061119 |
| Tirado v Deluxe Auto Sales | |
| Titus v Martin-Brower Company | 2:17-cv-00558-JAM-GGH |
| TNG Retail Services | |
| Torres v Pick-a-Part Autoworks | 1:16-cv-01915-DAD-BAM |
| Torres v Community Health Alliance of Pasadena | BC713396 |
| Touma v Budee, Inc. | MSC18-01729 |
| TPH v BSFC | 1916-CV07105 |
| Turner v Walmart | 20SL-CC00466 |
| Udoewa v Divergent | 159458/2018 |
| Udoewa v Ettain Group Inc | 3:18-cv-00535-MOC-DCK |
| USA v Pelfrey & Omega | CIV-18-00945-JD |
| USA v Pfeiffer | 20-cv-1974 (WMW/KMM) |
| USI Settlement | |
| Vae v MOGA | BCV-20-103017-BCB |
| Vaesau v PCT Enterprises, Inc. DBA Precision Cabinets | MSC18-02404 |
| Valdivia v Best Contracting | 19STCV38294 |
| Valladares v Zacky | |
| Vargas v SkySkopes, INC | 56-2020-00544196-CU-OE-VTA |
| Vega v Bar VP Dairy | 269713 |
| Vela Cruz v AG Transport | |
| Velasquez v Stater Brothers Ranch | |
| Velasquez v Vantec Hitachi Transport | 20STCV20016 |
| Velleman v WCU | C.A. No. 1681-CV-03110 |
| Velazquez v SMD | |
| Viesse v Tacoma Screw | 2:16-cv-01026-JCC |
| Velshis-Bautista v. Brewster Heights DBA Gebers | 18-2-00253-24 |
| Villafan v Broadspectrum | 3:18-cv-06741-LB |
| Villanueva v Custom Orchard, Inc | |
| Vinnitsky v LA Overnight | |
| Wa v Safeway Inc | RG20075295 |
| Wade v American Directions Research (ADRG) | 194251 |
| | |
| Wade v Furmanite American | 3:18-cv-433 |
| Wakefern (data verification project) | NA |
| Wall v AshBritt | 3:15-cv-08982-PGS-TJ |
| Wall v HP, Inc | 30-2012-00537897-CU-BT-CXC |
| Wallack v AT&T Mobility | CIVSB2117915 |
| WAM PAGA case | |
| Ward v Tilly's Inc. | BC595405 |
| Ward v YRC Freight | 19-2-28259-2 KNT |
| Warsame v Metropolitan Transportation Network (MTN | 20-cv-01318 ECT/ECW |
| Waters v Pizza to You | 3:19-cv-372 |
| Waters v Pizza to You Cert | 3:19-cv-372 |
| Watkins v Pressler Pressler | |
| Watts v TRL Systems [PAGA] | |
| Wazwaz v Hematogenic Laboratory Services, LLC | 2021-CH-5893 |
| Webb | Santiago v AT&T Mobility | |
| Webb v City of Maplewood | 4:16-cv-1703 |
| Webb v City of Maplewood Cert | 4:16 CV 1703 CDP |



| | |
|---|---|
| Wegner v Carahsoft | PJM 20-00305 |
| Weirbach v The Cellular Connection | 5:19-cv-05310-JDW |
| Wellinger v Live Nation | 19STCV04397 |
| Wesco Aircraft Hardware Corporation Settlement | |
| West v Bam! 216b Cert | 1:22-cv-00209-DHU-JHR |
| White v Wesco Aircraft Hardware Corp | BC658654 |
| Whitney v Cook County | 18-cv-4475 |
| Wicks v Title Loan Company DBA The Loan Machine | 17SL-CC02673 |
| Wilk v Skechers | 5:18-cv-01921 |
| Williams v Equitable Acceptance Corporation | 18-CV-07537 (NRB) |
| Williams v Sake Hibachi Sushi & Bar | 3:18-CV-0517-D |
| Wilson v Peckham | |
| Winkel v JH Steak | 20-2-04853-4-SEA |
| Winsor v TBD Pizza | |
| Womack v Superior Energy Services | 7:19-CV-00074 |
| Wood v Athens-Clarke County | 3:14-CV-00043-CDL |
| Xcel Health Settlement | |
| Ybarra v SIP 401K | 8:17-cv-02091-JVS (Ex) |
| Ylvisaker v Clarkson Eyecare LLC | 17SL-CC02089 |
| Youmans v CPS | 19EV001823 |
| Young v Chieftain Coating | 20-cv-10520 |
| Zaldivar v. Moulton Logistics | 19STCV12250 |
| Zambrano v Strategic Delivery Solutions 216b | 15-cv-8410 (ER) ED NY |
| Zamdio v Underground Rocket | |
| Zamora v Walgreen Co | 114CV269810 |
| Zollicoffer v Gold Standard \| Eagle v Vee Pak | 13-CV-1524 (GSB) 12-C-9672 (Vee Pak) |
| Zollicoffer v MVP | 16CV11086 |

## Partial Listing of Cases Managed at Dahl Administration

Bokusky v. Edina Realty, 3:92-cv-00223

Sun Country Employee Litigation

Dupont Chemical Pollution Litigation

Haight v Bluestem Brands, Inc. -TCPA, No. 13-1400 (M.D. Fla.)

Dugan v TGIF-Wage and Hour/FLSA ,

Dunkel v Warrior Energy-Energy-Wage & Hour

Shelby v Miller Investment Group-Consumer Finance

Salas v Watkins Manufacturing-FLSA

Dull v IPS-Energy Sector Wage & Hour

Wallach v FFG-TCPA

Bourgeoisie v City of Baltimore-Consumer Fees

Brown v Alley-FLSA

Turner v ACD-Wage & Hour

-CONFIDENTIAL INFORMATION-



Villa v San Francisco 49'ers-Consumer Fees

Thomas v Solvay

Reid v Unilever-Mass Tort

Zeller v PDC Corporation-FLSA

Murr v Capital One-Consumer Fraud

Redman v City of Chicago- FACTA

Ernst v Sterling-Dish Case-Consumer Fraud

Ott-Publix-FLSA

Ellsworth v US Bank-Consumer Finance

Vidra v Midland Financial-Consumer Finance

Vu v Performance Recovery

Freeman v Berkeley Packaging-FLSA

Martin v JTH-TCPA

Walker v Core Power Yoga-Wage & Hour

Froberg v Cumberland Packaging-Stevia in the Raw Settlement-1:14-cv-00670

Debarsekin v L2T-FLSA & Wage and Hour

Gay v Tom's of Maine-False Labeling, 0:14-cv-6060004-KMM

Templeton Rye -False Labeling

Belardes v Farm Fresh to You-FLSA

Tin Cup Settlement-False Labeling

Johnson v Scan SAT-Medical Billing Data Breach

Garcia v EJ Amusement-FLSA and Wage & Hour

Doran v Forever Grand Vacations-Consumer Fraud- Time Share

Velasco v Chrysler Corp-Recall

Covell v Sleep Train-Wage & Hour

Torres v Kwon Yet Lung-FACTA

Redman v IMAX-FACTA

In Re Motor Fuel- Hot Fuel Case- Consumer Fraud, MDL No. 1840, 07-md-1840-KHV

Haight v Bluestem-TCPA

Martin v JTH-TCPA

In Re Target Data Breach-Financial Institutions



**ATTICUS MANAGEMENT TEAM**

**Chris Longley, Co-Founder and CEO** – Former CEO of Dahl Administration, a nationally recognized Claims Administration Company. Licensed Attorney (retired in-active status), admitted to practice Minnesota, 8th Circuit and United States Supreme Court.

During Chris' tenure at Dahl, he successfully managed, more than 300 class and collective action settlements, including some of the highest profile cases in the last few years, including *In Re Motor Fuel* (Hot Fuel) *MDL No: 1840, Case No: 07-md-1840-KHV*, an all- digital notice campaign with over 160 mm class members in 36 states and US Territories, and the *Target Data Breach-* Financial Institutions Settlement, *Case No. 0:14-md-02522-PAM*.

Chris co-founded Atticus Administration LLC, in August 2016. Since its inception, Atticus has administered over 1100 settlements and has distributed more than $1,34 billion in award payments.

Chris and his team, have extensive experience in all matters of notice campaigns, including class certification notices, CAFA notices, WARN notices, ISO notices, Belaire West Notices, 216(b) notices, as well as other complex notification projects on an as need basis.

Chris is the author of *"Internet and Electronic Notification Methods for Rule 23: How to Enhance Reach, Conversion, Real Time Analytics to Reduce Administrative Costs",* published in 2016.

Chris is currently the membership chair of the American Bar Association's Consumer Litigation Committee and Class Actions & Derivatives (CADS) sub-committee and is a frequent speaker on matters relating to complex notice procedures for class action settlements.

Prior to joining the class action industry, he served for 11 years in the private equity industry focusing on telecommunications companies and company acquisitions. He has been a founding member in 14 start-up companies during this same period.

Prior to that experience he was a practicing attorney in Minneapolis, Minnesota. Chris was named "*40 under 40* "by the *City Business Magazine* in 2001, and a "*Power Lawyer*", by *Law and Politics Magazine*. He practiced law for the Minneapolis law firm of Hessian, McKasy & Soderberg, LLP prior to launching his business career.

Chris graduated from William Mitchell College of Law and the University of St. Thomas, and currently splits his time between St. Paul, Minnesota, and New York city.

**Bryn Bridley, VP of Business Development –** Bryn has over 19 years of Project Management experience within the industry, having worked with two large Settlement Administrators, Rust Consulting and Dahl Administration. Bryn's past claims administration work included the day-to-day activities of several high- profile consumers, employment and other types of cases. Bryn is a member of the Consumer Litigation Committee and Class Actions & Derivatives and The Woman Advocate sub-committees of the American Bar Association.



**Ann Linton, Director of Project Management –** With over 15 years of Industry experience, Ann worked as a project manager previously at Dahl Administration prior to joining Atticus as a project manager in 2018. A favorite of many of our customers, before being promoted to the director level, she concentrated her efforts on some of our more complex matters, including many mass arbitration cases, as well as many of our high-profile consumer fraud matters.

**Milena Higgins, Director of Information Technology –** Milena Higgins is a technology leader with a long history of innovation in the legal field.  She has a proven track record of innovation, including developing groundbreaking testimony intelligence software and automated intellectual property tools. Her expertise in process improvement and efficiency has consistently driven operational excellence, ensuring exceptional service for law firm clients. Milena holds a Ph.D. in physics and a M.S. in Management of Technology from the University of Minnesota.

**Jim Hardy, CPA (Inactive), Co-Founder and CFO –** Prior to co-founding Atticus, Jim held finance leadership positions over a twenty-year period in a variety of industries (contract manufacturing - implantable medical devices, sheet-fed printing, and commodity trading) where the wide-range of responsibilities and challenges from these experiences has enabled him to develop a versatile set of finance, administrative and operations skills.

**Mike Gelhar, Practice Director, Employment & Treasury –** Mike brings over 20 years of payroll experience in the employment law practice area.  Along with his payroll knowledge, Mike is also bringing his work experience as he managed the processing and settlement distributions of one of the nation's largest Labor and Employment administrators.  These cases ranged from a few hundred claimants to over 700,000 claimants in all 50 states, including Puerto Rico.

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**IF YOU WERE DETAINED IN THE ST. LOUIS MEDIUM SECURITY INSTITUTION ("MSI") FOR THREE OR MORE CONSECUTIVE DAYS BETWEEN NOVEMBER 13, 2012 AND JUNE 30, 2022**
**YOU MAY BE ELIGIBLE FOR A SETTLEMENT PAYMENT**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED.**

If you were detained in the St. Louis Medium Security Institution  ("MSI") for three or more consecutive days between November 13, 2012 and June 30, 2022 ("Class Period"), you are a Class Member in a proposed class action lawsuit settlement against the City of St. Louis, Missouri ("St. Louis" or "Defendant") arising out U.S. Constitution violations. The United States District Court for the Eastern District of Missouri (the "Court") has ordered that notice of the proposed settlement be provided to members of the Settlement Class. The lawsuit is entitled Cody, et al. v. City of St. Louis, 4:17-cv-2707-AGF. The Defendant denies any wrongdoing or liability of any kind in this lawsuit. The Court has not ruled on the merits of Plaintiffs' claims.

You may be eligible to obtain a Settlement Payment based upon the number of days you were in custody at MSI. To qualify you must submit a valid Claim Form in order to receive a payment.

**Claim Forms must be filed by [120-day Claims Deadline].** To submit a claim, visit the Settlement Website at www.STLmediumsecurityinstitutionclassaction.com to fill out the online Claim Form and submit it electronically. You may also complete and return the enclosed the Claim Form and return it by mail.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to get a cash payment. Mail and postmark or submit your Claim Form online by [120-day Claim Period Date]. You will give up your right to sue Defendant over the legal issues in this case and be bound by the Settlement and Court decisions. |
| **EXCLUDE YOURSELF** | Receive no Settlement Payment. Remove yourself from the Settlement and the lawsuit, and preserve your right to sue Defendant over the legal issues in this case. Mail and postmark your exclusion request by [60-day Opt-Out Date]. |
| **OBJECT** | If you do not exclude yourself, write to the Court about why you do not like the Settlement. File and serve your objection by [120-day Objection Deadline]. |

| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement on [Hearing Date]. |
|---|---|
| **DO NOTHING** | Get no cash payment. You will give up your right to sue Defendant over the legal issues in this case and be bound by the Settlement and Court decisions. |

**Your legal rights and options and the deadlines to exercise them are explained in this Notice. Please continue reading this Notice for more information.**

The Court still must decide whether to approve the Settlement.

If more than three individuals exclude themselves ("opt out") from the settlement, the City has the option to terminate the Settlement Agreement.

Distribution of Settlement Payments will be made **only** if there are three or less people who opt out, (or if there are more than three opt outs, and the City does not exercise its option to terminate the Settlement Agreement), and if the Court approves the Settlement and after any appeals are resolved.

## BASIC INFORMATION

### 1.  What is this Lawsuit about?

Plaintiffs filed a lawsuit against the City of St. Louis, Missouri alleging that Defendant violated Plaintiffs' constitutional rights by detaining them and other similarly situated individuals in cruel and unusual conditions inside the underfunded St. Louis Medium Security Institution facility. Defendant has denied and continues to deny Plaintiffs' claims, and Defendant denies any wrongdoing or liability of any kind to Plaintiffs or to any member of the Settlement Class.

### 2.  Who is included in the Settlement Class?

The Settlement Class is comprised of individuals who were detained in the St. Louis Medium Security Institution for three or more consecutive days between November 13, 2012 and June 30, 2022 who allegedly experienced inhumane treatment including exposure to one or more of the following conditions: extreme temperatures, poor ventilation, overflowing sewage, insect and rodent infestations, mold, or overcrowding.

## THE SETTLEMENT BENEFITS – WHAT YOU MAY GET

### 3.  What will I receive from the Settlement?

The complete terms of the proposed Settlement are set forth in a formal Settlement Agreement (the "Agreement") which is on file with the Court and is also available at: www.STLmediumsecurityinstitutionclasscation.com. This Notice is only a summary of the Agreement, and in case of any conflict between this Notice and the Agreement, the terms of the Agreement will control.

In the proposed Settlement, the City of St. Louis has agreed to create a $4,000,000.00 Settlement Fund. All Administrative Costs, any court-awarded attorneys' fees and expenses to Class Counsel, and any service awards to Class Representatives will be paid out of the Settlement Fund first. If the Court awards all Administrative Costs, attorneys' fees and expenses and awards requested by the

2

Parties, the remaining balance of the Settlement Fund ("Net Settlement Fund") will be approximately $2,495,350. These funds will be distributed to the Class Members who have not excluded themselves from the Class.

If you are a Class Member and you submit a Valid Claim, you will be eligible to receive a cash payment in an amount calculated based upon your eligible days of incarceration: eligible incarceration days are the number of days you were in custody at the St. Louis Medium Security Institution between November 13, 2012 and June 30, 2022 during a stay of incarceration that were three days in length or more.

To explain this, if a person was in MSI for 2 days, those days are not eligible incarceration days because the stay was less than three days. If a person was in MSI for 10 days, those days are eligible incarceration days. If a person was in MSI once for 2 days and another time for 10 days, the total number of eligible incarceration days would be 10 days.

You will be compensated on a *pro rata* basis for each day you were incarcerated during the Class Period for eligible incarceration days relative to the total number of days all Settlement Class Members were incarcerated for eligible incarceration days during the Class Period.

Because the total amount of money will depend on which Class Members submit Valid Claims, it is not yet possible to determine how much the per-jailed-day rate will be or the total amount of money that any given Class Member will end up receiving. If 100% of people who are in the Class file claims, a person who was in MSI for 100 eligible incarceration days will receive roughly $120. If 25% of people who are in the Class file claims, a person who was in MSI for 100 eligible incarceration days will receive $487. If 10% of people who were in in the Class file claims, a person who was in MSI for 100 eligible incarceration days (which is roughly what we think is likely based on comparable settlements) will receive $1,220.

If there are unclaimed funds after the first distribution of checks, the Settlement Administrator will mail a second round of checks distributing the unclaimed funds proportionately to Class Members who cashed their first check, to the extent feasible and practical in light of the costs of administering such subsequent payment, unless the Court determines that the amounts involved are too small to make individual distributions economically feasible or for other specific reasons that would make such further distributions impossible or unfair. Because the total amount of a second distribution will depend on how many Class Members cash their first check, it is not yet possible to determine the total amount of money that a Class Member could receive in a second distribution.

## HOW YOU GET A CASH PAYMENT—SUBMITTING A CLAIM FORM

**4. How can I get a payment?**

You must file a Valid Claim Form to get a cash payment. The Claim Form is included in the Notice that was mailed to Settlement Class Members. You can fill out and mail the Claim Form to the Settlement Administrator's office. You must do this by [120-day Claim Period Date].

Alternatively, you can visit the Settlement Website at www.STLmediumsecurityinstitutionclassaction.com and fill out and submit the online Claim Form by [120-day Claim Period Date]. You can request a copy of the Claim Form by calling 1-8XX-XXX-XXX or sending an email to the Settlement Administrator at STLMSIlawsuit@atticusadmin.com. You can also submit the Claim Form to this email address.

3

### 5. How do I submit a claim?

The Claim Form is simple and easy to complete. The Claim Form requires that you verify (i) your name, (ii) your current mailing address, (iii) your agreement to a statement that you were incarcerated in the St. Louis Medium Security Institution for three or more consecutive days between November 13, 2012 and June 30, 2022 and that you allegedly experienced inhumane treatment including exposure to one or more of the following conditions: extreme temperatures, poor ventilation, overflowing sewage, insect and rodent infestations, mold, or overcrowding, and (iv) your signature with assurances that all of the information on your Claim Form is true and correct.

***Please return a Claim Form by [120-day Claim Period Date] if you think that you have a claim. Returning a Claim Form is the only way to receive a cash payment from this Settlement. No claimant may submit more than one Claim Form.***

The Settlement Administrator may request additional information if your Claim Form is incomplete or insufficient. Failure to provide any requested documentation may result in the denial of your claim and your ability to receive a cash payment.

### 6. When is the Claim Form due?

You must mail and postmark your Claim Form or submit an online Claim Form through the Settlement Website by [120-day Claim Period Date].

### 7. Who decides my claim?

The Settlement Administrator will review Claim Form submissions and determine validity using criteria agreed to by the parties.

The Settlement Administrator may contact you if it needs additional information or otherwise wants to verify information in your Claim Form.

### 8. When will I get my payment?

The Court will hold a Final Fairness Hearing at Time on Date in Courtroom located at Address to decide whether to approve the Settlement. If the Court approves the Settlement, after that there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. If there are no appeals or other delays, you should be sent your cash payment approximately XX days after the Court issues a Final Approval Order.

### 9. What happens if I do nothing at all?

You must timely return a valid Claim Form to receive a cash payment from this Settlement. If you do nothing, you will get no money from the Settlement. You will remain a member of the Settlement Class and will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant about the legal issues in this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 10. How do I get out of the Settlement?

4

If you do not wish to be included in the Settlement Class and receive a cash payment, you must send a written exclusion request to the Settlement Administrator, so it is postmarked or otherwise received no later than [60-day Opt-Out Date].

Your exclusion request must include the case name and number (Cody, et al. v. City of St. Louis, Missouri, 4:17-cv-2707-AGF), your name, address, and telephone number, as well as a clear statement indicating that you choose to be excluded from the Settlement, do not wish to be a Settlement Class Member, and choose to be excluded from any judgment entered pursuant to the Settlement.

You must mail your exclusion request post-marked no later than [60-day Opt-Out Date]to:

St. Louis MSI Lawsuit
c/o Atticus Administration
PO Box 64053
St. Paul, MN 55164

If you asked to be excluded, you will not get any Settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendant in the future.

If more than three Settlement Class members file an 'opt-out' to exclude themselves from the Settlement, the City has the right to terminate the Settlement.

**If you have a pending lawsuit against the Defendant, speak to your lawyer immediately. You may need to exclude yourself from this Settlement in order to continue your own lawsuit.**

### THE LAWYERS REPRESENTING YOU

**11.  Do I have lawyers in this case?**

The Court appointed Maureen Hanlon and Blake Strode of ArchCity Defenders, Inc., 5939 Goodfellow Blvd, St. Louis, MO 63147, and Shannon Dudic and Dennis Kiker of DLA Piper LLP, 444 West Lake Street, Suite 900, Chicago, IL, 60606-0089. These lawyers are called Class Counsel and represent you and other members of the Class. If you want to be represented by your own lawyer, you may hire one at your own expense and enter your appearance in the lawsuit through your own lawyer.

**12.  How will the lawyers be paid?**

Class Counsel will ask the Court to award them attorneys' fees and expenses in the amount of up to $1,333,220.00.

The Court will also be asked to approve a $10,000.00 service payment for each of the six Class Representatives for the time and energy spent assisting with the investigation, drafting and negotiation of the lawsuit.

The payment of Class Counsel's attorneys' fees and expenses, the Class Representative service awards, and Settlement Administration costs will be paid from the Settlement Fund paid by Defendant.

### OBJECTING TO THE SETTLEMENT

**13.  How do I tell the Court that I do not like the Settlement?**

5

If you are a Class Member and you submit a Claim Form, you may object to the Settlement if you do not like any part of it, and the Court will consider your views. You must file an objection with the Court saying that you object to the Settlement in Cody, et al. v. City of St. Louis, Missouri, 4:17-cv-2707-AGF. The written objection must include: (a) the case name and number; (b) your name, address, and telephone number; (c) a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard; and (d) any documents you wish to be considered in support of your objection. The objection must be filed with the Court and served on Class Counsel and Defense Counsel no later than [120-day Objection Date] at the addresses that follow.

If you or your attorney plan to appear at the Final Approval Hearing on behalf of your objection, you must also file a Notice of Intention to Appear with the Court. See Question 18 for more information. Send your objection to:

| Clerk of the Court US District Court - Eastern District of Missouri Thomas F. Eagleton Courthouse 111 S 10th St. St. Louis, MO 63102 | ArchCity Defenders, Inc. Maureen Hanlon 5939 Goodfellow Blvd. St. Louis, MO 63147 | Office of the City Counselor Andrew Wheaton 1200 N. Market Street, Ste. 314 St. Louis, MO 63103 |
| --- | --- | --- |

**14.  What is the difference between objecting and excluding?**

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class and submit a Valid Claim. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class or the lawsuit. You cannot request exclusion and object to the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

### RELEASE OF CLASS MEMBERS' CLAIMS AND DISMISSAL OF LAWSUIT

**15.  What am I giving up in exchange for a Settlement Payment?**

If the Court approves the proposed Settlement and you do not request to be excluded from the Classes, you must release (give up) all claims by this Settlement, and the case will be dismissed on the merits and with prejudice. The Release provides that Class Members will be deemed to have fully and irrevocably released and forever discharged the Released Parties as defined in the Settlement Agreement of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort, or any other theory, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters during the Class Period as defined in the Second Amended Complaint in this Action that were or could have been alleged in the Action, including but not limited to claims related to the Medium Security Institution and the conditions of confinement, and any other claims or causes of action related to the conditions of Releasing Parties' detention inside MSI at any time during the Class Period.

### THE FINAL APPROVAL HEARING

**16.  When and where will the Court decide whether to approve the Settlement?**

The Judge will hold a Final Approval Hearing at Time on Date in Courtroom located at Address to consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Judge will consider them. The Judge will listen to people who have asked to speak at the hearing. After the hearing, the Judge will decide whether to approve the Settlement. We do not know how long this decision will take.

### 17.   Do I have to come to the hearing?

You are not required to attend the hearing. Class Counsel will answer questions the Judge may have about the Settlement. You are welcome to come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it. As long as you deliver your written objection on time, the Judge will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 18.   May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file a Notice of Intention to Appear in Cody, et al. v. City of St. Louis, Case No. 4:17-cv-2707-AGF with the Court. The Notice of Intention to Appear must include (i) the case name and number; (ii) the name, address, and telephone number of the Class Member making the objection, and a summary of the testimony supporting the objection; (iii) the name, address, and telephone number of all witnesses the Class Member or her/his attorney intends to present testimony from, including a summary of the testimony, and (iv) a list of all exhibits that will be offered in support of the objection and complete copies of the exhibits, (v) the amount of time anticipated to present the objection, and (vi) the signature of the Class Member making the objection and a statement under penalty of perjury that the individual is a Settlement Class Member with a Valid Claim.

The Notice of Intent to Appear must be filed with the Court and served on Class Counsel and Defense Counsel at the addresses found in Question 13 no later than [120-day Objection Date].

### **GETTING MORE INFORMATION**

### 19.   Are there more details about the Settlement?

This Notice summarizes the proposed Settlement. More details can be found in the Settlement Agreement. You can access the Settlement Agreement at www.STLmediumsecurityinstitutionclassaction.com or request that the Settlement Administrator send a copy to you by mail.

#### *PLEASE DO NOT CONTACT THE COURT OR ANY REPRESENTATIVE OF DEFENDANT CONCERNING THIS NOTICE OR THIS LAWSUIT.*

**Cody et al., v. City of St. Louis**
**Case No. 4:17-cv-2707-AGF**

CLAIM FORM

You are eligible to complete and submit this Claim Form to be eligible for a Settlement Payment if you were detained in the City of St. Louis, Missouri Medium Security Institution for three or more consecutive days between November 13, 2012 and June 30, 2022.

**Please complete this form in its entirety. Claim Forms must be mailed and postmarked or filed online at www.STLmediumsecurityinstitutionclassaction.com no later than [120-day Claim Period Date].**

**CLASS MEMBER INFORMATION**

Claimant ID: _____
*This is the 8-digit number printed about your name and address on the Notice that was mailed to you.*

First Name:_____ Last Name*: _____ MI: _____

Current Street Address: _____

City:_____ State:_____ Zip:_____

*\*If your last name has changed since you were in custody at MSI, please include legal documentation, such as a marriage or divorce certificate, with your claim to support the name change. If you are filing a claim on behalf of a deceased Class Member, please include a copy of his/her death certificate and legal documentation to show that you have authority to act on his/her behalf with the claim.*

**CLAIMANT VERIFICATION**

Check the boxes below if you agree with the following statement:

☐ **I was detained in the St. Louis Medium Security Institution for three or more consecutive days between November 13, 2012 and June 30, 2022.**

☐ **Throughout my detention at the St. Louis Medium Security Institution, I experienced inhumane treatment including exposure to one or more of the following conditions: extreme temperatures, poor ventilation, overflowing sewage, insect and rodent infestations, mold, or overcrowding.**

**CLAIMANT DECLARATION**

**I hereby give assurances that the information on this Claim Form is correct.**

Signature: _____ Date: _____

**Claim Forms can be submitted online at www.STLmediumsecurityinstitutionclassaction.com or by mail to:**

St. Louis MSI Lawsuit
c/o Atticus Administration
PO Box 64053
St. Paul, MN 55164
Email: STLMSIlawsuit@atticusadmin.com

**CLAIMS MUST BE SUBMITTED BY [120-day Claim Period Date].**
Call the Settlement Administrator at 1-8XX-XXX-XXX if you need assistance or have any questions.

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Cody, et al., v. City of St. Louis*
U.S. District Court for the Eastern District of Missouri
Case No. 4:17-cv-2707-AGF

The Court authorized this Notice.
This is not a solicitation from a lawyer

**If You Were Detained in the St. Louis Medium Security Institute ("MSI") for Three or More Consecutive Days Between November 13, 2012 and June 30, 2022**

**YOU MAY BE ELIGIBLE FOR A SETTLEMENT PAYMENT**

. **PLEASE READ THIS NOTICE CAREFULLY**
Your rights may be affected.

For access to the Long Form Notice and more information visit the Settlement Website.

**www.stlmediumsecurityinstitutionclassaction.com**

ST. LOUIS MSI LAWSUIT
C/O ATTICUS ADMINISTRATION
PO BOX 64053
ST. PAUL, MN 55164



Claimant ID: <<claimant ID>>

<<FIRSTNAME>> <<LASTNAME>>
<<ADDRESS>>
<<ADDRESS 2>>
<<CITY>> <<ST>> <<ZIP>>

**What is this about?** A settlement has been reached with the City of St. Louis ("Defendant") in a class action lawsuit alleging that the City violated the U.S. Constitution by detaining individuals in cruel and unusual conditions in the Medium Security Institution ("MSI").

**Who is included?** The Settlement Class includes persons who were detained in the St. Louis MSI between November 13, 2012 and June 30, 2022 for three or more consecutive days who allegedly experienced inhumane treatment including exposure to one or more of the following conditions: extreme temperatures, poor ventilation, overflowing sewage, insect and rodent infestations, mold, or overcrowding.

**What does the Settlement provide?** Defendant will create a $4,000,000.00 Settlement Fund to compensate Settlement Class Members who complete and submit a Claim Form by [120-day Claim Period Date]. If you are a Class Member and you submit a Claim Form, you will receive a payment by check for your portion of the Settlement, once the Court approves the Settlement and after Court-approved deductions for attorneys' fees and costs, administrative costs, and service awards are made.

**What are my options?** (1) Do Nothing: If you do nothing you will not receive a Settlement payment, but your rights may be affected. You will be bound by the Court's decisions. (2) Submit a Claim Form: To receive a Settlement payment you must file a claim. You can complete and return the Claim Form attached to this Notice by mail or submit one online at www.STLmediumsecurityinstitutionclassaction.com. Claim Forms must be submitted by [120-day Claim Period Date]. (3) Request Exclusion: If you do not want to be legally bound by the Settlement or receive a check, you must opt out from the Settlement by mailing a written exclusion to the Settlement Administrator by [60-day Opt-Out Date]. Unless you opt out, you will not be able to sue Defendant for any claim made in the lawsuit or released by the Settlement Agreement. If you do not opt out of the Settlement, you may object to it by [120-day Objection Date]. Visit the Settlement Website at www.STLmediumsecurityinstitutionclassaction.com for details on these options.

The Court will hold a Final Approval Hearing at [Time] of [Date] in Courtroom [XX] of the [Courthouse name and address] to consider whether to approve the Settlement, Class Counsel's request for attorneys' fees and expenses, and the named plaintiffs' service awards. You may attend but are not required to do so. Settlement Payments cannot be issued until after the Court approves the Settlement. Be advised that the Final Approval Hearing date may change without further notice to Class Members.

**More information, including the Long Form Notice and Settlement Agreement, is available on the Settlement Website (www.stlmediumsecurityinstitutionclassaction.com or scan QR Code) or by calling 1-8XX-XXX-XXXX**



## BUSINESS REPLY MAIL
FIRST-CLASS MAIL  PERMIT NO.161  SAINT PAUL, MN

POSTAGE WILL BE PAID BY ADDRESSEE

ATTICUS ADMINISTRATION
PO BOX 64053
SAINT PAUL MN 55164-9811

**Cody v. City of St. Louis Claim Form**

**Claims must be postmarked and mailed or filed online at www.STLmediumsecurityinstitutionclassaction.com on or before [120-day Claim Period Date].**

Claimant ID: <<claimant_>>
<<FIRST NAME>> <<LAST NAME>>
<<ADDRESS>> <<ADDRESS 2>>
<<CITY>> <<ST>> <<ZIP>>

If your address has changed, please update below.*

_____

_____

_____

*If your name has changed or you are filing on behalf of a deceased Class Member, please call 1-8XX-XXX-XXX for additional information on how to file a Claim Form.

Check the boxes if you agree with the following statements:

☐ **I was detained in MSI for three or more consecutive days between November 13, 2012 and June 30, 2022.**

☐ **Throughout my detention at MSI, I experienced inhumane treatment including exposure to one or more of the following conditions: extreme temperatures, poor ventilation, overflowing sewage, insect and rodent infestations, mold, or overcrowding.**

I hereby give assurances that the information provided on this Claim Form is correct.

_____
Printed Name

_____     _____
Signature                                                                              Date (MM/DD/YYYY)

Claims must be postmarked and mailed or filed online at www.STLmediumsecurityinstitutionclassaction.com no later than [120-day Claim Period Date].

**EXHIBIT C**


# DATA SECURITY & INFORMATION PRIVACY POLICY

| Policy Area | Employee Handbook: Data Security & Information Privacy Policy |
|---|---|
| Approved Date | October 12, 2023 |
| Approved By | Director of Information Technology – Joel Prest; CFO, COO – James Hardy |
| Effective Date | October 12, 2023 |
| Current Version | 7.0 |

## I. OVERVIEW

Atticus Administration, LLC ("Atticus"), in fulfilling the requirement as a third-party administrator under the terms of a court order and/or settlement agreement for a case ("Case Court Documents"), is required to collect and store client information such as class member data records which contain names, addresses, phone numbers, emails, and occasionally sensitive information such as social security numbers, and takes seriously its obligation to secure information systems and protect the privacy of this client data.

As a standard operating procedure, Atticus regularly reviews its policies related to data collection, privacy, and security. All who are employed by Atticus or retained as a contractor for Atticus ("Users") are provided with this Data Security & Information Privacy Policy document as a part of their training or onboarding to ensure that this information is communicated and understood through explicit acknowledgment. Any material revisions to this document are immediately communicated to Users with an emailed memo which calls out the revisions, as well as an updated copy of the Data Security & Information Privacy Policy document.

Atticus complies with the policies and processes encompassed within this Data Security & Information Privacy Policy document.

## II. PURPOSE

The purpose of this Policy is to establish the rules for handling the collection, storage, and use of client data. These rules are necessary to preserve the integrity, availability, and confidentiality of information.

## III. SCOPE

This policy applies to all Atticus employees and contractors that use company assets such as computers, laptops, or mobile devices and/or have access to Atticus' networks and information resources. All devices, whether owned by Atticus or owned by employees, that have access to Atticus' networks and information resources are governed by this Data Security & Information Privacy Policy. Usage of applications, including cloud storage software, by employees on their own personal devices, are also subject to this policy.

## IV. POLICY

1. **Data Governance**

   Atticus is committed to protecting and safeguarding the data that it collects and recognizes this data as a critical asset. Atticus maintains a tiered data governance structure, managed by the Director of Information Technology and enforced by Atticus executive leadership, that governs individual Users access to data. This governance structure is further maintained through enforced processes, standards, and procedures to ultimately ensure appropriate use of data and/or management of data.

Document Title: DATA SECURITY & INFORMATION PRIVACY POLICY
Version: Rev 7 – October 12, 2023


Case: 4:17-cv-02707-AGF    Doc. #: 443-6    Filed: 02/04/26    Page: 37 of 39 PageID #: 15742

2. **Internal Use of Data**

   Any client data and class member data records that Atticus collects, and stores are used only to fulfill Atticus' requirement as a third-party administrator under the terms of the Case Court Documents. This information is only available to Users as set forth by Atticus' tiered data governance structure.

3. **External Use & Disclosure of Data**

   Atticus follows the direction and instructions outlined in the Case Court Documents for handling class member data records. All sensitive and non-public client data, class member data, and information for a case that is provided to Atticus, is the property of Atticus and may not be shared, used, or otherwise communicated outside of Atticus or outside the scope of the project. In cases where a contractor partner is used, only those who have been approved and authorized by Atticus management and have a privacy policy (or data security policy) consistent with Atticus' Data Security & Information Privacy Policy are allowed to be used.

4. **Data Security & Information Privacy Policy**

   Electronic transmission, delivery or receipt of sensitive data is only permitted using SFTP technology. Delivery or receipt of hardcopy sensitive data is only permitted using the US Mail System or a courier as approved by Atticus management.

   Atticus complies with all state and federal regulations that apply to data security.

   Once a case has closed, Atticus will destroy all hardcopy documents containing sensitive data within twelve months. Regarding all electronic case data (including sensitive data), Atticus maintains this data for up to five years following the closure of the case. In the event Court Case Documents specify unique data retention/return requirements, those requirements shall prevail over Atticus' standard retention/return policy.

5. **Computing Devices & Access to Atticus Information Database and Network**

   Only Atticus IT approved devices may be used to access Atticus' information database and network. All devices must be protected with an employee's user access level systems username and password required at the time the device is powered on.

   Access to database and network information must be authenticated using two-factor authentication.

   Sensitive data shall not be stored on the device.  However, in the event there is no alternative to device storage, all sensitive data must be encrypted with password protection.

   Atticus prohibits the use of public cloud storage for any client specific data.

   Unattended devices must be logged out and locked when unattended, and additionally configured to automatically be logged out of and screen locked after 10 minute or more of inactivity.

   All devices that access Atticus' information database and network infrastructure shall have active and up-to-date anti-malware and firewall protection.

6. **Breaches in Security and Policy Violation**

   Breaches in security, whether actual or suspected, must be reported immediately to Atticus' Director of Information Technology. The Director of Information Technology and executive management will assess the breach for scope and severity and take appropriate action to mitigate and/or eliminate.

Document Title: DATA SECURITY & INFORMATION PRIVACY POLICY
Version: Rev 7 – October 12, 2023

2050 N. 33rd AVENUE DRIVE SUITE 240
MENDOTA HEIGHTS MN 55120
WWW.ATTICUSADMIN.COM
1-844-728-8428

If the Director of Information Technology and/or executive management, is made aware a User has failed to comply with Atticus' Data Security & Information Privacy Policy, they will identify and apply appropriate consequences to the User. Consequences may be as severe as termination of employment or termination of contract and/or further legal action. If there is a concern about a breach involving the Director of Information Technology, concerns should be immediately directed to the Chief Operating Officer.

If there is a data breach with a vendor/contractor, the contractor must comply with all applicable state and federal laws that require the notification to individuals (or other affected parties) in the event of unauthorized release of sensitive personal information or confidential data. Contractors must notify Atticus within 24 hours of the incident. Atticus reserves all rights to act under the terms of any applicable contract, including indemnification and/or termination of the contract.

7. **General Atticus Information Security and Privacy Standards**

- **Annual security training**. Training and review of the Information Security and Privacy Standards are provided to Atticus Employees on an annual basis. Periodic security reminders may be used to reinforce computing device security procedures, updates, or changes.
- **Minimum necessary.**  Employees shall only have access to the minimum amount of data necessary to perform their job duties.
- **Lost devices.**  Employees must immediately report any lost or stolen devices so access to systems can be deactivated.
- **Unauthorized access.**  Any unauthorized access to a device or company data must be immediately reported.
- **Rooting Mobile computing devices.**  Mobile computing devices must not be "rooted" or have unauthorized software/firmware installed. A mobile device is considered "rooted" if the internal protections of the device have been compromised or modified to allow control access to the operating system.
- **Content.**  Employees shall not load illegal content or pirated software onto devices.
- **Software installs.**  Only approved applications are allowed on the computing devices that connect to Atticus' information database and network.
- **Patch management.**  Computing devices and applications must be kept up-to-date.  Patches should be installed within 30 days of release.
- **Anti-malware.**  All computing devices must have active and up-to-date anti-malware protection software. encryption.  Encryption shall be used to protect sensitive information.
- **Firewalls.**  Firewall is maintained at the headquarters location for the network and administered by the Director of Information Technology.
- **Work habits.**  Employee shall use Atticus company applications and systems while at work. Access to certain outside applications, websites, and/or systems may be blocked within each Atticus computing device.
- **Backups.**  Backups are performed twice daily on the network terminal server environment.
- **Internal applications.**  Computing devices are installed with company internal applications on an as needed basis to Users. User access rights are maintained by the Director of Information Technology.
- **Exemptions.**  A risk assessment and risk analysis shall be performed for any requests for exemptions from this Policy.

# V. ENFORCEMENT

Any User found to have violated this policy may be subject to disciplinary action. Such action may be as severe as termination of employment or termination of contract and/or further legal action.

# VI. DISTRIBUTION

Document Title: DATA SECURITY & INFORMATION PRIVACY POLICY
Version: Rev 7 – October 12, 2023



9250 N. 3rd Place DRIVE SUITE 240
MENDOTA HEIGHTS MN 55120
WWW.ATTICUSADMIN.COM
1-844-728-8428

This policy is to be distributed to all Users.

**Policy History**

| Version | Date | Description | Approved By |
|---------|------|-------------|-------------|
| 1.0 | 8/1/2017 | Initial policy release | Mai Vang – Director of Operations<br>James Hardy – CFO/COO |
| 2.0 | 11/5/2018 | Policy Review | Joel Prest – Director of Information Technology<br>James Hardy – CFO/COO |
| 3.0 | 11/14/2019 | Policy Review | Joel Prest – Director of Information Technology<br>James Hardy – CFO/COO |
| 4.0 | 11/10/2020 | Policy Review | Joel Prest – Director of Information Technology<br>James Hardy – CFO/COO |
| 5.0 | 10/15/2021 | Policy Review | Joel Prest – Director of Information Technology<br>James Hardy – CFO/COO |
| 6.0 | 10/12/2022 | Policy Review | Joel Prest – Director of Information Technology<br>James Hardy – CFO/COO |
| 7.0 | 10/12/2023 | Policy Review | Joel Prest – Director of Information Technology<br>James Hardy – CFO/COO |