UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES CODY, et al., individually and on )
behalf of other similarly situated individuals,)
                               )
        Plaintiffs,            )
                               )
       v.                )        Case No. 4:17-CV-2707 AGF
                               )
CITY OF ST. LOUIS,        )
                               )
        Defendant.       )

## ORDER GRANTING PRELIMINARY
## APPROVAL OF CLASS ACTION SETTLEMENT

The named plaintiffs in this putative class action claim that they endured inhumane conditions, in violation of the Eighth and Fourteenth Amendments, while detained pre-trial or post-conviction in the City of St. Louis's ("City") Medium Security Institution ("MSI").  They seek monetary damages under 42 U.S.C. § 1983.

On February 24, 2025, following several years of hard-fought litigation, including multiple mediations and several rounds of class certification briefing and adjudication in both this Court and in the Eighth Circuit Court of Appeals, *see Cody v. City of St. Louis*, 103 F.4th 523 (8th Cir. 2024) (hereinafter "Eighth Circuit Opinion"), the parties reached a proposed class action settlement.  The Court held a hearing on the parties' initial consent motion for preliminary approval of the settlement on June 12, 2025.  At that hearing, the Court questioned whether the parties had adequately addressed the requirements of Federal Rules of Civil Procedure 23(a) and (b), particularly in light of the Eighth Circuit Opinion reversing certification of previously proposed classes.  The parties

thereafter extensively conferred and ultimately agreed on amended class definitions with respect to the proposed settlement.

The matter is now before the Court on the parties' Second Amended Consent Motion for Preliminary Approval of Class Action Settlement (ECF No. 442).  The matter having been submitted and good cause appearing therefore, the Court finds as follows:

1.    All defined terms contained herein have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with this Court as Exhibit 1 to the Memorandum in Support of the Second Amended Consent Motion for Preliminary Approval of Class Action Settlement.

2.    The Settlement Class Representatives and the Defendant, through their counsel of record, have reached an agreement to settle all claims in the above-captioned action.

3.    The Court preliminarily concludes that, for purposes of approving this Settlement Agreement only and for no other purpose and with no other effect should the proposed Settlement Agreement not be finally approved or should the Effective Date not occur, the proposed Settlement Class likely meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Settlement Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Settlement Class, and there is a well-defined community of interest among members of the proposed Settlement

Class with respect to the subject matter of the above-captioned action; (c) the claims of the Settlement Class Representatives are typical of the claims of the members of the proposed Settlement Class; (d) the Settlement Class Representatives will fairly and adequately protect the interests of the members of the Settlement Class; (e) the counsel of record for the Settlement Class Representatives are qualified to serve as counsel for the Settlement Class Representatives in their own capacities as well as their representative capacities and for the Settlement Class; (f) common issues will likely predominate over individual issues; and (g) a class action is superior to other available methods for an efficient adjudication of this controversy.

4.      In particular, the Court is preliminarily satisfied that its prior concerns based on the Eighth Circuit Opinion and history of this case are adequately addressed based on the following principles of law and reasoning:

a.  "[A] strong public policy favors agreements, and courts should approach them with a presumption in their favor." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148 (8th Cir. 1999). "Class actions, in general, 'place an enormous burden of costs and expense upon [ ] parties.'" *Marshall v. Nat'l Football League*, 787 F.3d 502, 512 (8th Cir. 2015) (citation omitted). Settlement avoids protracted litigation and conserves resources. *See In re Uponor, Inc., F1807 Plumbing Fittings Products Liab. Litig.*, 716 F.3d 1057, 1063 (8th Cir. 2013) (expense of continued litigation "weigh[s] in

3

favor of" approving settlement).  "The court's role in reviewing a

negotiated class settlement is 'to ensure that the agreement is not the

product of fraud or collusion and that, taken as a whole, it is fair, adequate,

and reasonable to all concerned.'" *Marshall v. Nat'l Football League*, 787

F.3d 502, 509 (8th Cir. 2015) (citation omitted).

b.   Although most of the specifications of Rule 23(a) and (b)(3) "demand

undiluted, even heightened, attention in the settlement context," the

settlement itself is also "relevant" in that Court "need not inquire whether

the case, if tried, would present intractable management problems, see Fed.

Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial."

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  Applying this

reasoning, numerous courts have held that "predominance—the main focus

of manageability—recedes in importance as well" in the settlement context,

such that "individualized issues [which] may bar certification for

adjudication because of predominance-related manageability . . . do not bar

certification for settlement." 2 Newberg and Rubenstein on Class Actions §

4:63 (6th ed.) (collecting cases).  "Courts therefore regularly certify

settlement classes that might not have been certifiable for trial purposes

because of manageability concerns."  *Id.  See also Keil v. Lopez*, 862 F.3d

685, 694 (8th Cir. 2017) (holding that "[t]he same 'rigorous analysis'

4

[applicable to class certification] standard simply does not apply to settlement approvals" under Rule 23).

c.  These principles, as well as the Court's and parties' deep understanding of the claims and defenses developed over the more than eight years of hard-fought litigation in this case, inform the Court's analysis.  *See , e.g.*, *Petrovic* , 200 F.3d at 1146 (distinguishing cases like *Amchem* and *Ortiz v. Fibreboard Corporation,* 527 U.S. 815 (1999), in which settlements were reached before litigation even began from those in which settlement was reached after "years of extensive discovery and preparation for trial," and noting that "[t]he difficulties associated with settlements like those in *Amchem* and *Ortiz* —the possibility of collusion between class counsel and the defendant and the need for additional protections when the settlement is not negotiated by a court designated class representative—are . . .  not present" in the latter) (cleaned up and citations omitted).

d.  The Court preliminarily concludes that the proposed Settlement Class is sufficiently cohesive under Rule 23(a) and (b)(3).  *See Amchem*, 521 U.S. 591 at 623 ("The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.").   The Eighth Circuit Opinion found a prior iteration of the proposed class—which lacked any durational requirement or reference to

5

specific conditions of confinement—failed to satisfy Rule 23's commonality and predominance requirements.[1]  However, the current proposed Settlement Class definition contains a durational requirement of three or more consecutive days of confinement and limits the class to those individuals exposed to one or more of the following conditions throughout their detention: extreme temperatures, poor ventilation, overflowing sewage, insect and rodent infestations, mold, or overcrowding.  By limiting the proposed Settlement Class to those detained three or more consecutive days and exposed to a specific set of allegedly inhumane conditions in a single institution, over a defined period of time, the parties have proposed a

---

[1]     The Eighth Circuit Opinion also faulted the Court for failing to analyze the City's liability under *Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978), and how that liability could be established on a class-wide basis, before granting class certification at an earlier stage of this case. The Court had not conducted such analysis because the City had abandoned its argument based on *Monell*.  *Compare* Def.'s Resp. to Pl.'s Mot. for Class Certification (ECF No. 262 at 35-41) (raising a *Monell* argument), *with* Def.'s Resp. to Pl.'s First Renewed Mot. for Class Certification (ECF No. 316) (not raising such an argument); *see also Cody*, 103 F. 4th at 535 (holding that arguments are waived in such circumstances).  And now that the parties have agreed to settle and jointly seek approval of their settlement, it does not appear that the Court need consider the City's liability. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. C 06-4333 PJH, 2013 WL 12333442, at *56 (N.D. Cal. Jan. 8, 2013) ("[N]either a prediction of the common evidence needed to establish the defendants' liability to class members nor any other aspect of trial manageability is a concern for the point of these proposed settlements is to eliminate a trial); *report and recommendation adopted sub nom. In re Dynamic Random Access Memory Antitrust Litig.*, No. C 06-4333 PJH, 2014 WL 12879520 (N.D. Cal. June 27, 2014).  But even if the Court had to consider the City's *Monell* liability at this settlement stage, it preliminarily concludes that such liability can be established on a class-wide basis, as discussed further below.

class sufficiently cohesive to warrant adjudication by representation.[2]  The Court preliminarily concludes that the question of whether exposure to this combination of conditions for three or more consecutive days rose to the level of an Eighth or Fourteenth Amendment violation predominates over individual issues in this case.   And to the extent it is still at issue, the Court likewise preliminarily concludes that the question of whether a City custom or policy caused the alleged constitutional violation because, for example, City policymakers knew of such conditions and were deliberately indifferent to the risk that not addressing them would result in a constitutional violation, is a common issue that predominates.  *See, e.g.*, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123-130 (1988) (explaining municipal liability under § 1983 may be established by decisions taken by the "highest officials responsible for setting policy in that area of the government's business," or by such officials knowingly ignoring a practice consistent enough for it to constitute a custom); *Canton v. Harris,* 489 U.S. 378, 390 (1989) (describing municipal liability based on a failure to respond to a need in such a manner to as to show deliberate indifference to the violation of constitutional rights); *see also Russell v. Hennepin Cnty.*,

---

[2]     This preliminary finding is also consistent with the Eight Circuit's insistence that it was "not hold[ing] that *no* class addressing Plaintiffs' conditions complaints could ever be properly certified."  *Cody*, 103 F.4th at 533 (emphasis in original).

420 F.3d 841, 849 (8th Cir. 2005) ("To establish a constitutional violation resulting from such a custom, a plaintiff must show that his alleged injury was caused by municipal employees engaging in a widespread and persistent pattern of unconstitutional misconduct that municipal policymakers were either deliberately indifferent to or tacitly authorized."); *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017) ("[I]n situations where rules or regulations are required to remedy a potentially dangerous practice, the County's failure to make a policy is also actionable.").[3]

5.      The Parties also have presented to the Court for review a Settlement Agreement attached as Exhibit 1 to the Memorandum in Support of their Second Amended Consent Motion for Preliminary Approval of Class Action Settlement. The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements of preliminary approval.

6.      The Court preliminarily finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair,

---

[3]      Even if the City's liability remains an issue at this stage, Plaintiffs would need only show that municipal liability is subject to class-wide proof, not that they would prevail on the merits under *Monell*. *Cf. Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 465–66 (2013) ("Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.").

reasonable, adequate, and in the best interest of the Class Members, when considering the merits of Plaintiffs' case, weighed against the terms of the settlement, Defendant's financial condition, and the complexity and expense of further litigation. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005) (citing *Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir. 1988)).  In this regard, the Court finds it significant that although this litigation has been pending for more than eight years, there are no other individual or class action lawsuits against Defendant asserting the claims in dispute.

7.    The Court has also considered the following factors in preliminarily finding that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members: (A) the Class Representatives and Class Counsel have adequately represented the Class; (B) the proposed settlement was negotiated at arm's length; (C) the relief provided for the Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats Class Members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

8.      The Parties have presented to the Court for review a plan to provide Class Members notice of the terms of the Settlement Agreement and the various options the Class Members have, including, among others, the option for Class Members to opt out of the class action and the option to object to the proposed Settlement Agreement and/or to Class Counsel's request for an award of attorneys' fees and costs and/or to the request for Service Awards for the Class Representatives. The notice fairly apprises the Class Members of all pertinent issues and will be provided consistent with the requirements of the Settlement Agreement.[4] The mailing and publication of the notice described in the Settlement Agreement and Declaration of the Settlement Administrator constitutes the best practical notice of the Final Approval Hearing, the proposed Settlement Agreement, Class Counsel's Application for Fees and Expenses and Class Representative Compensation, and all other matters set forth in the proposed Notice of Class Action Settlement, and constitutes valid, due, and sufficient notice to all members of the Settlement Class, and complies fully with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), the Constitutions of the United States and State of Missouri, the Class Members' rights of due process, and all other applicable law.

---

[4]      In Section 3 of the proposed long form notice attached as Exhibit B to the Settlement Agreement, in the second to last paragraph, the Court directs the parties to add the word "roughly" before each estimated dollar amount a class member might receive in various scenarios.

10

9.      The Court approves the Postcard Notice, Claim Form, and Long Form Notice, attached as Exhibits 1A, 1B, and 1C to the Settlement Agreement, to be sent to Class Members.

10.     The Court takes notice of the proposed request for attorneys' fees and costs to Class Counsel and the payment of Service Awards to Class Representatives. The requests for attorneys' fees and costs and payment of Service Awards will be reviewed by the Court at the Final Approval Hearing.

Therefore, good cause appearing,

**IT IS HEREBY ORDERED:**

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies that the above-captioned action may proceed, for settlement purposes only, as a class action on behalf of the Settlement Class defined as:

> **All persons who were detained in the St. Louis Medium Security Institution for three or more consecutive days between November 13, 2012 and June 30, 2022 who allegedly experienced inhumane treatment including exposure to one or more of the following conditions: extreme temperatures, poor ventilation, overflowing sewage, insect and rodent infestations, mold, or overcrowding.**

2.      James Cody, Callion Barnes, Jasmine Borden, Michael Mosley, Eddie Williams, and Diedre Wortham are hereby appointed representatives of the Settlement Class.

11

3.     Blake Strode and Maureen Hanlon of ArchCity Defenders, Inc. and Shannon Dudic and Dennis Kiker of DLA Piper LLP are hereby appointed Settlement Class Counsel.

4.     The Court hereby grants preliminary approval of the Settlement Agreement as falling within the range of possible approval and meriting submission to Class Members for consideration.

5.     Notice of the proposed Settlement Agreement and the rights of Class Members to opt out or object to the Settlement Agreement shall be given by issuance of direct mailed notice and publication consistent with the terms of the Settlement Agreement and will be sent to Class Members as soon as practicable after entry of the Preliminary Approval Order and no later than **February 27, 2026**.  Defendant City of St. Louis shall pay all costs and expenses of providing notice to the Class Members via the Settlement Fund.

6.     All requests for exclusion must be mailed to the Settlement Administrator and postmarked on or before **April 28, 2026**.

7.     All objections, whether to the Settlement Agreement, request for attorneys' fees and costs, and/or to the Service Awards must be filed with the Court, or postmarked if submitted to the Court by mail, and served upon counsel for the Parties on or before **June 29, 2026**.

8.     By no later than **July 8, 2026**, the parties shall file with the Court:

a.  A joint motion for final approval of the settlement

b.  Any motion(s) for attorneys' fees and costs, settlement administration costs, and/or service awards for the Settlement Class Representatives

c.  A Notice of Class Action Opt-Outs, attaching an affidavit from the Settlement Administrator, confirming that the Notice Program was completed, describing how the Notice Program was completed, providing the names of each person who timely and properly opted-out from the Settlement Class and other information as may be necessary to allow the Parties to seek and obtain Final Approval.

9.    By no later than **July 13, 2026**, the parties shall file with the Court any responses to written objections.

10.    A Final Approval Hearing will be held before this Court on **July 22, 2026**, at **10:00 a.m.** at the Thomas F. Eagleton United States Courthouse, 111 South Tenth Street, St. Louis, Missouri 63102, in **Courtroom 12S** to consider whether the Settlement Agreement should be given final approval by the Court. At the Final Approval Hearing, the Court will consider:

a.  Whether to finally certify the Settlement Class;

b.  Whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate;

c.  Whether a Final Judgment should be entered thereon;

13

d.  Whether Class Counsel fairly and adequately protected the interest of the Settlement Class; and

e.  Whether Class Counsel's request for attorneys' fees and costs and Service Awards for the Class Representatives should be approved by the Court.

9.      At the Final Approval Hearing, Settlement Class Members who have not opted out of the Settlement may be heard orally in support of or—if they have timely submitted written objections—in opposition to the Settlement Agreement, provided that each such Class Member requesting to be heard files with the Court a "Notice of Intention to Appear" that includes the required information as specified in the Long Form Notice. Any Notice of Intention to Appear must be filed with the Court no later than **July 7, 2026**.  Any Settlement Class Member who fails to timely file a proper Notice of Intention to Appear will not be heard at the Final Approval Hearing.

10.     Class Counsel and Defendant's Counsel should be prepared at the hearing to respond to objections filed by Settlement Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved.

11.     With the exception of the actions to be taken as directed in this Order, this case remains **STAYED** pending the Final Approval of the Settlement.

12.     In the event that the Effective Date occurs, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims. In the event

14

that the Effective Date does not occur for any reason whatsoever, the Settlement

Agreement shall be deemed null and void and shall have no effect whatsoever.

13.    The parties' prior consent motions for preliminary approval of class action

settlement (ECF No. 421 & 436) are **DISMISSED as moot**, in light of the second

amended motion now granted.

**IT IS SO ORDERED.**


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2026.