**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES CODY, *et al.*, individually and on behalf of other similarly situated individuals, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:17-cv-2707-AGF |
| CITY OF ST. LOUIS, | ) ) | |
| Defendant. | ) ) | |

**JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs,[1] on behalf of themselves and all others similarly situated, with consent of Defendant City of St. Louis ("the City" or "Defendant") (collectively, the "Parties") move this Court for an Order approving the terms of the proposed class action settlement. As set out more fully in the accompanying Memorandum in support of this Motion, Plaintiffs state as follows:

1.      Plaintiffs, on behalf of themselves and all others similarly situated, with consent of Defendant City of St. Louis ("the City" or "Defendant") (collectively, the "Parties") seek final approval of a proposed class action settlement of claims against the City arising out of the City's alleged violations of the Eighth and Fourteenth Amendments related to the conditions at City's Medium Security Institution ("MSI").

2.      On October 22, 2025, Plaintiffs filed an Amended Consent Motion for Preliminary Approval and Memorandum in Support of the Amended Motion that addressed the Court's

---

[1] The named Plaintiffs are James Cody, Callion Barnes, Jasmine Borden, Michael Mosley, Eddie Wiliams, and Diedre Wortham (collectively "Plaintiffs" and each a "Plaintiff").

1

questions. Plaintiffs also submitted a revised claims form allowing class members who could attest to experiencing "multiple overlapping conditions" to recover. *See* Docs. 436–37.

3. On December 3, 2025, this Court posed additional questions to the Parties about the class definition and language in the Post Card Notice, Long Form Notice, and Claims Form. The Parties conferred to respond to the Court's questions and specifically agreed upon an amendment to the class definition that matches the claims form and clarifies that the class recovery is limited to people who can attest to experiencing exposure to at least one inhumane condition of confinement at MSI.

4. Plaintiffs incorporated those revisions into the Settlement Agreement, Post Card Notice, Long Form Notice, and Claims Form. In its Preliminary Approval Order, the Court certified the Settlement Class, appointed Class Representatives and Class Counsel, approved the Settlement Agreement as falling within the range of possible approval, and approved the Postcard Notice, Long Form Notice, and Claim Form to be sent to Class Members. *See* Doc. 444.

5. The Parties have carried out all instructions in the Preliminary Approval Order and now seek Final Approval.

6. The Parties believe the Settlement is fair, reasonable, and adequate, and meets the requirements of the Federal Rules of Civil Procedure.

7. The Settlement resolves the claims of one Settlement Class (hereinafter, the "Settlement Class" or the "Class") for which the Parties seek certification under Federal Rule of Civil Procedure 23(b)(3), for settlement purposes only:

> **All persons who were detained in the St. Louis Medium Security Institution for three or more consecutive days between November 13, 2012 and June 30, 2022 who allegedly experienced inhumane treatment including exposure to one or more of the following conditions: extreme temperatures, poor ventilation, overflowing sewage, insect and rodent infestation, mold, or overcrowding.**

Doc. 443-1, Settlement Agreement, ¶ 20.

8.      "The policy in federal court favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context." *In re Zurn Pex Plumbing Prods. Liab. Litig.,* No. 08-MDL-1958 ADM/AJB, 2013 WL 716088, at *6 (D. Minn. Feb. 27, 2013) (quoting *White v. Nat'l Football League*, 822 F. Supp. 1389, 1416 (D. Minn. 1993)). "The court's role in reviewing a negotiated class settlement is . . . 'to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned.'" *Marshall v. Nat'l Football League,* 787 F.3d 502, 509 (8th Cir. 2015) (quoting *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005)).

9.      For all the reasons set out in the accompanying Memorandum, the factors considered in determining whether a settlement is fair, reasonable, and adequate support approval of the settlement. *See* Fed. R. Civ. P. 23(e)(2); *see also Risch v. Natoli Eng'g Co., LLC*, 4:11CV1621 AGF, 2012 WL 3242099, at *2 (E.D. Mo. Aug. 7, 2012). As against the risks and uncertainties, the settlement provides immediate and valuable relief for the Class Members.

10.     The Settlement Agreement provides monetary benefits in the form of a non-reversionary Settlement Fund of $4,000,000. Doc. 443-1, Settlement Agreement, ¶¶ 21, 57–59. All payments to Settlement Class Members and Settlement Administration Costs, as well as any Service Awards awarded to Class Representatives and attorneys' fees and costs awarded to Class Counsel, shall be paid from the Settlement Fund. *Id.* ¶¶ 21, 93.

11.     Class Counsel and the Settlement Administrators have provided adequate notice to class members. Between February 27, 2026 and May 13, 2026, the Settlement Administrator, Atticus Administration, LLC, timely commenced and disseminated notice based on the procedures the Court approved in its Preliminary Approval Order. These procedures are further detailed in the Memorandum of Final Approval of Class Action Settlement and the Affidavit of Bryn Bridley, on

behalf of the Settlement Administrator, attached as Exhibit 1 to the Memorandum in Support of this motion.

12. The settlement has been enthusiastically received by class members. Of the 15,977 potential Class Members across the Settlement Class, 4,123 valid claims have been filed (with around 130 other claims under review). Ex. 1, Bridley Affidavit, ¶ 20–21. Comparatively, two objections were filed with the Court (Doc. 449 and 450), and the Settlement Administrator received only one opt out. *Id.* ¶ 17–18

13. For these and the other reasons detailed in the Memorandum of Final Approval of Class Action Settlement, the proposed Settlement is fair, adequate, and reasonable, and should be approved.

WHEREFORE, for these and the reasons more fully set forth in the accompanying Memorandum, Plaintiffs request that this Court grant final approval of the settlement. A Proposed Order granting this Motion is attached to the Memorandum as Exhibit 4.

Date: July 8, 2026

Respectfully submitted,

**ARCHCITY DEFENDERS, INC.**

By: /s/ Maureen Hanlon
Blake A. Strode, MBE #68422MO
Jacki J. Langum, MBE #58881MO
Maureen G. V. Hanlon, MBE #70990MO
5939 Goodfellow Blvd.
Saint Louis, MO 63147
855-724-2489 ext. 1012
314-925-1307 (fax)
bstrode@archcitydefenders.org
jlangum@archcitydefenders.org
mhanlon@archcitydefenders.org

and

4

**DLA PIPER LLP (US)**

By: /s/  Dennis Kiker
Dennis Kiker (*Pro hac vice*)
2525 East Camelback Road, Ste 1000
Phoenix, AZ
Phone: 480-606-5100
Fax: 480-606-5101
dennis.kiker@dlapiper.com

and

By: /s/ Shannon Dudic
Shannon Dudic (Pro hac vice)
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067
Shannon.dudic@us.dlapiper.com

*Attorneys for Plaintiffs*

By: /s/ Andrew Wheaton
Andrew D. Wheaton, #65269MO
Associate City Counselor
City Hall, Room 314
St. Louis, MO 63103
314-622-4954
wheatona@stlouis-mo.gov

*Attorney for Defendant*

5