**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES CODY, *et al.*, individually and on behalf of other similarly situated individuals, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-2707-AGF |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES,
COSTS, AND SERVICE AWARDS**

Plaintiffs, [1] on behalf of themselves and all others similarly situated, with consent of Defendant City of St. Louis ("the City" or "Defendant") (collectively, the "Parties") move this Court for an Order approving an award of attorneys' fees, costs, and service awards. As set out more fully in the accompanying Memorandum in support of this Motion, Plaintiffs state as follows:

1.    Plaintiffs allege that each of them (and the Class Members[2] they represent) endured inhumane conditions while detained at the "Workhouse," a Medium Security Institution ("MSI") operated by Defendant.

2.    On February 24, 2025, after several years of hard-fought litigation, including multiple mediations and several rounds of class certification briefing and adjudication in both this Court and in the Eighth Circuit Court of Appeals, the parties reached a proposed class action settlement.

---

[1] The named Plaintiffs are James Cody, Callion Barnes, Jasmine Borden, Michael Mosley, Eddie Wiliams, and Diedre Wortham (collectively "Plaintiffs" and each a "Plaintiff").
[2] All capitalized terms have the same meaning as used in the Settlement Agreement and Memorandum.

1

3.      On February 13, 2026, this Court granted preliminary approval of the Settlement. *See* Doc. 444. In its Order, the Court certified the Settlement Class for settlement purposes only, appointed Class Representatives and Class Counsel, and approved the Settlement Agreement as "falling within the range of possible approval and meriting submission to Class Members for consideration." *Id.* at 11. The Court preliminarily found that the Settlement "is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, when considering the merits of Plaintiffs' case, weighed against the terms of the settlement, Defendant's financial condition, and the complexity and expense of further litigation." *Id.* at 9.

4.      The Parties believe the Settlement is fair, reasonable, and adequate, and meets the requirements of the Federal Rules of Civil Procedure.

5.      The Settlement resolves the claims of one Settlement Class (hereinafter, the "Settlement Class" or the "Class") for which the Parties seek certification under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only:

> **All persons who were detained in the St. Louis Medium Security Institution for three or more consecutive days between November 13, 2012 and June 30, 2022 who allegedly experienced inhumane treatment including exposure to one or more of the following conditions: extreme temperatures, poor ventilation, overflowing sewage, insect and rodent infestation, mold, or overcrowding.**

Doc. 443-1, Settlement Agreement ¶ 20.

6.      The Settlement Agreement provides monetary benefits in the form of a non-reversionary Settlement Fund of $4,000,000. *Id.* ¶¶ 21, 57–59. All payments to Settlement Class Members and Settlement Administration Costs, as well as any Service Awards awarded to Class Representatives and attorneys' fees and costs awarded to Class Counsel, shall be paid from the Settlement Fund. *Id.* ¶¶ 21, 93.

7.      Plaintiffs request an award of attorneys' fees and costs in the amount of $1,333,222.00. *See* Doc. 443 at 36. The requested attorneys' fees and costs represent 33% of the

Settlement Fund. The award of this percentage is supported by the outstanding results achieved for the Settlement Class members' benefit and the significant risk incurred in taking on a complex class action like this one, which involves questions of constitutional law and interpretation, on a contingency basis.

8.      Use of the percentage method in this Circuit is well established. *Petrovic v. Amoco Oil Co*., 200 F.3d 1140, 1157 (8th Cir. 1999). Indeed, where fees are distributed from a common fund, it is the preferred method. *See West v. PSS World Med., Inc*., No. 4:13-cv-574-CDP, 2014 WL 1648741, at *1 (E.D. Mo. Apr. 24, 2014) ("[W]here attorney fees and class members' benefits are distributed from one fund, a percentage-of-the-benefit method may be preferable to the lodestar method for determining reasonable fees." (citations omitted)); *accord Barfield v. Sho-Me Power Elec. Co-op*., No. 2:11-cv-04321-NKL, 2015 WL 3460346, at *3 (W.D. Mo. June 1, 2015); *Wiles v. Southwestern Bell Tel. Co*., No. 09-4236-cv-C-NKL, 2011 WL 2416291, at *4 (W.D. Mo. June 9, 2011); *see also In re Chrysler Motors Corp. Overnight Evaluation Program Litig.*, 736 F. Supp. 1007, 1008–09 (E.D. Mo. 1990) (percentage of fund "is a more appropriate and efficient means of calculating an attorneys' fee award" than the lodestar method).

9.      Plaintiffs' request attorneys' fees in the amount of $1,162,229.00, or 29% of the gross settlement amount. The request of 29% is reasonable and well within the range typically approved by courts in this Circuit, especially considering that this case was settled after extensive summary judgment and cass certification briefing. *See e.g., Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017) ("Indeed, courts have frequently awarded attorneys' fees ranging up to 36% in class actions."); *In re U.S. Bancorp Litig*., 291 F.3d 1035, 1038 (8th Cir. 2002) (affirming attorneys' fee award of 36% in class action settlement); *Cromeans v. Morgan, Keegan & Co., Inc*., No. 2:12-cv-04269-NKL, 2015 WL 5785576, at *3 (W.D. Mo. Sept. 16, 2015), report and

3

recommendation adopted, 2015 WL 5785508 (W.D. Mo. Oct. 2, 2015) (33.3% of fund reasonable); *Rawa v. Monsanto Co.*, 934 F.3d 862, 870 (8th Cir. 2019) (affirming an award of 28% of the common fund).

10.     Courts may, but are not required to, use the lodestar method to cross-check the fairness of the percentage award. *Petrovic v. Amoco Oil Co.*, 200 F. 3d 1140, 1157 (8th Cir. 1999) (the lodestar approach is "sometimes warranted to double-check the result of the 'percentage of the fund' method"). Should the Court wish to undertake a full lodestar cross-check, Class Counsel will provide more detail upon request.

11.     Plaintiffs' Counsel expended a total of 11,059 hours of attorney time as of the date of this filing. Ex. 3, Hanlon Declaration, ¶ 38. Based on the hours expended, and reasonable rates "normally charged in the community where the attorney practices," *In re Genetically Modified Rice Litig.*, No. 4:06-MD-1811-CDP, 2012 WL 6085153, at *8 (Nov. 2, 2012 E.D. Mo) (quotation omitted), and even using a below-market-average rate of $250 per hour, Plaintiffs' Counsel's lodestar is at least $2,764,950.00. Ex. 3, Hanlon Declaration, ¶ 41. The resulting cross-check multiplier is a negative lodestar of 0.42, which is well within the rate of those applied in comparable cases. *Id.* ¶ 42; *Rawa v. Monsanto Co.*, 934 F.3d 862, 870 (8th Cir. 2019) ("And while the 5.3 lodestar multiplier is high, it does not exceed the bounds of reasonableness.").

12.     Finally, Plaintiffs also seek Service Awards in the amount of $10,000 for each of the Class Representatives, namely, James Cody, Callion Barnes, Jasmine Borden, Michael Mosley, Eddie Williams, and Diedre Wortham, for their service in representing and zealously advocating on behalf of Class Members. "Courts often grant service awards to named plaintiffs in class action suits to 'promote the public policy of encouraging individuals to undertake the responsibility of

4

representative lawsuits.'" *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867 (8th Cir. 2017). The Service Awards requested here are within the range typically approved by courts in this Circuit. *Id*. ("[C]ourts in this circuit regularly grant service awards of $10,000 or greater."). Such Service Awards are clearly warranted here, where each of the Class Representatives was integral to the investigation and development of the case and complaints, respond to significant written discovery, sat for depositions, and was prepared to testify at trial.

WHEREFORE, for the reasons discussed herein and the accompanying Memorandum in support of this motion, the Court should approve Plaintiffs' request for $1,333,200.00 in attorneys' fees and costs, and Service Awards of $10,000 for each of the Class Representatives.

Date: July 8, 2026

Respectfully submitted,

**ARCHCITY DEFENDERS, INC.**
By: */s/ Maureen Hanlon*
Blake A. Strode, MBE #68422MO
Jacki J. Langum, MBE #58881MO
Maureen G. V. Hanlon, MBE #70990MO
5939 Goodfellow Blvd.
St. Louis, MO 63147
855-724-2489 ext. 1012
314-925-1307 (fax)
bstrode@archcitydefenders.org
jlangum@archcitydefenders.org
mhanlon@archcitydefenders.org

and

**DLA PIPER LLP (US)**

By: */s/ Dennis Kiker*
Dennis Kiker (*Pro hac vice*)
2525 East Camelback Road, Ste 1000
Phoenix, AZ
Phone: 480-606-5100

5

Fax: 480-606-5101
dennis.kiker@dlapiper.com

*Attorneys for Plaintiffs*

By: */s/ Shannon Dudic*
Shannon Dudic (Pro hac vice)
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067
shannon.dudic@us.dlapiper.com

*Attorneys for Plaintiffs*

6