IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

| | | |
|---|---|---|
| Cody et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 17–CV–02707–AGF |
| | ) | |
| vs | ) | |
| | ) | |
| City of St. Louis, | ) | |
| | ) | |
| Defendants. | ) | |

## **OBJECTOR WOODS' NOTICE OF INABILITY TO PARTICIPATE IN FAIRNESS HEARING AND PRESERVATION OF ALL OBJECTIONS**

Objector Woods, proceeding without counsel against stated intent of requiring counsel in this matter, respectfully submits this Emergency Notice concerning the Fairness Hearing scheduled for July 22, 2026 and states as follows:

1. Objector is presently unable to participate meaningfully in today's hearing because her niece is hospitalized in critical condition, on life support, with a prognosis that remains uncertain and may adversely change at any moment.

2.  Objector's niece, who is presently hospitalized in critical condition on life support, is also a witness with information relevant to Objector's underlying claims connected to the subject matter of this litigation.  Her medical crisis therefore bears directly upon Objector's ability to participate and upon the preservation of evidence and testimony relevant to matters affected by the proposed settlement.  It is also evidence of the fact that Objector Woods' credible fear for her own safety in this matter was not unfounded. As such, Objector Woods has every credible reason to believe her future is

little different than that of her own niece - for reasons that should be obvious to anyone reading  Woods' filings at any point in the future.

3. Objector is receiving ongoing updates from the medical team and must be available for all end of life decisions and must remain available as the family confronts a rapidly developing and potentially fatal medical crisis - a crisis caused by an entirely preventable tragedy if only the system had ears to hear and eyes to see;

4. Under this unfortunate and adverse circumstances, Objector cannot meaningfully prepare for, monitor, or participate in a lengthy fairness hearing today.

5. Objector previously requested a continuance so that she could obtain assistance of counsel and participate adequately in these proceedings.

6. The Court denied that request despite being advised that Objector lacked counsel, faced substantial medical and disability-related limitations and could not reasonably prepare for or participate in the fairness process without additional time and assistance of counsel.

7. The present inability to participate therefore does not arise in isolation. It compounds the same access and representation concerns previously placed before the Court, to no avail.

8. Objector does not withdraw, abandon, waive, narrow, or consent to the denial of any objection, claim, request for relief, appellate issue or challenge previously submitted in writing.

9. Objector specifically preserves all objections concerning notice, opt-out rights, the scope of the release, adequacy of representation, excessive attorneys' fees, conflicts of interest, medical monitoring, legal monitoring, due process, disability access, and the overall fairness, reasonableness, and adequacy of the proposed settlement.

10. Objector further preserves her objection to the Court proceeding with final approval - in the absence of meaningful participation by an unrepresented objector whose continuance request was denied.

11.  Objector Woods was advised late last night of the outcome of today's Fairness Hearing which documents Objector Woods' attendance is ultimately unnecessary - especially in light of the family crisis currently unfolding in Objector Woods' family.

12. WHEREFORE, Objector respectfully requests that this Court:

a. accept this Notice as good-cause notification of her inability to participate today;

b. refrain from treating her absence as waiver, abandonment, consent, or failure to prosecute her objections;

c. consider all of her previously submitted written objections and supporting materials in full and have them added to the formal record;

d. ensure that the record reflects that her nonparticipation resulted from an immediate family medical crisis layered upon the previously documented denial of additional time and assistance of counsel; and

e. preserve all rights to seek reconsideration, higher legal review and/or appeal from any order entered in connection with final approval.

Objector submits this Notice solely to preserve the accuracy and completeness of the record. She is not requesting that the Court interpret her absence as agreement with any position advanced by class counsel, defendants, or any other party.

Respectfully submitted,

Deborah Woods
Objector Pro Se

## **CERTIFICATE OF SERVICE**

The undersigned certifies that she has sent a copy of the foregoing electronically this 22nd day of July 2026 to the Court and counsel of record.

SSchmidt