UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES CODY, et al., individually and on behalf of other similarly situated individuals, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:17-CV-2707 AGF |
| CITY OF ST. LOUIS, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Deborah Woods' filing (ECF No. 466), which the Court construes as a motion to reconsider. In her filing, Ms. Woods requests that the Court amend its prior Memorandum and Order (ECF No. 464) in order to address in more detail Ms. Woods' prior objections to the proposed class action settlement in this case.  As the Court noted in its Memorandum and Order (ECF No. 464), the Court already addressed in detail on the open record its findings with respect to all objections to the proposed class settlement.  A written Order summarizing those findings is anticipated but has not yet issued.  As an Order finally approving the class action settlement has not yet been entered, Ms. Woods' motion to reconsider is premature.

More importantly, however, the Court in its prior Memorandum and Order (ECF No. 464) considered Ms. Woods' statements in her objections that she had her "own relevant case" that she expected to file in the future and that she was "not willing to waive in order to be part of this Class"; as well as Ms. Woods' express request that "[i]f the Court declines to reopen opt-out rights or narrow the release, permit Ms. Woods to opt out individually because she did not receive meaningful notice before the deadline . . . ."  ECF No. 451at 3-4; ECF No. 459 at 6.  After considering these statements, and with the parties' consent, the Court granted Ms. Woods'

alternative request to opt out of the class action settlement and excluded Ms. Woods from the settlement class.  ECF No. 464.

In her current motion to reconsider, Ms. Woods does not ask that the Court reconsider its holding excluding Ms. Woods from the settlement class, and that holding remains in effect.  Ms. Woods is therefore no longer bound by the settlement and, as such, lacks standing to object to its terms.  *See, e.g.*, *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 28–29 (D.C. Cir. 2000) ("[C]lass members who have opted out of a 23(b)(3) class action have no standing to object to a subsequent class settlement; by opting out they escape the binding effect of the class settlement.").

Therefore, the Court will deny Ms. Woods' motion to reconsider to the extent it requests that the Court amend its Memorandum and Order (ECF No. 464) to address more fully each of Ms. Woods' prior objections to the settlement.  However, the Court will grant Ms. Woods' request for a copy of the transcript of the July 22, 2026 fairness hearing, in which the Court more fully addressed all objections filed by class members.

Accordingly,

**IT IS HEREBY ORDERED** that Deborah Woods' motion to reconsider is **DENIED** except to the extent it requests a copy of the transcript of the July 22, 2026 fairness hearing.  ECF No. 466.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send Deborah Woods a copy of this Memorandum and Order, and when available, the transcript of the fairness hearing held on July 22, 2026.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of August, 2026.

-2-