**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES CODY, *et al.*, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ST. LOUIS,<br><br>Defendant. | ) | Case No. 4- 17-cv-2707-AGF |

**ORDER AND FINAL JUDGMENT GRANTING**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

The Court has considered the Settlement Agreement and its Exhibits (the "Settlement Agreement"), the Parties' Joint Motion for Final Approval of the Class Action Settlement, the Parties' Memorandum in Support of the Joint Motion for Final Approval of the Class Action Settlement, and all other papers filed in this Action. On February 13, 2026, this Court preliminarily approved this Settlement. At that time, this Court certified for purposes of settlement only the Settlement Class, and appointed Blake Strode and Maureen Hanlon of ArchCity Defenders, Inc., and Shannon Dudic and Dennis Kirker of DLA Piper LLP as Class Counsel for the Settlement Class. On July 22, 2026, counsel for the Parties appeared before the Court for final approval of the Settlement.

The matter having been submitted and good cause appearing therefore, the Court finds as follows:

1. The Class Representatives and the Defendant, through their counsel of record in the litigation, have reached an agreement to settle all claims in the litigation. The Court recognizes that by entering into the Settlement Agreement, Defendant City of St. Louis has not admitted any

wrongdoing or liability on its part and denies the same. The Court recognizes that the Settlement Agreement between the Parties is a compromise of disputed claims.

2. All defined terms contained herein have the same meaning as set forth in the final Settlement Agreement executed by the Parties and filed with this Court (Doc. 443-1).

3. Notice was provided to all persons identified in the Settlement Class member list in accordance with the Court's Preliminary Approval Order by individual mailings to all persons in the Settlement Class who could be reasonably identified. Notice was completed by the administrator, Atticus Administration LLC ("Atticus"), a nationally known class-administration firm with significant experience. The Court recognizes and approves the content of the Affidavit provided by Atticus regarding the notice, attached as Exhibit 1 to the Memorandum in Support of the Motion for Final Approval of Class Action Settlement.

4. The Court finds that there were two objections timely filed to this Settlement. The first objector, Mr. Charles Lewis, also filed a notice of intent to appear at the Fairness Hearing and did so appear. ECF Nos. 449, 452. The Court considered argument from Mr. Lewis that the settlement amount was inadequate in light of the mental and physical injuries he suffered while he was incarcerated at MSI, especially because he alleged his incarceration was unlawfully extended.

5. The second objector, Ms. Deborah Woods, filed a notice of intent to appear, along with several additional notices and filings. ECF Nos. 450, 451, 459, 460, 461, 462. Although Ms. Woods did not appear at the hearing despite being granted accommodation to appear remotely (ECF Nos. 457 & 462), the Court considered her arguments alleging, among other things, inadequate notice, inadequate recovery, inadequate representation by class counsel, and that the scope of releases were too broad and would unfairly preclude her from bringing an individual lawsuit which she

alleged to be preparing with counsel and which she did not wish to waive.[1] ECF Nos. 450, 451, 459, 460, 461, 462. As the Court noted on the record, in one filing, Ms. Woods requested that this Court permit her to exclude herself from the Class outside of the deadline set forth in the Settlement Agreement. ECF No. 459 at 6. At the Fairness Hearing, neither Party objected to this request.

6. At the Fairness Hearing, an additional class member, Ed Burgess, asked to speak. Although he had not timely filed any objection or notice of intent to appear, the Court allowed him to be heard. Mr. Burgess challenged the grounds for his prior detention at MSI for five months, after which he alleged charges against him were dropped. Mr. Burgess noted that he was charged a $10,000 bond and suffered a staph infection while detained. Mr. Burgess indicated that although he was grateful for the litigation, he wanted to make a record of his suffering.

7. The Court heard responses from the Parties regarding the above-noted objections. With respect to Mr. Lewis's objections and Mr. Burgess's statements, the Court noted that some of their allegations, such as allegations regarding wrongful detention or unlawful bond, were outside the scope of this litigation and settlement and, indeed, if added to the proposed settlement class might jeopardize the ability for a class to be certified under the Federal Rules of Civil Procedure. Further, Mr. Lewis advised that he had previously filed a lawsuit for his wrongfully extended detention and had settled that lawsuit.

8. With respect to objections regarding the adequacy of the individual recoveries, the Court noted the very difficult legal issues raised in this litigation and potential defenses, particularly

---

[1] The Court notes that Ms. Woods previously filed a separate lawsuit asserting these claims, which was dismissed without prejudice. *See Woods v. City of St. Louis*, No. 4:24-cv-00868-MTS (E.D. Mo.). In her objections, Ms. Woods has repeatedly asserted her intent to proceed with that litigation.

with regard to municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and the very real risk that Class Members could receive zero recovery if either a class claim or individual claims proceeded on the merits. *See, e.g.*, *Keil v. Lopez*, 862 F.3d 685, 696 (8th Cir. 2017) ("As courts routinely recognize, a settlement is a product of compromise and the fact that a settlement provides only a portion of the potential recovery does not make such settlement unfair, unreasonable or inadequate."); *In re Cap. One Consumer Data Sec. Breach Litig.*, No. 119MD2915AJTJFA, 2022 WL 18107626, at *8 (E.D. Va. Sept. 13, 2022) (In determining whether to approve a class action settlement, the issue is not whether everyone affected by the settlement is completely satisfied. Instead, the test is whether the settlement, as a whole, is a fair, adequate, and reasonable resolution of the class claims asserted."). Further, the Court noted that individuals with claims that they believe are worth significantly more could have opted out of the settlement and proceeded on individual lawsuits. *See, e.g.*, *Marshall v. Nat'l Football League*, 787 F.3d 502, 513 (8th Cir. 2015) (holding in support of approval of a class action settlement that class members were "not required to forgo what they believed to be meritorious claims—they could have opted out of the settlement to pursue their own claims, as some class members did"). The low opt-out rate "suggests that [the settlement] was favorable to what most members believed their claims were worth." *Id.*

9. With respect to Ms. Woods's allegations of inadequate notice and her expressed desires to change her objection to an opt-out and to be permitted to proceed with her anticipated individual lawsuit, the Court granted Ms. Woods's request and excluded Ms. Woods from the Settlement Class. ECF Nos. 464 & 467.

10. Although Ms. Woods is excluded from the Settlement Class and therefore lacks standing to object to it, *e.g., In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 28–29 (D.C. Cir. 2000), the Court considered and rejected her arguments with respect to the adequacy of recovery and

the Settlement's alleged failure to address the most severe injuries suffered by some individuals, as stated above.

11. Ms. Woods's remaining allegations regarding inadequate notice, inadequate representation by Class Counsel, and the scope of the releases, are also rendered moot by her exclusion from the Settlement Class. Nevertheless the Court notes that the notice program here was "the best notice that [was] practical under the circumstances, including individual notice to all members who [could] be identified through reasonable effort." *Pollard v. Remington Arms Co., LLC*, 896 F.3d 900, 906 (8th Cir. 2018). Indeed, in light of the nature of the claims, number of class members, and time that has transpired, the Court finds that Class Counsel made exceptional efforts to provide notice. That Ms. Woods was able to timely object to the settlement and the high claims rate further demonstrate that the notice program was reasonable, fair, and most practical under the circumstances.

12. Ms. Woods's allegations that Class Counsel was somehow inadequate or operating under a conflict of interest because they did not represent Ms. Woods's individual interests are likewise without merit. Class Counsel's obligations are to "represent the interests of the class, as opposed to the potentially conflicting interests of the individual class members." Fed. R. Civ. P. 23(g)(1)(B) (Advisory Committee Notes for the 2003 Amendments). "This obligation may be different from the customary obligations of counsel to individual clients because class representatives cannot command class counsel to accept or reject a settlement proposal. To the contrary, class counsel must determine whether seeking the court's approval of a settlement would be in the best interests of the class as a whole." *Koehler v. Green*, No. CV 4:05-367 JFN, 2006 WL 5605002, at *9 (E.D. Mo. Apr. 20, 2006). The Court is very familiar with Class Counsel's work in this case, which has been thorough, diligent, and certainly in the best interests of the class as a whole.

13. Finally, while the Court appreciates Ms. Woods's concern regarding the scope of the releases, the Eighth Circuit has approved similarly broad releases in class action settlements, noting that "[t]here is no impropriety in including in a settlement a description of claims that is somewhat broader than those that have been specifically pleaded. In fact, most settling defendants insist on this." *In re Gen. Am. Life Ins. Co. Sales Pracs. Litig*., 357 F.3d 800, 805 (8th Cir. 2004);*see also Gibson v. Nat'l Ass'n of Realtors*, No. 4:23-CV-00788-SRB, 2026 WL 640989, at *9 (W.D. Mo. Feb. 5, 2026) ("Several of these objections make arguments of various kinds challenging the scope of the Settlements and their releases. In the settlement context, however, courts regularly certify classes that are broader in some respect than the classes that were originally litigated.") (collecting cases). Further, as this Court noted in preliminarily approving the Settlement (ECF No. 444), it is significant that although this litigation has been pending for nearly a decade, the Parties are not aware of any other individual or class action lawsuits against Defendant asserting the claims in dispute.

14. For all of these reasons, the objections to the Settlement are overruled.

15. The Court also finds there are two Eligible Persons to be excluded from this Settlement and final judgment: Robert Page and Deborah Woods (the "Excluded Eligible Persons"). *See* Ex. 1 to the Memorandum in Support of the Motion for Final Approval, Bridley Affidavit, ¶ 17; ECF No, 464.

16. The Court finds that all aspects of Class Notice were accomplished in accordance with this Court's preliminary approval of the Settlement.

17. Further, this Court hereby finds that all matters ordered by this Court in its Order Granting Preliminary Approval of Class Action Settlement have been accomplished. *See* ECF No. 444.

18. All requirements of statutes, rules, and the United States Constitution necessary to effectuate this Agreement have been met and satisfied.

19. Defendants met the requirement of notice to appropriate state and federal officials under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711–15, and further finds that more than 90 days have elapsed since that notice.

20. Class Counsel have fairly and adequately protected the interests of the Settlement Class. This case is complex and involves questions of constitutional law and interpretation as well as issues of municipal liability. Class Counsel worked diligently on the case and moved it towards settlement as quickly as practicable. This was a result of aggressive, persistent litigation over a period of approximately nine years. Further, the benefits to the Settlement Class are significant. Attorneys' fees were negotiated at arms-length and approved by both Parties, including the Class Representatives. There have been two objections by Class Members, and such objections have been overruled. The fees requested are less than one third of the settlement amount (29%) and far less than a reasonable lodestar amount. Based on the above, the requested attorneys' fees and costs are fair and reasonable and should be paid from the Settlement Fund. The Court finds Class Counsel should be awarded $1,333,222.00 to satisfy all attorneys' fees and costs incurred in bringing this case, as set forth in Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards. Ex. 3 to the Memorandum in Support of the Motion for Final Approval, Hanlon Declaration. This amount is reasonable given the nature of this case and the work of Class Counsel.

21. The Class Representatives have represented the Class fairly and adequately through, for instance, case investigation, responding to written discovery, having their depositions taken, and communicating with Class Counsel, to secure relief that will benefit thousands of Class Members. They have also suffered reputational risk given the nature of the case and its publicity. Thus, Class

Representative Service Awards in the amount of $10,000.00 per Class Representative pursuant to the Settlement Agreement, to be awarded to Plaintiffs James Cody, Callion Barnes, Jasmine Borden, Michael Mosley, Eddie Wiliams, and Diedre Wortham, are fair and reasonable.

22. The Court finds that the settlement of this Action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, when considering the merits of Plaintiffs' case, weighed against the terms of the Settlement, Defendant's financial condition, and the complexity and expense of further litigation. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005) (citing *Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir. 1988)).

23. The Court has also considered the following factors in finding the settlement of this Action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members:

a) the Class Representatives and experienced Class Counsel have adequately represented the class;

b) the proposal was negotiated at arm's length;

c) the relief provided for the class is adequate, taking into account:

    i. the costs, risks, and delay of trial and appeal;

    ii. the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    iii. the terms of any proposed award of attorney's fees, including timing of payment; and

    iv. any agreement required to be identified under Rule 23(e)(3); and

d) the proposal treats class members equitably relative to each other.

Fed R. Civ. P. 23(e)(2).

Good cause appearing therefore**,**

**IT IS HEREBY ORDERED that:**

1. The parties' Joint Motion for Final Approval of Class Action Settlement and Consent Motion for an Award of Attorneys' Fees, Costs, and Service Awards are both **GRANTED**. ECF Nos. 453 & 455.

2. The Settlement Agreement is given final approval as fair, reasonable, and adequate for the settlement of the claims of the Class Members.

3. The Parties will comply with the terms of the Settlement Agreement and the terms of the Settlement are incorporated in this Order and Judgment.

4. All Class Members, their heirs, executors, administrators, successors, and assigns are bound by this Final Approval Order and Judgment. The Settlement Class is defined as:

> All persons detained in MSI for three or more consecutive days between November 13, 2012 and June 30, 2022 who allegedly experienced inhumane treatment including exposure to one or more of the following conditions: extreme temperatures, poor ventilation, overflowing sewage, insect and rodent infestations, mold, or overcrowding.

5. Two Eligible Persons are excluded from this Settlement and final judgment: Robert Page and Deborah Woods (the "Excluded Eligible Persons"). *See* Ex. 1 to the Memorandum in Support of the Motion for Final Approval, Bridley Affidavit, ¶ 17; ECF No, 464.

6. In the event that the Effective Date occurs, the Releasing Parties shall automatically be deemed to have fully and irrevocably released and forever discharged the Released Parties of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that result from, arise out of, are based upon the conduct, omissions, duties or matters

during the Class Period that were or could have been alleged in the Action (the "Released Claims").

7. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

8. Each and every Class Member is and shall be conclusively and forever bound by the Settlement Agreement. The Settlement Agreement shall be preclusive in all pending and future lawsuits or other proceedings. It shall be binding as to all the Released Claims.

9. Class Counsel and the Class Representatives adequately represented the best interests of the Class for purposes of negotiating, entering into, and implementing the Settlement.

10. Attorney fees and costs of $1,333,222.00 and Class Representative Service Award payments of $10,000.00 per Class Representative are fair and reasonable and should be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement.

11. The Court directs the Parties and their counsel to further implement and consummate this Settlement Agreement, the terms and provisions of which are incorporated by reference into this Order and Judgment. No later than 45 days after the Effective Date, Class Member Payments shall be made from the Net Settlement Fund. The Settlement Administrator shall issue the Service Awards to the Class Representatives and the award of attorneys' fees and costs to Class Counsel pursuant to the terms of the Settlement Agreement. Settlement Administration Costs shall also be paid to the Settlement Administrator pursuant to the terms of the Settlement Agreement.

12. The Court further requests that within **14 days** of this Memorandum and Order, Class Counsel file an updated status report regarding any claims that the Settlement Administrator classified as "under review" at the time of the hearing.

13. Any residual amounts shall be disposed of through a secondary distribution and/or a proposed *cy pres* recipient to be approved by the Court, as set forth in the Settlement Agreement.

14. The Releases in the Settlement Agreement are incorporated into this Order and Judgment shall become effective on the Effective Date of Settlement. Accordingly, each and every Class Member hereby compromises, settles, and releases each and every one of the Released Claims against the Released Parties.

15. In the event that the Effective Date occurs, this Action will be deemed resolved and shall be dismissed on the merits with prejudice and (except as provided in this Order or in the Settlement Agreement) without any additional costs and attorneys' fees to any party as against any other.

16. Without affecting the finality of this Order and Judgment for purposes of appeal, the Court retains jurisdiction as to all matters relating to the administration, implementation, consummation, enforcement, and interpretation of this Settlement Agreement and this Order, and for any other necessary purpose.

17. This Order and Judgment adjudicates all of the claims, rights, and liabilities of the Parties to the Settlement, and is intended to be final and immediately appealable. There being no just cause for delay, the Clerk of the Court is hereby directed to enter final judgment pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

DATED: August 18, 2026.

Audrey G. Fleissig

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE