**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES CODY, *et al.*, individually and on behalf of other similarly situated individuals, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:17-cv-2707-AGF |
| CITY OF ST. LOUIS, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' FIRST SUPPLEMENTAL NOTICE FOLLOWING FINAL FAIRNESS HEARING**

Pursuant to this Court's Order Granting Final Approval, Plaintiffs submit the following supplemental status report regarding claims marked "under review" by the Settlement Administrator at the time of the Final Fairness Hearing. *See* ECF No. 470 at 10. In the Notice Following the Final Fairness Hearing, Plaintiffs detailed efforts undertaken by Class Counsel and the Settlement Administrator to cure "under review" claims. *See* ECF No. 468. This Supplemental Notice briefly recounts those efforts and summarizes updates made to "under review" claims between August 5 and the date of this filing.

--

The Settlement Administrator flagged claims submissions as "under review" for two primary reasons: (1) the claimant was not identified as a Class Member or (2) the claimant's form omitted required information (collectively, "deficient claims"). Ex. 1, Second Supplemental Declaration of Bryn Bridley, ¶ 12 ("Bridley Decl."); *see also* ECF No. 468 at 2. When the Parties submitted their Joint Motion for Final Approval of the Class Action Settlement, approximately 130 claims were marked as "under review." *See* ECF No. 454 at 17. Because the Settlement

Agreement permitted late submissions (ECF. No 443-1, Settlement Agreement, ¶ 75), the number of deficient claims continued to fluctuate, increasing as additional late and deficient claims were received and decreasing as the claims were "cured" and marked valid.

As further described in Plaintiffs' Notice Following the Final Approval Hearing, shortly before and immediately after the Final Fairness Hearing, Class Counsel and the Settlement Administrator engaged in numerous and multi-channel efforts to notify deficient claimants about the deficiency and inform them of required curing process. *See* ECF No. 486 at 2–4. Deficient claimants who had provided a home address were mailed letters describing the cure process. *Id.* at 2. Where a phone number and/or email address was available, the Administrator sent text and/or email reminders. *Id.* at 3–4. Class Counsel conducted individualized phone outreach to 128 deficient claimants, following up by email where possible. *Id.* These outreach efforts informed deficient claimants of the August 12, 2026, cure deadline. *See id.* at 4; *see also* Ex. 1, Bridley Decl., ¶ 4.

By August 5, 2026, over 100 deficient claims had been cured and marked as valid. *See* ECF No. 468, at 2–4. Between August 5 and August 12, 2026, Class Counsel and the Administrator continued to support deficient claimants with the curing process over phone and email, curing an additional 12 claims. *See* Ex. 1, Bridley Decl., ¶¶ 4–5, 10–11.

As of September 1, 2026, only 19 claims (or, approximately 0.28% of all claims received) remain under review. *Id.* ¶¶ 7–8, 12. An additional 280 deficient claims were marked invalid because the claimant (i) was not a class member, (ii) was unable to provide required information on the claims form, or (iii) did not respond to the cure process reminders. *Id.* ¶ 12.

Setting aside the nineteen claims still under review, 4,223 valid claims have been received in this matter, bringing the final claims response rate to 26.43%. *Id.* ¶ 13.

Dated: August 31, 2026

Respectfully Submitted,

/s/ Brianna Coppersmith
Brianna Coppersmith, #75515MO
ArchCity Defenders
5939 Goodfellow Blvd.
Saint Louis, MO 63147
Phone: 314-891-5663
Email: bcoppersmith@archcitydefenders.org